No. 23-5085

[ORAL ARGUMENT NOT YET SCHEDULED]

**UNITED STATES COURT OF APPEALS
DISTRICT OF COLUMBIA CIRCUIT**

_____

MARK MOYAR,

*Plaintiff-Appellant*,

v.

DEPARTMENT OF DEFENSE, *et al.*,

*Defendant-Appellees.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
No. 1:22-cv-00478 (Timothy J. Kelly, J.)

_____

**JOINT APPENDIX**

_____

Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff-Appellant*

## NOTE ON APPENDIX ORGANIZATION

The Table of Contents includes references to briefs and similar arguments, but these references are solely to provide organizational context for the exhibits and related documents which are included in this Appendix.

## <u>TABLE OF CONTENTS</u>

**<u>Document</u>**                                                           **<u>Page</u>**

Civil Docket..............................................................................1

Complaint (Dkt. #1, filed Feb. 23, 2022) ........................................7

Defendants' Motion to Dismiss and Motion for Relief from Local Civil Rule
    7(n) (Dkt. #7, filed June 23, 2022)

    Ex. 1: 5/21/19 SOCOM-USAID Memorandum ....................................19

    Ex. 2: 6/13/19 Debnam-Moyar Letter ...................................24

    Ex. 3: 7/27/19 Moyar-Leo Letter ..........................................26

    Ex. 4: 1/19/22 Ohlweiler-McClanahan Letter .......................................28

    Ex. 5: 12/17/20 Statement of Reasons...................................30

    Ex. 6: 1/8/21 Statement of Reasons..........................................52

    Ex. 7: 12/20/21 Statement of Reasons.........................................77

    Ex. 8: Declaration of Torrance Jones ....................................83

    Ex. 9: 1/14/21 USAID FOIA Response.................................87

    Ex. 10: 5/20/22 USAID FOIA Response................................91

    Ex. 11: 5/18/22 USAID FOIA Response...............................95

    Ex. 12: 5/18/22 USAID FOIA Response...............................99

    Ex. 13: 11/18/19 DCSA Records Response.........................103

    Ex. 14: 7/14/20 DCSA Records Response...........................108

    Ex. 15: 3/31/21 DCSA FOIA Response ...............................113

Plaintiff's Opposition to Defendants' Motion to Dismiss and Motion for
  Relief from Local Civil Rule 7(n) (Dkt. #19, filed Nov. 24, 2022)

    Ex. A: 5/21/19 SOCOM-USAID Memorandum (redacted)..................120

    Ex. B: 6/23/22 Aceituno-McClanahan Email .......................121

    Ex. C: 7/13/20 DOD FOIA Response ....................................122

    Ex. D: 6/2/22 Sturgis-McClanahan Letter ............................124

    Ex. E: 7/31/20 DCSA FOIA Response...................................125

    Ex. F: 1/26/22 Clark-McClanahan Email ..............................128

Order (Dkt. #23, filed Mar. 28, 2023) ...........................................129

Memorandum Opinion (Dkt. #24, filed Mar. 28, 2023)...................130

Civil Notice of Appeal (Dkt. #25, filed Apr. 21, 2023) ...................141

APPEAL,CLOSED,TYPE-C

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:22-cv-00478-TJK

MOYAR v. DEPARTMENT OF DEFENSE et al                    Date Filed: 02/23/2022
Assigned to: Judge Timothy J. Kelly                     Date Terminated: 03/28/2023
Case in other court:  USCA, 23-05085                    Jury Demand: None
Cause: 05:702 Administrative Procedure Act              Nature of Suit: 890 Other Statutory
                                                        Actions
                                                        Jurisdiction: U.S. Government Defendant

**Plaintiff**

**MARK MOYAR**                          represented by   **Kelly Brian McClanahan**
                                                         NATIONAL SECURITY COUNSELORS
                                                         4702 Levada Terrace
                                                         Rockville, MD 20853
                                                         (301) 728-5908
                                                         Fax: (240) 681-2189
                                                         Email: kel@nationalsecuritylaw.org
                                                         *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**DEPARTMENT OF DEFENSE**                represented by   **Sian Jones**
                                                         DOJ-USAO
                                                         601 D Street, NW
                                                         Washington, DC 20530
                                                         (202) 252-2578
                                                         Email: sian.jones@usdoj.gov
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**UNITED STATES AGENCY FOR**             represented by   **Sian Jones**
**INTERNATIONAL DEVELOPMENT**                            (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/23/2022 | 1 R | COMPLAINT against DEPARTMENT OF DEFENSE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT ( Filing fee $ 402 receipt number ADCDC-9062135) filed by MARK MOYAR. (Attachments: # 1 Civil Cover |

| | | |
|---|---|---|
| | | Sheet, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons)(McClanahan, Kelly) (Entered: 02/23/2022) |
| 02/25/2022 | | Case Assigned to Judge Timothy J. Kelly. (zsb) (Entered: 02/25/2022) |
| 02/28/2022 | 2 | SUMMONS (4) Issued Electronically as to DEPARTMENT OF DEFENSE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT., SUMMONS Issued Electronically as to DEPARTMENT OF DEFENSE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, U.S. Attorney and U.S. Attorney General (Attachment: # 1 Notice and Consent)(ztth) (Entered: 02/28/2022) |
| 03/02/2022 | 3 | STANDING ORDER. See Order for details. Signed by Judge Timothy J. Kelly on 03/02/2022. (lctjk2) (Entered: 03/02/2022) |
| 03/16/2022 | 4 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. DEPARTMENT OF DEFENSE served on 3/14/2022; UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT served on 3/14/2022, RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 03/10/2022., RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 3/10/2022. ( Answer due for ALL FEDERAL DEFENDANTS by 5/9/2022.) (McClanahan, Kelly) (Entered: 03/16/2022) |
| 04/27/2022 | 5 | NOTICE of Appearance by Sian Jones on behalf of All Defendants (Jones, Sian) (Entered: 04/27/2022) |
| 05/02/2022 | 6 | MOTION for Extension of Time to *Respond to Complaint* by DEPARTMENT OF DEFENSE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT. (Attachments: # 1 Text of Proposed Order)(Jones, Sian) (Entered: 05/02/2022) |
| 05/03/2022 | | MINUTE ORDER treating as opposed and granting Defendants' 6 Motion for an Extension of Time to Respond to Complaint. It is hereby ORDERED, for good cause shown, that Defendants' 6 Motion is GRANTED. It is further ORDERED that Defendants shall answer or otherwise respond to Plaintiff's complaint by June 23, 2022. Signed by Judge Timothy J. Kelly on 05/03/2022. (lctjk2) (Entered: 05/03/2022) |
| 06/23/2022 | 7 | MOTION to Dismiss , MOTION for Order *Relief From LcvR 7(n)* by DEPARTMENT OF DEFENSE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT. (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Text of Proposed Order)(Jones, Sian) (Entered: 06/23/2022) |
| 07/15/2022 | 8 | Unopposed MOTION for Extension of Time to File Response/Reply as to 7 MOTION to Dismiss MOTION for Order *Relief From LcvR 7(n) (Nunc Pro Tunc)* by MARK MOYAR. (Attachments: # 1 Text of Proposed Order)(McClanahan, Kelly) (Entered: 07/15/2022) |
| 07/18/2022 | | MINUTE ORDER granting Plaintiff's 8 Unopposed *Nunc Pro Tunc* Motion for Enlargement of Time Within Which to File His Opposition to Defendants' Motion. It |

| | | |
|---|---|---|
| | | is hereby ORDERED, *nunc pro tunc* and for good cause shown, that Plaintiff's 8 Unopposed *Nunc Pro Tunc* Motion is GRANTED. It is further ORDERED that Plaintiff shall file a response to Defendants' 7 Motion by August 12, 2022, and Defendants shall file a reply, if any, by September 12, 2022. Signed by Judge Timothy J. Kelly on 07/18/2022. (lctjk2) (Entered: 07/18/2022) |
| 08/12/2022 | 9 | Consent MOTION for Extension of Time to File Response/Reply as to 7 MOTION to Dismiss MOTION for Order *Relief From LcvR 7(n)* by MARK MOYAR. (Attachments: # 1 Text of Proposed Order)(McClanahan, Kelly) (Entered: 08/13/2022) |
| 08/14/2022 | | MINUTE ORDER granting Plaintiff's 9 Consent Motion for Enlargement of Time Within Which to File His Opposition to Defendants' Motion. It is hereby ORDERED, *nunc pro tunc* and for good cause shown, that Plaintiff's 9 Consent Motion is GRANTED. **VACATED PURSUANT TO MINUTE ORDER FILED 8/25/2022.....** ~~It is further ORDERED that Plaintiff shall file a response to Defendants' 7 Motion by August 26, 2022, and Defendants shall file a reply, if any, by September 28, 2022.~~ The parties are reminded that motions for extensions of time must "be filed at least **four days prior to the deadline** at issue." ECF No. 3 10. Signed by Judge Timothy J. Kelly on 08/14/2022. (lctjk2) Modified to vacate deadlines on 8/25/2022 (zkh). (Entered: 08/14/2022) |
| 08/23/2022 | 10 | MOTION to Stay re 7 MOTION to Dismiss MOTION for Order *Relief From LcvR 7(n)* by MARK MOYAR. (Attachments: # 1 Text of Proposed Order)(McClanahan, Kelly) (Entered: 08/23/2022) |
| 08/24/2022 | 11 R | MOTION to Strike 7 MOTION to Dismiss MOTION for Order *Relief From LcvR 7(n) Exhibit 8* by MARK MOYAR. (Attachments: # 1 Text of Proposed Order) (McClanahan, Kelly) (Entered: 08/24/2022) |
| 08/25/2022 | 12 | Consent MOTION for Extension of Time to File *File* by DEPARTMENT OF DEFENSE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT. (Attachments: # 1 Text of Proposed Order)(Jones, Sian) (Entered: 08/25/2022) |
| 08/25/2022 | 13 | NOTICE *of No Position* by DEPARTMENT OF DEFENSE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT re 10 Motion to Stay (Attachments: # 1 Text of Proposed Order)(Jones, Sian) (Entered: 08/25/2022) |
| 08/25/2022 | | MINUTE ORDER granting Plaintiff's 10 Motion to Stay Briefing of Defendants' Motion to Dismiss and granting Defendants' 12 Motion for an Extension of Time to Respond to Plaintiff's Motion to Strike. It is hereby ORDERED, for good cause shown, that Plaintiff's 10 Motion is GRANTED. It is further ORDERED that the deadlines for Plaintiff's response and Defendants' reply to Defendants' 7 Motion to Dismiss and Motion for Relief from Local Civil Rule 7(n) are VACATED. *See* Minute Order of August 14, 2022. It is also hereby ORDERED, for good cause shown, that Defendants' 12 Motion is GRANTED. It is further ORDERED that Defendants shall file their response to Plaintiff's 11 R Motion to Strike by September 15, 2022; and Plaintiff shall file his reply, if any, by September 28, 2022. Signed by Judge Timothy J. Kelly on 08/25/2022. (lctjk2) (Entered: 08/25/2022) |
| 09/15/2022 | 14 | Memorandum in opposition to re 11 R Motion to Strike filed by DEPARTMENT OF DEFENSE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT. (Jones, Sian) (Entered: 09/15/2022) |

| | | |
|---|---|---|
| 09/29/2022 | 15 | Unopposed MOTION for Extension of Time to File Response/Reply as to 11 R MOTION to Strike 7 MOTION to Dismiss MOTION for Order *Relief From LcvR 7(n) Exhibit 8* by MARK MOYAR. (Attachments: # 1 Text of Proposed Order) (McClanahan, Kelly) (Entered: 09/29/2022) |
| 09/30/2022 | | MINUTE ORDER granting Plaintiff's 15 Unopposed *Nunc Pro Tunc* Motion for Enlargement of Time Within Which to File His Reply in Support of His Motion to Strike. It is hereby ORDERED, *nunc pro tunc* and for excusable neglect shown, that Plaintiff's 15 Unopposed *Nunc Pro Tunc* Motion is GRANTED. It is further ORDERED that Plaintiff shall file his reply in support of his motion to strike by October 6, 2022. Signed by Judge Timothy J. Kelly on 09/30/2022. (lctjk2) (Entered: 09/30/2022) |
| 10/14/2022 | 16 | REPLY to opposition to motion re 11 R MOTION to Strike 7 MOTION to Dismiss MOTION for Order *Relief From LcvR 7(n) Exhibit 8* filed by MARK MOYAR. (McClanahan, Kelly) (Entered: 10/14/2022) |
| 10/17/2022 | 17 | Unopposed MOTION for Extension of Time to File Response/Reply as to 11 R MOTION to Strike 7 MOTION to Dismiss MOTION for Order *Relief From LcvR 7(n) Exhibit 8 (Nunc Pro Tunc)* by MARK MOYAR. (Attachments: # 1 Text of Proposed Order)(McClanahan, Kelly) (Entered: 10/17/2022) |
| 10/19/2022 | | MINUTE ORDER granting Plaintiff's 17 Unopposed *Nunc Pro Tunc* Motion For Enlargement Of Time Within Which To File His Reply In Support Of His 11 R Motion To Strike. It is hereby ORDERED, *nunc pro tunc* and for good cause shown, that Plaintiff's 17 Unopposed Motion For Enlargement Of Time is GRANTED. It is further ORDERED that Plaintiff's 16 Reply In Support Of His Motion to Strike filed on October 14, 2022, is deemed timely filed. The parties are *again* reminded that motions for extensions of time must "be filed at least **four days prior to the deadline** at issue." ECF No. 3 ¶ 10; *see also* Minute Order of Aug. 14, 2022. Signed by Judge Timothy J. Kelly on 10/19/2022. (lctjk2) (Entered: 10/19/2022) |
| 10/24/2022 | | MINUTE ORDER denying Plaintiff's 11 R Motion to Strike Jones Declaration. Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are drastic remedies that courts disfavor, and courts enjoy discretion to grant or deny them. *Riddick v. Holland*, 134 F. Supp. 3d 281, 285 (D.D.C. 2015). Pleadings that can be stricken under Rule 12(f) include those outlined in Rule 7(a), like complaints and answers, *see Henok v. Chase Home Fin., LLC*, 925 F. Supp. 2d 46, 52 (D.D.C. 2013), or documents filed in those pleadings' support, *see Jud. Watch, Inc. v. U.S. Dep't of Com.*, 224 F.R.D. 261, 263 (D.D.C. 2004). But "'motions, affidavits, briefs and other documents [are] outside of the pleadings' and are not subject to being stricken." *Henok*, 925 F. Supp. 2d at 5253 (citation omitted). Thus, declarations filed in support of motions also cannot be stricken under Rule 12(f). *See, e.g.*, *Shaw v. District of Columbia*, No. 17-cv-738 (DLF/RMM), 2018 WL 5044248, at *2 (D.D.C. Sept. 11, 2018); *Meyer v. Panera Bread Co.*, No. 17-cv-2565 (EGS/GMH), 2018 WL 5017747, at *3 (D.D.C. Oct. 16, 2018). Here, Plaintiff moves to strike the Jones Declaration, *see* ECF No. 7-9, included as an exhibit to Defendants' 7 Motion to Dismiss. But as explained above, that document may not be stricken under Rule 12(f). Accordingly, it is hereby ORDERED that Plaintiff's 11 R Motion to Strike is denied. It is further ORDERED that Plaintiff shall file his opposition to Defendants' 7 Motion to Dismiss by November 7, 2022, and Defendants shall file their reply by November 14, 2022. |

| | | |
|---|---|---|
| | | Signed by Judge Timothy J. Kelly on 10/24/2022. (lctjk2) (Entered: 10/24/2022) |
| 11/14/2022 | | MINUTE ORDER: Plaintiff filed the 1 Ⓡ Complaint against Defendants on February 23, 2022. Defendants then filed their 7 Motion to Dismiss on June 23, 2022. Per this Court's Minute Order of October 24, 2022, Plaintiff's opposition to the 7 Motion to Dismiss was due on November 7, 2022. As of November 14, 2022, Plaintiff has not filed any opposition to Defendants' 7 Motion, nor has he shown good cause and requested an extension to do so. Under Local Civil Rule 7(b), "an opposing party shall serve and file a memorandum of points and authorities in opposition" to a motion "[w]ithin 14 days of the date of service or at such other time as the Court may direct.... If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." LCvR 7(b). Accordingly, it is hereby ORDERED that Plaintiff shall show cause, by November 28, 2022, why the Court should not grant Defendants' 7 Motion as conceded and dismiss the case. Signed by Judge Timothy J. Kelly on 11/14/2022. (lctjk2) (Entered: 11/14/2022) |
| 11/15/2022 | 18 | Unopposed MOTION for Extension of Time to File Response/Reply as to 7 MOTION to Dismiss MOTION for Order *Relief From LcvR 7(n)* by MARK MOYAR. (Attachments: # 1 Text of Proposed Order)(McClanahan, Kelly) (Entered: 11/15/2022) |
| 11/16/2022 | | Minute Order granting Plaintiff's 18 Unopposed *Nunc Pro Tunc* Motion For Enlargement Of Time Within Which To File His Opposition To Defendants' 7 Motion To Dismiss And Motion For Relief From Local Civil Rule 7(n). It is hereby ORDERED, *nunc pro tunc* to November 7, 2022, and for excusable neglect shown, that Plaintiff's 18 Motion is granted. It is further ORDERED that Plaintiff shall file his opposition to Defendants' 7 Motion to Dismiss and Motion for Relief From Rule 7(n), by November 23, 2022, and that Defendants shall file their reply by December 15, 2022. Upon consideration of Plaintiff's 18 Motion, it is further ORDERED that this Court's show cause order is DISCHARGED. Signed by Judge Timothy J. Kelly on 11/16/2022. (lctjk2) (Entered: 11/16/2022) |
| 11/24/2022 | 19 | Memorandum in opposition to re 7 Motion to Dismiss,,,, Motion for Order,, filed by MARK MOYAR. (Attachments: # 1 Exhibit A - Redacted SOCOM letter, # 2 Exhibit B - SOCOM referral, # 3 Exhibit C - WHS interim response, # 4 Exhibit D - DOPSR denial, # 5 Exhibit E - DITMAC response, # 6 Exhibit F - Clark-McClanahan email, # 7 Text of Proposed Order)(McClanahan, Kelly) (Entered: 11/24/2022) |
| 11/28/2022 | 20 | Consent MOTION for Extension of Time to File Response/Reply as to 7 MOTION to Dismiss MOTION for Order *Relief From LcvR 7(n) (Nunc Pro Tunc)* by MARK MOYAR. (Attachments: # 1 Text of Proposed Order)(McClanahan, Kelly) (Entered: 11/28/2022) |
| 11/28/2022 | | MINUTE ORDER granting Plaintiff's 20 Consent *Nunc Pro Tunc* Motion For Enlargement Of Time Within Which To File His Opposition To Defendants' 7 Motion To Dismiss And Motion For Relief From Local Civil Rule 7(n). It is hereby ORDERED, *nunc pro tunc* to November 23, 2022, and for excusable neglect shown, that Plaintiff's 20 Consent Motion For Enlargement Of Time is GRANTED. Signed by Judge Timothy J. Kelly on 11/28/2022. (lctjk2) (Entered: 11/28/2022) |
| 12/09/2022 | 21 | Consent MOTION for Extension of Time to *FIle* by DEPARTMENT OF DEFENSE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT. (Attachments: # 1 Text of Proposed Order)(Jones, Sian) (Entered: 12/09/2022) |

| 12/10/2022 | | MINUTE ORDER granting Defendants' 21 Consent Motion For An Extension Of Time To File Reply. It is hereby ORDERED, for good cause shown, that Defendants' 21 Consent Motion is GRANTED. It is further ORDERED that Defendants shall file their reply in support of their 7 Motion To Dismiss And Motion For Relief From Local Civil Rule 7(n) by January 11, 2023. Signed by Judge Timothy J. Kelly on 12/10/2022. (lctjk2) (Entered: 12/10/2022) |
|---|---|---|
| 01/11/2023 | 22 | REPLY to opposition to motion re 7 MOTION to Dismiss MOTION for Order *Relief From LcvR 7(n)* filed by DEPARTMENT OF DEFENSE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT. (Jones, Sian) (Entered: 01/11/2023) |
| 03/28/2023 | 23 | ORDER granting Defendants' 7 Motion to Dismiss and Motion for Relief from Local Civil Rule 7(n). See Order for details. Signed by Judge Timothy J. Kelly on 3/28/2023. (lctjk2) (Entered: 03/28/2023) |
| 03/28/2023 | 24 R | MEMORANDUM OPINION in support of 23 Order granting Defendants' 7 Motion to Dismiss and Motion for Relief from Local Civil Rule 7(n). Signed by Judge Timothy J. Kelly on 3/28/2023. (lctjk2) (Entered: 03/28/2023) |
| 04/21/2023 | 25 R | NOTICE OF APPEAL TO DC CIRCUIT COURT as to Order on Motion to Strike,,,,,,,, Set/Reset Deadlines,,,,,,, 23 Order on Motion to Dismiss, Order on Motion for Order by MARK MOYAR. Filing fee $ 505, receipt number ADCDC-10017082. Fee Status: Fee Paid. Parties have been notified. (McClanahan, Kelly) (Entered: 04/21/2023) |
| 04/24/2023 | 26 R | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid re 25 R Notice of Appeal to DC Circuit Court. (znmw) (Entered: 04/24/2023) |
| 04/25/2023 | | USCA Case Number 23-5085 for 25 R Notice of Appeal to DC Circuit Court, filed by MARK MOYAR. (znmw) (Entered: 04/25/2023) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/19/2023 17:02:47 | | | |
| **PACER Login:** | neocount | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:22-cv-00478-TJK |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARK MOYAR                          *
3211 Winter Sun Terrace             *
Oak Hill, VA  20171,                *
                                    *
    Plaintiff,                      *
                                    *
v.                                  *
                                    *
DEPARTMENT OF DEFENSE               *
1600 Defense Pentagon               *
Washington, DC  20301,              *        Civil Action No. 1:22-cv-00478
                                    *
    and                             *
                                    *
UNITED STATES AGENCY FOR            *
INTERNATIONAL DEVELOPMENT           *
1300 Pennsylvania Avenue, NW        *
Washington, DC  20523,              *
                                    *
    Defendants.                     *
                                    *
*    *    *    *    *    *    *    *    *    *    *    *    *    *

Plaintiff Mark Moyar brings this action against Defendants Department of Defense and

United States Agency for International Development pursuant to the Administrative Procedure

Act ("APA"), 5 U.S.C. § 701, *et seq.*, the Mandamus Act, 28 U.S.C. § 1361, Executive Order

12,968, the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28

U.S.C. § 1651.

### JURISDICTION

1.      This Court has both subject matter jurisdiction over this action and personal

jurisdiction over Defendants pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 1331.

### VENUE

2.      Venue is appropriate under 5 U.S.C. § 703 and 28 U.S.C. § 1391.

## PARTIES

3.      Plaintiff Mark Moyar ("Moyar") is a U.S. citizen and a resident of the Commonwealth of Virginia.

4.      Defendant Department of Defense ("DOD") is an agency within the meaning of 5 U.S.C. § 701 and is in possession and/or control of the information requested by Moyar which is the subject of this action.

5.      The Defense Counterintelligence and Security Agency ("DCSA"), the Defense Office of Prepublication and Security Review ("DOPSR"), the DOD Insider Threat Management and Analysis Center ("DITMAC"), and United States Special Operations Command ("SOCOM") are DOD components.

6.      Defendant United States Agency for International Development ("USAID") is an agency within the meaning of 5 U.S.C. § 701 and is in possession and/or control of the information requested by Moyar which is the subject of this action.

## BACKGROUND

### PART I: THE SECURITY CLEARANCE APPEALS PROCESS

7.      The federal security clearance adjudication process is generally established by Executive Order 12,968.

8.      A person who has been denied a security clearance or had a security clearance revoked is entitled to appeal that determination administratively. Each agency establishes its own internal procedures, but all agencies must provide such a person the minimum amount of due process established by Section 5.2 of Executive Order 12,968.

9.      A key provision of this due process is the right of a person to know with specificity the information supporting an agency's determination to deny or revoke a clearance

2

8

before engaging in the appeals process. "Applicants and employees who are determined to not meet the standards for access to classified information established in section 3.1 of this order shall be: . . . provided within 30 days, upon request and to the extent the documents would be provided if requested under the Freedom of Information Act (5 U.S.C. 552) or the Privacy Act (5 U.S.C. 552a), as applicable, any documents, records, and reports upon which a denial or revocation is based." Exec. Order 12,968 § 5.2(a)(2). This right exists independently of any statutory rights under the Freedom of Information Act or Privacy Act (collectively "FOIA/PA") and may be exercised without the filing of a request under either of those statutes.

10.     DCSA is responsible for initially processing the type of DOD security clearance appeals at issue in this case. Final appellate decisions are rendered by an Administrative Judge in the Defense Office of Hearings and Appeals.

### *PART II: MOYAR'S SECURITY CLEARANCE PROCEEDINGS*

11.     In April 2016, Moyar submitted a book manuscript entitled *Talented and Unusual Men: The Rise of America's Special Operations Forces* to DOPSR for prepublication review pursuant to his nondisclosure agreement. This manuscript was exclusively and explicitly sourced from unclassified and publicly available information.

12.     In April 2017, after a year of relative inaction from DOPSR despite Moyar's best efforts to complete the review process, Moyar published the book, now entitled *Oppose Any Foe: The Rise of America's Special Operations Forces*.

13.     In February 2018, Moyar joined USAID as a Senior Advisor. Due to his position, he was granted a security clearance after a background investigation was conducted.

14.     In July 2018, Moyar was appointed Director of the USAID Office of Civilian-Military Cooperation. He retained his active security clearance in this new position.

15.     While he was employed by USAID, his security clearance was held by DOD.

16.     In May 2019, SOCOM informed the USAID Office of Security that "Mr. Moyar authored a publication that contains numerous instances of classified information." SOCOM further stated that "[t]his fact was established through post-publication review and results have been forwarded to the Department of Defense Insider Threat Management and Analysis Center-Unauthorized Disclosure Program Management Office." SOCOM concluded, "Mr. Moyar's cleared visit access to USSOCOM facilities has been suspended."

17.     Prior to this date, Moyar had never been informed that DOPSR had performed a post-publication review of his manuscript or that he was accused of publishing classified information.

18.     In June 2019, USAID suspended Moyar's security clearance because SOCOM had accused him of "unauthorized disclosure of classified information."

19.     In July 2019, USAID informed Mr. Moyar that his political appointment would be terminated. After he protested, USAID gave him the option to resign, which he accepted.

20.     Immediately upon his resignation—and unbeknowst to Moyar at the time he resigned—DCSA determined that his resignation invalidated his right to appeal his adverse security clearance determination.

21.     In January 2020, Moyar was sponsored by a private contractor for a DOD security clearance.

22.     In July 2020, Moyar was granted a DOD security clearance after a background investigation was conducted.

23.     In December 2020, Moyar was appointed as a Deputy Assistant Secretary of Defense.

24.     Immediately after his appointment, DCSA revoked Moyar's security clearance based on the allegations of publishing classified information described above which were first made by DOPSR and/or SOCOM and relayed to DCSA by USAID.

25.     In January 2021, DCSA reissued the December revocation letter with minor clerical corrections.

26.     Both the December 2020 and January 2021 revocation letters included a "List of Pertinent Documents," which included, "United States Agency for International Development (USAID) Single Scope Background Investigation Case Number 0052937-C, July 19, 2019."

27.     Both letters also included official documentation request forms to be sent to DCSA and USAID for the relevant records.

28.     On 20 January 2021, Joe Biden was inaugurated President of the United States.

29.     Immediately after the inauguration, DCSA again informed Moyar that he had no appeal rights because his political appointment had been terminated.

30.     In February 2021, Moyar was again sponsored by the same private contractor for a DOD security clearance.

31.     In March 2021, DCSA informed the private contractor that an amended revocation letter would be sent to Moyar, which he could then appeal.

32.     Between March-December 2021, DCSA repeatedly responded to the private contractor's requests for updates that Moyar's case had been "referred for adjudication."

33.     In December 2021, DCSA again denied Moyar's security clearance application based on the allegations of publishing classified information described above which were first made by DOPSR and/or SOCOM and relayed to DCSA by USAID.

34.     The December 2021 letter, however, only provided Moyar with the following statement regarding his right to obtain documentation: "If you would like a copy of the report of the investigation as compiled by the Defense Counterintelligence and Security Agency (aka DCSA), please submit a request to Defense Counterintelligence and Security Agency." Even though the letter explicitly referred to the USAID investigation, it provided no rights to obtain documentation from USAID.

35.     On 5 January 2022, Moyar submitted the documentation request forms provided in January 2021 to DCSA and USAID.

36.     On 12 January 2022, Moyar's undersigned counsel emailed DCSA, "Also, a significant portion of information relevant to the allegations in this case reside outside of DCSA or USAID; in fact, the bulk of USAID's allegations are 'SOCOM/DITMAC/DOPSR told us xyz.' Can you please issue documentation request forms for me to submit to SOCOM, DITMAC, and DOPSR?"

37.     As of this writing, DCSA has repeatedly refused to issue documentation request forms for DOPSR, DITMAC, or SOCOM. On 26 January 2022, a DCSA lawyer advised the undersigned that this was because "[t]hose records were not 'relied upon' by [DCSA] for adjudication."

38.     On 27 January 2022, DCSA responded to Moyar's documentation request by sending him only the information created by DCSA. Notably, the response did not include any information which originated with USAID, DOPSR, DITMAC, or SOCOM. Furthermore, none of the information released by DCSA pertained to any of the allegations in the revocation letter.

39.     On 19 January 2022, USAID responded to Moyar's documentation request as follows: "As you are aware, your client resigned from USAID before a final determination was

6

12

made regarding his access to classified information. Accordingly, the Agency never made a final decision regarding denial or revocation. Therefore the provisions of section 5.2 of EO 12968 do not apply."

40.     Between 2019 and the present, Moyar has submitted numerous FOIA/PA requests for USAID, SOCOM, DOPSR, and DITMAC records about these allegations of publishing classified information. He has yet to receive any information identifying the classified information that he is alleged to have published or the post-publication review which is alleged to have been performed. This information has not been withheld pursuant to any statutory exemption; the agencies have simply refused to complete their processing of the responsive documents.

41.     Due to these agencies' intransigence and delay, Moyar is only now able to respond to these allegations—which he denies—after over two years, but he is being asked to do so without knowing the specifics of the allegations.

42.     Moyar has accordingly been required to request numerous extensions of his appeal deadline, and he reasonably fears that DCSA will stop granting them and he will be forced to appeal a decision without any knowledge of the critical facts behind it.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### (APA/MANDAMUS – DOD – FAILURE TO PROVIDE DOCUMENTATION)

43.     Moyar repeats and realleges the allegations contained in all paragraphs set forth above.

44.     Moyar properly submitted his request for documentation to DCSA as part of an ongoing administrative proceeding. Section 5.2(a)(2) governs the processing and release of the

requested documentation when sought in the context of the separate administrative proceeding. The duty to provide such information upon request to a person who has had a security clearance denied or revoked is non-discretionary and ministerial in nature.

45.     Despite DCSA's clear reliance on information compiled and provided to it by USAID, DCSA has provided no such information to Moyar.

46.     The refusal by DCSA to produce the requested documentation constitutes final agency action. This action is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law. It also constitutes a violation of a clearly mandated ministerial duty.

47.     As a result of DCSA's actions, Moyar has not been able to continue with the ongoing administrative proceeding, thereby causing him adverse and harmful professional and financial effects.

48.     Accordingly, Moyar has exhausted all required administrative remedies.

49.     Moyar is therefore entitled to relief in the form of either: (a) a declaratory order that DCSA is in violation of Section 5.2(a)(2) of Executive Order 12,968 and an injunction compelling DCSA to follow that provision and immediately provide him with all information about his security clearance investigation and adjudication in DCSA records to the extent that the information would not be exempt under FOIA/PA; or (b) a writ of mandamus ordering DCSA to comply with that provision and do the same.

## SECOND CAUSE OF ACTION

## (APA/MANDAMUS – USAID – FAILURE TO PROVIDE DOCUMENTATION)

50.     Moyar repeats and realleges the allegations contained in all paragraphs set forth above.

51.     Moyar properly submitted his request for documentation to USAID as part of an ongoing administrative proceeding. Section 5.2(a)(2) governs the processing and release of the requested documentation when sought in the context of the separate administrative proceeding. The duty to provide such information upon request to a person who has had a security clearance denied or revoked is non-discretionary and ministerial in nature.

52.     Despite DCSA's clear reliance on information compiled and provided to it by USAID, USAID has refused to provide all such information to Moyar, stating that it does not have to comply with Executive Order 12,968 because *it* did not make the adverse decision in question.

53.     The refusal by USAID to produce the requested documentation constitutes final agency action. This action is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law. It also constitutes a violation of a clearly mandated ministerial duty.

54.     As a result of USAID's actions, Moyar has not been able to continue with the ongoing administrative proceeding, thereby causing him adverse and harmful professional and financial effects.

55.     Accordingly, Moyar has exhausted all required administrative remedies.

56.     Moyar is therefore entitled to relief in the form of either: (a) a declaratory order that USAID is in violation of Section 5.2(a)(2) of Executive Order 12,968 and an injunction compelling USAID to follow that provision and immediately provide him with all information about his security clearance investigation and adjudication in USAID records to the extent that the information would not be exempt under FOIA/PA; or (b) a writ of mandamus ordering USAID to comply with that provision and do the same.

## THIRD CAUSE OF ACTION

## (APA/MANDAMUS – DOD – FAILURE TO AUTHORIZE DOCUMENTATION REQUESTS)

57.     Moyar repeats and realleges the allegations contained in all paragraphs set forth above.

58.     Moyar properly submitted his request for additional documentation request paperwork to DCSA as part of an ongoing administrative proceeding. Section 5.2(a)(2) governs the processing and release of the requested documentation when sought in the context of the separate administrative proceeding. The duty to provide such information upon request to a person who has had a security clearance denied or revoked is non-discretionary and ministerial in nature.

59.     Despite DCSA's clear reliance on information compiled and provided by USAID based on information maintained by DOPSR, DITMAC, and SOCOM, DCSA has provided no such information to Moyar and has refused to issue official documentation request paperwork for Moyar to submit to those offices.

60.     The refusal by DCSA to produce the requested paperwork constitutes final agency action. This action is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law. It also constitutes a violation of a clearly mandated ministerial duty.

61.     Agencies are not absolutely required to respond to FOIA/PA requests within any fixed amount of time. If an agency fails to issue a final response within twenty business days, the requester may initiate litigation over the request, but the agency is then allowed to take weeks, months, or even years to issue a final response.

62.     In contrast, agencies *are* required to release all non-exempt information within thirty days in response to a request made pursuant to Executive Order 12,968. There is no provision for an extension of this deadline.

63.     Upon information and belief, the reason for this discrepancy is that information subject to the Executive Order are necessary for the prescribed due process, because persons who have received an adverse security clearance determination are actively suffering a concrete ongoing harm beyond the simple denial of records.

64.     Therefore, by refusing to issue official documentation request paperwork attesting to the fact that the information is being requested as part of an ongoing administrative proceeding, DCSA is harming Moyar by denying him the ability to demonstrate that his requests must be honored within thirty days. As established above, this inability to do so has meant that Moyar is at the mercy of the respective FOIA offices, who have been processing his requests for the relevant information for years.

65.     As a result of DCSA's actions, Moyar has not been able to continue with the ongoing administrative proceeding, thereby causing him adverse and harmful professional and financial effects.

66.     Accordingly, Moyar has exhausted all required administrative remedies.

67.     Moyar is therefore entitled to relief in the form of either: (a) a declaratory order that DCSA is in violation of Section 5.2(a)(2) of Executive Order 12,968 and an injunction compelling DCSA to follow that provision and immediately provide him with all necessary documentation-request paperwork for DOPSR, DITMAC, and SOCOM; or (b) a writ of mandamus ordering DCSA to comply with that provision and do the same.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Mark Moyar, LLC prays that this Court:

(1)     Order the Defense Counterintelligence and Security Agency and United States Agency for International Development to release all requested documentation to him subject to any applicable FOIA/PA exemptions;

(2)     Order DCSA to issue official documentation request paperwork for Moyar to submit to the Defense Office of Prepublication and Security Review, the DOD Insider Threat Management and Analysis Center, and United States Special Operations Command;

(3)     Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(4)     Award reasonable costs and attorneys' fees as provided in 28 U.S.C. § 2412(d) or any other applicable law;

(5)     Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(6)     Grant such other relief as the Court may deem just and proper.

Date:   February 23, 2022

Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*

# EXHIBIT 1

**FOR OFFICIAL USE ONLY**



**UNITED STATES SPECIAL OPERATIONS COMMAND**
7701 TAMPA POINT BLVD
MACDILL AIR FORCE BASE, FLORIDA 33621-5323

SOCS-Z-SM                                                                     21 May 2019

MEMORANDUM FOR U.S. AGENCY FOR INTERNATIONAL DEVELOPMENT,
OFFICE OF SECURITY, PERSONNEL SECURITY DIVISION, RONALD REAGAN
BUILDING, WASHINGTON, DC 20523-1000

SUBJECT: Continuous Evaluation Referral (Mr. Mark A. Moyar, SSN LAST 4: 

1. U.S. Special Operations Command (USSOCOM) is providing this memorandum in
accordance with DoDM 5200.02, to report derogatory personnel security information on
Mr. Mark Moyer, presently in your employ.

2. Mr. Moyar authored a publication that contains numerous instances of classified
information under the original classification authority of USSOCOM and sub-unified
commands. This fact was established through post-publication review and results have
been forwarded to the Department of Defense Insider Threat Management and Analysis
Center-Unauthorized Disclosure Program Management Office. As the details are
classified, they are excluded from this notice. Mr. Moyar's cleared visit access to
USSOCOM facilities has been suspended.

3. USSOCOM points of contact for this memorandum are Ms. Ann E. Pravettone,
SOCS-Z-SM, Personnel Security, DSN 299-6774, SIPRNet email
ann.pravettone@socom.smil.mil and Mr. James P. Fogerty, SOCS-Z-SM, Information
Security, DSN 299-4190, SIPRNet email james.fogerty@socom.smil.mil.

JAMES P. FOGERTY, CIV, DAF
Chief, Information Security

0052937-C OG

## Taylor, Chalyndria

| | |
|---|---|
| **From:** | Morales, Rosalinda D |
| **Sent:** | Monday, June 03, 2019 3:28 PM |
| **To:** | Taylor, Chalyndria |
| **Subject:** | FW: (U) Dr. Mark Moyar |
| **Attachments:** | CE Memo_Mark Moyar.pdf |

Lyn,

Sincere apology and thought I email it this out that was sitting in the draft box (out of office a bit more than usual last two weeks).  Per our phone conversation on approximately on May 23rd (afternoon) regarding the attached document and contents of this email.  I want to report the matter with reporting facts.

In doing so, please note I have two regularly scheduled telework days a week, do not have access to the classnet terminal on a regular basis, and the room in which I use has regular on-going agency activities located in the team room (7.6-101).  If you require my attention over classnet, please send a (U) email or phone call to check my classnet inbox.

Again, I do apologize for the delayed response and feel free to contact me if further information is required.  Thanks.

**Regards,**

**Rosalinda Morales**
**USAID DCHA Office of CIV-MIL Cooperation**
**Security Manager**
(U) Desk Phone: 202-712-0807
(U) eMail:  rmorales@usaid.gov
(S) eMail: MoralesRD@state.sgov.gov

**Official - SBU**
**UNCLASSIFIED**

---

**From:** Fogerty, James P CIV USSOCOM SOCOM HQ [mailto:james.fogerty@socom.smil.mil]
**Sent:** Wednesday, May 22, 2019 12:42 PM
**To:** Morales, Rosalinda D
**Cc:** Pravettone, Ann E CIV USSOCOM SOCOM/SOCS-Z-SM
**Subject:** RE: (U) Dr. Mark Moyar

**Classification: UNCLASSIFIED//FOR OFFICIAL USE ONLY**

Message Body Classification: UNCLASSIFIED//FOR OFFICIAL USE ONLY

Good afternoon Ms. Morales,

**UNCLASSIFIED**
**Official - SBU**

(FOUO) The attached memorandum reflects a decision by USSOCOM to suspend Mr. Moyar's cleared visit access based on his publication of classified material under our original classification authority. It is provided for your awareness and internal personnel security actions as deemed appropriate.

V/r

JAMES P. FOGERTY, Civ, SAPPC
Chief, Information and Industrial Security
HQ USSOCOM, MacDill AFB, FL
813-826-4190 (DSN 299)
VOSIP: 299-4144
NIPR: james.fogerty@socom.mil
SIPR: james.fogerty@socom.smil.mil
JWICS: rc20356@socom.ic.gov

**From:** Morales, Rosalinda D [mailto:MoralesRD@state.sgov.gov]
**Sent:** Wednesday, May 22, 2019 9:52 AM
**To:** Pravettone, Ann E CIV USSOCOM SOCOM/SOCS-Z-SM <Ann.Pravettone@socom.smil.mil>
**Cc:** Fogerty, James P CIV USSOCOM SOCOM HQ <james.fogerty@socom.smil.mil>
**Subject:** RE: (U) Dr. Mark Moyar

Good morning Ma'am,

This email confirms receipt and validating that Dr. Moyar is part of the DCHA/CMC Office. Please note, this classified terminal (ClassNet) is located in a separate office away from my desk. Thank you.

**Regards,**

**Rosalinda Morales**
**USAID DCHA Office of CIV-MIL Cooperation**
**Security Manager**
(U) Desk Phone: 202-712-0807
(U) eMail:  rmorales@usaid.gov
(S) eMail: MoralesRD@state.sgov.gov

**Official**
**UNCLASSIFIED**

**From:** Pravettone, Ann E CIV USSOCOM SOCOM/SOCS-Z-SM [mailto:Ann.Pravettone@socom.smil.mil]
**Sent:** Wednesday, May 22, 2019 9:33 AM
**To:** Morales, Rosalinda D
**Cc:** Fogerty, James P CIV USSOCOM SOCOM HQ
**Subject:** (U) Dr. Mark Moyar
**Importance:** High

**Classification: UNCLASSIFIED**

Message Body Classification: UNCLASSIFIED

Hello Ms. Morales,

Per our phone conversation sending you an email to confirm.

Thank you,
Ann

**Ann Pravettone**
**HQ U.S. Special Operations Command**
**Comm:  (813) 826-6774 (DSN 299)**
**Fax:  (813) 826-6905**
**NIPR:** ann.pravettone@socom.mil

**JPAS**
**SMO Code:  MA3DF8X94 (Collateral)**
**SMO Code: MA3DFNP12 (SCI)**

Message Body Classification: UNCLASSIFIED

**Classification: UNCLASSIFIED**

Attachment Classification: UNCLASSIFIED//FOR OFFICIAL USE ONLY
Message Body Classification: UNCLASSIFIED//FOR OFFICIAL USE ONLY

**Classification: UNCLASSIFIED//FOR OFFICIAL USE ONLY**

# EXHIBIT 2

USAID Office of Security - SBU

Case 1:22-cv-00478-TJK Document 7-33 Filed 06/23/22 Page 2 of 2
USCA Case #23-5085 Document #2017915 Filed: 09/20/2023 Page 29 of 145

**USAID**
FROM THE AMERICAN PEOPLE

June 13, 2019

Mark Moyar
Director, DCHA/CMC
1300 Pennsylvania Avenue, NW, Room 7.06-107
Washington, D.C. 20523

Dear Mr. Moyar,

You are hereby notified that your Top Secret security clearance with the United States Agency for International Development (USAID) has been suspended. This action is being taken in accordance with USAID policy contained in ADS 566, Personnel Security Investigations and Clearances.

This suspension is predicated on information received from the Department of Defense (DOD), U.S. Special Operations Command Center (USSOCOM) related to your unauthorized disclosure of classified information.

The Office of Security (SEC) will initiate a background investigation to resolve the issue of concern. The information developed during the course of the investigation will be adjudicated as outlined in the Office of the Director of National Intelligence (ODNI), Security Executive Agent Directive (SEAD) 4, National Security Adjudicative Guidelines to determine the pertinent facts of your case and to assess your continued eligibility to hold a security clearance.

Your security clearance shall remain suspended until the precipitating issues can be resolved sufficiently to permit resolution of your clearance eligibility. You must return your USAID PIV card and any government furnished equipment to SEC at the RRB, in Room 2.6A.

If you have questions or need to coordinate and obtain approval for any official visitation of USAID facilities while your security clearance is suspended, please contact Karen Baquedano, HCTM/CPE at (202) 712-0695 for additional guidance and coordination with SEC.

Sincerely,

Tara Debnam
Division Chief, Personnel Security
Office of Security

cc:
GC/EA, Jack Ohlweiler
HCTM/ELR, Nicholas Gottlieb
HCTM/ CPE, Karen Baquedano
SEC/ISP/DS, Patrick Butler
M/CIO, William Morgan
SEC/CTIS, Diane Sloan

# EXHIBIT 3

To:        Diana Leo

From:      Dr. Mark Moyar
           3211 Winter Sun Terrace
           Oak Hill, VA 20171

Date:      July 27, 2019


Dear Diana:

I hereby submit my resignation from my position as Director of the Office of
Civilian-Military Cooperation at USAID, effective at the end of this pay period,
August 3, 2019.



                                        Sincerely,

                                        *[signature]*

                                        Mark Moyar



27

# EXHIBIT 4



January 19, 2022

*John N. Ohlweiler*

Kel McClanahan
National Security Counselors
Kel@NationalSecurityLaw.org

Dear Mr. McClanahan,

I have reviewed your request for information about your client Mark Moyar. Your email communication with the USAID FOIA office clarified that your request was not made pursuant to the Freedom of Information Act or the Privacy Act, but rather was made pursuant to Executive Order 12968, section 5.2(a)(2).

Executive Order 12968, sec. 5.2 requires Agencies to provide a comprehensive and detailed written explanation of the denial or revocation of an employee's access to classified information, to include as applicable, any documents, records, and reports upon which the denial or revocation is based to the extent the documents would be provided if requested under the Freedom of Information Act or Privacy Act. As you are aware, your client resigned from USAID before a final determination was made regarding his access to classified information. Accordingly, the Agency never made a final decision regarding denial or revocation. Therefore the provisions of section 5.2 of EO 12968 do not apply.

As a courtesy, I share with you my understanding that both USAID and the USAID Office of the Inspector General have replied to several FOIA requests by Mr. Moyar that have provided documents which may be responsive to what you currently seek from USAID.

If you would like to discuss this correspondence, I would be happy to talk with you. I can be reached at johlweiler@usaid.gov.

Res ectfull

*John N. Ohlweiler*

John N. Ohlweiler
Assistant General Counsel

# EXHIBIT 5




**DEPARTMENT OF DEFENSE**
**CONSOLIDATED ADJUDICATIONS FACILITY**
**BUILDING 600 10TH STREET**
**FORT GEORGE G. MEADE, MD 20755-5615**

December 17, 2020

MEMORANDUM FOR MARK MOYAR, ███████

THROUGH:  OCCAM'S RAZOR TECHNOLOGIES LLC
                    (ATTN: SECURITY MANAGEMENT OFFICE)

SUBJECT:  Intent to Revoke Eligibility for Access to Sensitive Compartmented Information
                    (SCI)

References:  (a) DoDM 5200.02, Procedures for the DoD Personnel Security Program (PSP),
                          April 3, 2017
                    (b) Security Executive Agent Directive 4, National Security Adjudicative
                          Guidelines, December 10, 2016 (Effective June 8, 2017)
                    (c) ICD 704, Personnel Security Standards and Procedures Governing Eligibility
                          for Access to Sensitive Compartmented Information, and Other Controlled
                          Access Program Information, October 1, 2008
                    (d) ICPG 704.3, Denial or Revocation of Access to Sensitive Compartmented
                          Information, Other Controlled Access Program Information, and Appeals
                          Processes, October 2, 2008

1.   Per the above references, a preliminary decision has been made by the Department of
Defense (DoD) Consolidated Adjudications Facility (CAF) to revoke your eligibility for access
to Sensitive Compartmented Information (SCI).

2.   A decision on eligibility for access to Sensitive Compartmented Information (SCI) is a
discretionary security decision based on judgments by appropriately trained adjudicative
personnel. Pursuant to reference (a), eligibility shall be granted only when facts and
circumstances indicate eligibility for access to classified information is clearly consistent with
the national security interests of the United States, and any doubt shall be resolved in favor of the
national security. Information concerning your personal history has led to the security concern(s)
listed in Attachment 1, *Statement of Reasons (SOR)*, which prevent the DoD CAF from making
the affirmative decision that your eligibility is clearly consistent with the interests of national
security. If this preliminary decision becomes final, you will not be eligible for access to
Sensitive Compartmented Information (SCI) as defined by the above-cited references.

3.   If you currently have access to classified information, this access may be suspended by your
organization's Security Management Office.

4.   You must complete Attachment 2, *Statement of Reasons Receipt and Statement of Intent*, and
forward it to the DoD CAF, via your organization's Security Management Office (SMO) or SCI
SMO within ten (10) calendar days of receipt of this memorandum. Contact your SMO or SCI
SMO for help in preparing and forwarding this form. If the completed Attachment 2 is not
received at the DoD CAF, it will be presumed that you do not intend to submit a reply.

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

5.   You may request the records upon which the DoD CAF relied on to make the preliminary decision. Attachment 3 is provided to assist you in requesting your records. Use the Defense Counterintelligence and Security Agency (DCSA) investigation request if your SOR is based upon a DCSA Investigation (formally known as the Office of Personnel Management (OPM) investigation). Use the appropriate records request form(s) provided herein, if your SOR is based upon records other than, or in addition to, the DCSA investigation. Failure to request the record(s) in a timely manner, failure to provide an accurate mailing address, and/or failure to accept receipt of the record(s) upon delivery, will not serve as justification for an extension of time to respond to the SOR.

6.   You may challenge this preliminary decision by responding, in writing, with any information or explanation that you think should be considered in reaching a final decision. Attachment 4, *Instructions for Responding to a Statement of Reasons*, provides instructions to assist you if you choose to submit a response. Attachment 5, *National Security Adjudicative Guidelines*, provides information on the guidelines and Attachment 6, *Applicable National Security Adjudicative Guidelines*, provides the specific national security adjudicative guideline(s) from reference (b) used in this preliminary decision.

7.   You may choose to obtain legal counsel, or other assistance, in preparing your response to this preliminary decision. You may obtain civilian counsel, at your own expense, or, if you are eligible, from the staff of the Judge Advocate General. If you desire assistance from legal counsel, you should make those arrangements immediately.

8.   If you choose the option to respond, your written response must be submitted through your SMO or SCI SMO within sixty (60) calendar days from the date you acknowledge receipt of this memorandum.  Your SMO or SCI SMO will then forward it to the DoD CAF.  To request an extension, you must provide a written request, with justification, to your SMO or SCI SMO prior to the current deadline.  Your SMO or SCI SMO will then submit your request to the DoD CAF for review/approval.  Any request for extension of time to respond may be granted only by the DoD CAF.

9.   If you choose the option not to respond or if you chose to respond but your response is not received by your SMO or SCI SMO within the specified time, this preliminary decision will become a final security determination on the merits of the information available. Please direct questions regarding this memorandum to your SMO or SCI SMO.


*Pamela Robinson*   by tf

Pamela Robinson
Division Chief
Adjudications Directorate


Attachments:
1. Statement of Reasons
2. Statement of Reasons Receipt and Statement of Intent

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

3. Form(s) for Requesting Records
4. Instructions for Responding to a SOR
5. National Security Adjudicative Guidelines
6. Applicable National Security Adjudicative Guidelines

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

## <u>STATEMENT OF REASONS (SOR) FOR MARK MOYAR, ████████1</u>

The information listed below was derived from the documents listed at the end of this attachment (Attachment 1, Statement of Reasons). Each item of disqualifying information falls under one or more of the security guidelines listed below.

### GUIDELINE E: Personal Conduct

Available information shows issues of Personal Conduct on your part.

Conduct involving questionable judgment, lack of candor, dishonesty, or unwillingness to comply with rules and regulations can raise questions about an individual's reliability, trustworthiness, and ability to protect classified or sensitive information. Of special interest is any failure to cooperate or provide truthful and candid answers during national security investigative or adjudicative processes.

Per the Adjudicative Guidelines, conditions that could raise a security concern and may be disqualifying include:

During your Subject Interview conducted by United States Agency for International Development (USAID) on July 9, 2019, you disclosed you were placed on Administrative Leave on approximately June 13, 2019, after you were accused of Unauthorized Disclosure of protected United States Government Information. Your physical access to the USAID facilities was suspended; your Government Issued Equipment (GIE), Laptop computer, and issued cellular phone were confiscated; your Personal Identification Card (PIV) was confiscated; and your access to any Information Technology Systems was suspended.

You acknowledged signing a Standard Form 312 Nondisclosure Agreement while employed by Helios Global, working on MacDill AFB from 2013 to 2015. You were reminded of the content and intent of the Standard Form 312 and requirements to comply with the Nondisclosure Agreement. You further acknowledged your understanding of the requirements set forth in the agreement as well as the declassification process of classified information, and the requirements for republication reviews.

You submitted a signed statement dated July 11, 2019, stating on April 10, 2016, you submitted your *Oppose Any Foe* book manuscript to the Defense Office of Pre-publications and Security Review (DOPSR). You stated that you received notification that the Department of Defense (DoD) was still working on it. You authorized or permitted publication of your *Oppose Any Foe* book on or about April 25, 2017, without approval to release from the DOPSR.

You disclosed during your July 9, 2019, Subject Interview that you became very frustrated with the DOPSR, and you authorized your publisher to publish your book on or about April 25, 2017, without the final clearance by DOPSR. You state that you did not believe you included any protected information in the manuscript, and you needed to meet your publisher's, Basic Books, deadline. The last time you had correspondence with DOPSR was sometime in November 2016. You initiated no other inquiries or correspondence with DOPSR regarding the review status or the

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

publishing of your book until May 21, 2019, after you were informed of your suspension of access to United States Special Operations Command (USSOCOM) facilities and subsequent suspension.

You knowingly and willfully disclosed the information without official and formal approval by DOPSR. You violated DOPSR policy and your Nondisclosure Agreement made with the Federal Government. Your failure to comply with Federal Government Security Standards, which resulted in your suspension of access to facilities and equipment for Unauthorized Disclosure of protected United States Government Information, reflects questionable judgment and unwillingness to comply with rules and regulations, which raises questions about your reliability, trustworthiness, and ability to protect classified or sensitive information. Therefore, your personal conduct is a security concern. (Guideline E, Attachment 6)

## GUIDELINE K: Handling Protected Information

Available information shows issues of Handling Protected Information on your part.

Deliberate or negligent failure to comply with rules and regulations for handling protected information - which includes classified and other sensitive government information, and proprietary information - raises doubt about an individual's trustworthiness, judgment, reliability, or willingness and ability to safeguard such information, and is a serious security concern.

Per the Adjudicative Guidelines, conditions that could raise a security concern and may be disqualifying include:

During your Subject Interview conducted by United States Agency for International Development (USAID) on July 9, 2019, you stated that you turned over your personal computer containing defense information in the form of a book manuscript to your son for "scrubbing" of sensitive information along with data on another personal computer possibly containing related manuscript files. You stated you may have or made a copy of the original draft and possibly some related files on your current personal computer.

You disclosed you were placed on Administrative Leave on approximately June 13, 2019, after you were accused of Unauthorized Disclosure of Protected United States Government Information. Your physical access to the USAID facilities were suspended; your Government Issued Equipment (GIE), Laptop computer, and issued cellular phone were confiscated; your Personal Identification Card (PIV) was confiscated; and your access to any Information Technology Systems was suspended.

You stated you did not self-report your security violation to the United States Agency for International Development (USAID) Office of Security as required because you understood that your Security Liaison, having knowledge of the incident, would make the appropriate notifications.

Your decision to turn over your computers to your son for scrubbing raises doubt regarding your trustworthiness, judgment, reliability, or willingness and ability to safeguard protected information. Therefore, your mishandling of protected information is a security concern. (Guideline K, Attachment 6)

## GUIDELINE M: Use of Information Technology

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

Available information shows issues of Use of Information Technology on your part.

Failure to comply with rules, procedures, guidelines, or regulations pertaining to information technology systems may raise security concerns about an individual's reliability and trustworthiness, calling into question the willingness or ability to properly protect sensitive systems, networks, and information. Information Technology includes any computer-based, mobile, or wireless device used to create, store, access, process, manipulate, protect, or move information. This includes any component, whether integrated into a larger system or not, such as hardware, software, or firmware, used to enable or facilitate these operations.

Per the Adjudicative Guidelines, conditions that could raise a security concern and may be disqualifying include:

During your Subject Interview conducted by United States Agency for International Development (USAID) on July 9, 2019, you disclosed you were placed on Administrative Leave on approximately June 13, 2019, after you were accused of Unauthorized Disclosure of Protected United States Government Information. Your physical access to the USAID facilities were suspended; your Government Issued Equipment (GIE), Laptop computer, and issued cellular phone were confiscated; your Personal Identification Card (PIV) was confiscated; and your access to any Information Technology Systems was suspended.

During your Subject Interview conducted by United States Agency for International Development (USAID) on July 9, 2019, you stated that you turned over your computer to your son for scrubbing along with another personal computer possibly containing related manuscript files. You stated you may have or made a copy of the original draft and possibly some related files on your current personal computer. Therefore, you admitted that you downloaded, stored, or transmitted classified, sensitive, proprietary, or other protected information on to or to any unauthorized information technology system, i.e., your personal computer(s) and the IT system your son used to accomplish the "scrubbing" of data from your personal computer(s).

Your suspension of physical access to the USAID facilities raises security concerns about your reliability and trustworthiness, which calls into question yours willingness or ability to properly protect sensitive systems, networks, and information. Therefore, your misuse of information technology is a security concern. (Guideline M, Attachment 6)

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

36

Updated on: 20200511

**List of Pertinent Documents**

United States Agency for International Development (USAID) Single Scope Background
Investigation Case Number 0052937-C, July 19, 2019

Mark Alexander Moyar Statement of Subject/Source

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

**<u>Statement of Reasons Receipt and Statement of Intent (Subject)</u>**

I, Mark Moyar, ███████, acknowledge that I have received the Statement of Reasons (SOR) notifying me of the Department of Defense Consolidated Adjudications Facility's preliminary decision to revoke my eligibility for access to Sensitive Compartmented Information (SCI). I understand that this form must be returned to my organization's Security Management Office (SMO) or SCI SMO within ten (10) calendar days.

I will (select one):

☐   NOT submit a reply to the SOR.  I understand that by making this choice, this preliminary decision will become a final determination based on the merits of the available information.

☐   Submit a response via my organization's SMO or SCI SMO within sixty (60) calendar days of the date I acknowledged receipt of the SOR.  I understand that if my response is not received by the SMO or SCI SMO within the sixty (60) calendar days, or later date as provided in a valid extension of time, this preliminary decision will become a final determination based on the merits of the available information.

_____                    _____
(Signature)                                                             (Date)

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

**Statement of Reasons Receipt and Statement of Intent (SMO)**
Mark Moyar, ████████

TO BE COMPLETED BY THE ORGANIZATION'S SMO or SCI SMO

This organization verifies the Statement of Reasons (SOR) package was delivered to Subject on _____/_____/_____.

The following action(s) will be taken (Select all that apply):

☐ Subject declared his/her intent NOT to sign the SOR Receipt and Statement of Intent form.

☐ Subject elected NOT to submit a reply to the SOR

☐ Subject will respond to the SOR.

    ☐ The organization has not granted an extension to the subject.

    ☐ The organization has granted an extension until _____/_____/_____ (not to exceed 60 days from the date of receipt of the SOR)

_____     _____
Organization's SMO/SCI SMO (Print & Sign Name)                        (Date)

_____     _____
Witness (Print & Sign Name) (Required if Subject refuses to sign form)     (Date)

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

39

Updated on: 20200511

»

# REQUEST for RECORDS
## DCSA – Investigations

**Please EXPEDITE to assist in responding to a DoD CAF Statement of Reasons (SOR).**

**Defense Counterintelligence and Security Agency (DCSA)**
**Attn: FOI/PA Office for Investigations**
**P.O. Box 618; 1137 Branchton Road**
**Boyers, PA 16018-0618**

Email: FOIPARequests@NBIB.gov

To request a copy of DCSA investigation records(formerly known as NBIB-OPM), **complete this form** and provide copies of **two (2) identity source documents**, to the DCSA Boyers FOI/PA office. You may submit your request via mail to the address above, or submit via e-mail to the e-mail address above using scanned attachments.

- Visit the DCSA FOI/PA Office for Investigations website ("Completed Investigations" tab) to view a list of acceptable forms of identity source documents at: https://www.dcsa.mil/mc/pv/mbi/mr/

- If submitting via e-mail, you should ensure that the security of your e-mail system is adequate for transmitting your sensitive personally identifiable information (PII) before choosing to transmit your request.

<u>**Description of Records Being Sought:**</u>  ***I request a copy of records pertaining to me, specified below, which are maintained by the DCSA. These documents are needed to assist in responding to a Statement of Reasons(SOR) issued by the DoD CAF.***

## Requested Records:

**List the Investigation Case # provided via the DoD CAF SOR Pertinent Documents page.**

*OPM or DCSA Case #:* _____

*OPM or DCSA Case #:* _____

## My Identifying Information:

Full Name: _____

Date of Birth: _____ Place of Birth: _____

Full Social Security Number: _____

**Page 1 of 2**

40

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

**Please send the requested records to me via (select one):**

**(   ) Hardcopy Mail (physical address required):**

_____

_____

_____

**(   ) E-Mail (e-mail address required):** _____

*"I declare under penalty of perjury under the laws of the United States of America that the foregoing information [concerning my identity] is true and correct."*

_____          _____
Handwritten Signature (required)                         Date

**Privacy Act Advisement:**  Requesting personal information which includes your Social Security  Number is authorized by 5 USC Sec.552a (*Privacy Act of 1974*).  Information provided herein is  used to identify and retrieve records pertaining to you.  Providing all or part of the information  is voluntary; however, without it, the above agency may not be able to identify your records.  This information may be retained and/or released to other agencies under Routine Use.

**Authority:**  E.O. 12968, Access to Classified Information, and the Department of Defense  (DoD) Manual 5200.02, *Procedures for the DoD Personnel Security Program.*

**Page 2 of 2**

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

41

Updated on: 20200511

# REQUEST for RECORDS

The U.S. Agency for International Development (USAID)

To request a copy of pertinent records from the above named agency, please provide a photocopy of <u>your picture ID</u>, along with this completed form and mail to the above address.

**Privacy Act Advisement:** Requesting personal information which includes your Social Security Number is authorized by 5 USC Sec. 552a (*Privacy Act of 1974*). Information provided herein is used to identify and retrieve records pertaining to you. Providing all or part of the information below is voluntary; however, without it, the above agency may not be able to identify your records. This information may be retained and/or released to other agencies under Routine Use.

**Authority:** E.O. 12968, Access to Classified Information; Department of Defense (DoD) Manual 5200.02, *Procedures for the DoD Personnel Security Program (PSP),* April 3, 2017.

**Description of Records:** Under the provisions of the Privacy Act, and to respond to a Statement of Reasons (SOR) issued by the Department of Defense Consolidated Adjudications Facility, **I hereby request a copy of the following records (<u>fill in pertinent records description below</u>):**

_____

_____

**Identifying information is provided as follows:**

Social Security Number:_____

Full Name:_____

Other Names Used:_____

Date of Birth:_____Place of Birth:_____

**Please mail my file to (<u>physical address required</u>):**

_____

_____

Government e-mail address (.mil or .gov): _____

*"I declare under penalty of perjury under the laws of the United States of America that the foregoing information [concerning my identity] is true and correct."*

_____      _____

       **Handwritten or CAC eSignature (required)**                     **Date**

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

42

**Instructions for Responding to a Statement of Reasons**

1.   The Statement of Reasons (SOR) is based on unfavorable information revealed in investigation(s) into your personal history, and/or received through other means, such as your organization's security office. Specific security concerns about your conduct or background are listed in the SOR.

2.   These instructions are intended to help you provide the most accurate and relevant information as to why the preliminary decision should be reversed. However, it is only a guide. You should provide whatever information you wish to be considered by the DoD CAF in reaching a final decision.

3.   If you decide to challenge the preliminary decision, you should address each area of security concern listed in the SOR as completely as possible. It is in your best interest to provide a timely response, including complete and accurate information with pertinent details and supporting documentation.

    a.   Preparing your response

       (1) The SOR package and these instructions provide specific requirements and deadlines for compliance. You should carefully read the SOR to determine if the findings are accurate and whether there are circumstances that were not included which might have a favorable bearing in your case.

       (2) On the *Statement of Reasons Receipt and* Statement of Intent attached to the SOR, you must notify the DoD CAF, via your organization's Security Management Office (SMO) and/or Sensitive Compartmented Information (SCI) SMO, within ten (10) calendar days as to whether you intend to respond.  If you choose to respond, your response must be submitted to your SMO and/or SCI SMO within thirty (30) calendar days from the date you received the SOR unless you requested and were granted an extension of time.

       (3) If you choose to respond, you should gather any documentation that supports your case. Your response and supporting documentation should be organized in the same order as the security concerns presented in the SOR. The documents that have the most impact will be those that refute, correct, explain, extenuate, mitigate, or update the unfavorable information presented in the SOR. Examples of documentation include: copies of court records with details or dispositions of arrests and status of probation; transcripts of court testimony taken under oath; probation reports; copies of negotiated plea bargains; releases from judgment or wage attachment; statements of account or letters from creditors verifying the status of delinquent accounts; receipts or copies of canceled checks for payment on debts; certificates of completion for alcohol/drug abuse rehabilitation programs; etc. Mere statements such as "I didn't do it," "It wasn't my fault," or "I paid those bills" will not carry as much weight as supporting documentation. You may provide statements from co-workers, supervisors, your commander, friends, neighbors and others concerning your judgment, reliability and trustworthiness, and any other information that you think should be considered before a final decision is made.

       (4) Seek assistance from your local security office on this matter. By separate memorandum, your SMO has been requested to provide any assistance you need in understanding this process. If they cannot answer your questions, they can request assistance from higher authority. The process is designed so Subjects can represent themselves. You may obtain legal counsel or other assistance in preparing your response; however, if you obtain private assistance, it must be obtained at your own expense. Remember it is up to you to decide

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

whether to respond or not. You are responsible for the substance of your response and it must be signed by you.

b.   Writing your response

(1)  Your response should be submitted in writing, via your SMO and/or Sensitive Compartmented Information (SCI) SMO, to the DoD CAF. It must be submitted before the expiration of the response deadline. You should address each item cited in the SOR separately. You should also admit or deny each item in the SOR and provide an explanation for each response.

(2)  Attach all supporting documentation, to include any available documentation that explains, refutes, corrects, extenuates, mitigates or updates each item cited in the SOR. Organize supporting documents in the order that they are cited in your response and enclose copies with your response. You may use dividers or tabs to help you assemble the supporting documentation in order.

(3)  The impact of your response will depend on the extent to which you can specifically refute, correct, extenuate, mitigate, or update security concerns cited in the SOR. If you believe that the unfavorable information in the SOR presents an incomplete picture of the situation or circumstances, you should provide information that explains your case. Bear in mind that the information you provide will be considered, but it also may be verified through additional investigation.

(4)  The National Security Adjudicative Guideline(s) pertinent to security concerns in your case are listed in Attachment 5. The guideline(s) provide a framework for weighing all available information, both favorable and unfavorable that is of security concern. The Guideline(s) aid in making a common-sense decision based upon all that is known about a Subject's personal history.

(5)  When you have completed your written response, ensure you sign and date it. Place your response and supporting documents in a single envelope or package and forward to the DoD CAF, via your organization's SMOand/or SCI SMO. Be sure to meet the time deadline for submission. When a final decision is made, you will be notified in writing, via your organization's SMO and/or SCI SMO. If the decision is favorable, your access eligibility will be granted or restored. If not, you may appeal the decision to higher authority.

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

44

Updated on: 20200511

**NATIONAL SECURITY ADJUDICATIVE GUIDELINES
FOR DETERMINING ELIGIBILITY FOR ACCESS TO CLASSIFIED INFORMATION
OR ELIGIBILITY TO HOLD A SENSITIVE POSITION**

1. Introduction.

   (a) The following National Security Adjudicative Guidelines ("guidelines") are established as the single common criteria for all U.S. Government civilian and military personnel, consultants, contractors, licensees, certificate holders or grantees and their employees, and other individuals who require initial or continued eligibility for access to classified information or eligibility to hold a sensitive position, to include access to sensitive compartmented information, restricted data, and controlled or special access program information (hereafter referred to as "national security eligibility"). These guidelines shall be used by all Executive Branch Agencies when rendering any final national security eligibility determination.

   (b) National security eligibility determinations take into account a person's stability, trustworthiness, reliability, discretion, character, honesty, and judgment. Individuals must be unquestionably loyal to the United States. No amount of oversight or security procedures can replace the self-discipline and integrity of an individual entrusted to protect the nation's secrets or occupying a sensitive position. When a person's life history shows evidence of unreliability or untrustworthiness, questions arise as to whether the individual can be relied upon and trusted to exercise the responsibility necessary for working in an environment where protecting the national security is paramount.

   (c) The U.S. Government does not discriminate on the basis of race, color, religion, sex, national origin, disability, or sexual orientation in making a national security eligibility determination. No negative inference concerning eligibility under these guidelines may be raised solely on the basis of mental health counseling. No adverse action concerning these guidelines may be taken solely on the basis of polygraph examination technical calls in the absence of adjudicatively significant information.

   (d) In accordance with EO 12968, as amended, eligibility for covered individuals shall be granted only when facts and circumstances indicate that eligibility is clearly consistent with the national security interests of the United States, and any doubt shall be resolved in favor of national security.

2. The Adjudicative Process.

   (a) The adjudicative process is an examination of a sufficient period and careful weighing of a number of variables of an individual's life to make an affirmative determination that the individual is an acceptable security risk. This is known as the whole-person concept. All available, reliable information about the person, past and present, favorable and unfavorable, should be considered in reaching a national security eligibility determination.

   (b) Each case must be judged on its own merits, and the final determination remains the responsibility of the authorized adjudicative agency. Any doubt concerning personnel being considered for national security eligibility will be resolved in favor of the national security.

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

(c) The ultimate determination of whether the granting or continuing of national security eligibility is clearly consistent with the interests of national security must be an overall common sense judgment based upon careful consideration of the following guidelines, each of which is to be evaluated in the context of the whole person.

    (1) GUIDELINE A: Allegiance to the United States
    (2) GUIDELINE B: Foreign Influence
    (3) GUIDELINE C: Foreign Preference
    (4) GUIDELINE D: Sexual Behavior
    (5) GUIDELINE E: Personal Conduct
    (6) GUIDELINE F: Financial Considerations
    (7) GUIDELINE G: Alcohol Consumption
    (8) GUIDELINE H: Drug Involvement and Substance Misuse
    (9) GUIDELINE I: Psychological Conditions
  (10) GUIDELINE J: Criminal Conduct
  (11) GUIDELINE K: Handling Protected Information
  (12) GUIDELINE L: Outside Activities
  (13) GUIDELINE M: Use of Information Technology

(d) In evaluating the relevance of an individual's conduct, the adjudicator should consider the following factors:

    (1) the nature, extent, and seriousness of the conduct;
    (2) the circumstances surrounding the conduct, to include knowledgeable participation;
    (3) the frequency and recency of the conduct;
    (4) the individual's age and maturity at the time of the conduct;
    (5) the extent to which participation is voluntary;
    (6) the presence or absence of rehabilitation and other permanent behavioral changes;
    (7) the motivation of the conduct;
    (8) the potential for pressure, coercion, exploitation, or duress; and
    (9) the likelihood of continuation or recurrence.

(e) Although adverse information concerning a single criterion may not be sufficient for an unfavorable eligibility determination, the individual may be found ineligible if available information reflects a recent or recurring pattern of questionable judgment, irresponsibility, or unstable behavior. However, a single criterion may be sufficient to make an unfavorable eligibility determination even in the absence of a recent occurrence or a recurring pattern. Notwithstanding the whole-person concept, pursuit of further investigation may be terminated by an appropriate adjudicative agency in the face of reliable, significant, disqualifying, adverse information.

(f) When information of security concern becomes known about an individual who is currently eligible for access to classified information or eligible to hold a sensitive position, the adjudicator should consider whether the individual:

    (1) voluntarily reported the information;
    (2) was truthful and complete in responding to questions;
    (3) sought assistance and followed professional guidance, where appropriate;
    (4) resolved or appears likely to favorably resolve the security concern;
    (5) has demonstrated positive changes in behavior; and

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

(6) should have his or her national security eligibility suspended pending final adjudication of the information.

(g) If after evaluating information of security concern, the adjudicator decides the information is serious enough to warrant a recommendation of denial or revocation of the national security eligibility, but the specific risk to national security can be managed with appropriate mitigation measures, an adjudicator may recommend approval to grant initial or continued eligibility for access to classified information or to hold a sensitive position with an exception as defined in Appendix C [of Security Executive Agent Directive 4, National Security Adjudicative Guidelines, signed December 10, 2016, effective June 8, 2017].

(h) If after evaluating information of security concern, the adjudicator decides that the information is not serious enough to warrant a recommendation of denial or revocation of the national security eligibility, an adjudicator may recommend approval with a warning that future incidents of a similar nature or other incidents of adjudicative concern may result in revocation of national security eligibility.

(i) It must be noted that the adjudicative process is predicated upon individuals providing relevant information pertaining to their background and character for use in investigating and adjudicating their national security eligibility. Any incident of intentional material falsification or purposeful non-cooperation with security processing is of significant concern. Such conduct raises questions about an individual's judgment, reliability, and trustworthiness and may be predictive of their willingness or ability to protect national security.

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

## Applicable National Security Adjudicative Guidelines

The relevant national security adjudicative guidelines as published in the *Security Executive Agent Directive 4, National Security Adjudicative Guidelines, December 10, 2016 (Effective June 8, 2017)* for each area of security concern are attached. Please be aware that each Guideline criteria may not be applicable to your case.


## GUIDELINE E: PERSONAL CONDUCT

*The Concern*. Conduct involving questionable judgment, lack of candor, dishonesty, or unwillingness to comply with rules and regulations can raise questions about an individual's reliability, trustworthiness, and ability to protect classified or sensitive information. Of special interest is any failure to cooperate or provide truthful and candid answers during national security investigative or adjudicative processes. The following will normally result in an unfavorable national security eligibility determination, security clearance action, or cancellation of further processing for national security eligibility:

(a) refusal, or failure without reasonable cause, to undergo or cooperate with security processing, including but not limited to meeting with a security investigator for subject interview, completing security forms or releases, cooperation with medical and psychological evaluation, or polygraph examination, if authorized and required; and

(b) refusal to provide full, frank, and truthful answers to lawful questions of investigators, security officials, or other official representatives in connection with a personnel security or trustworthiness determination.


*Conditions that could raise a security concern and may be disqualifying include:*

(a) deliberate omission, concealment, or falsification of relevant facts from any personnel security questionnaire, personal history statement, or similar form used to conduct investigations, determine employment qualifications, award benefits or status, determine national security eligibility or trustworthiness, or award fiduciary responsibilities;

(b) deliberately providing false or misleading information; or concealing or omitting information, concerning relevant facts to an employer, investigator, security official, competent medical or mental health professional involved in making a recommendation relevant to a national security eligibility determination, or other official government representative;

(c) credible adverse information in several adjudicative issue areas that is not sufficient for an adverse determination under any other single guideline, but which, when considered as a whole, supports a whole-person assessment of questionable judgment, untrustworthiness, unreliability, lack of candor, unwillingness to comply with rules and regulations, or other characteristics indicating that the individual may not properly safeguard classified or sensitive information;

(d) credible adverse information that is not explicitly covered under any other guideline and may not be sufficient by itself for an adverse determination, but which, when combined with all available information, supports a whole-person assessment of questionable judgment, untrustworthiness, unreliability, lack of candor, unwillingness to comply with rules and regulations, or other characteristics indicating that the individual may not properly safeguard classified or sensitive information. This includes, but is not limited to, consideration of:

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

48

Updated on: 20200511

      (1) untrustworthy or unreliable behavior to include breach of client confidentiality, release of proprietary information, unauthorized release of sensitive corporate or government protected information;

      (2) any disruptive, violent, or other inappropriate behavior;

      (3) a pattern of dishonesty or rule violations; and

      (4) evidence of significant misuse of Government or other employer's time or resources;

(e) personal conduct, or concealment of information about one's conduct, that creates a vulnerability to exploitation, manipulation, or duress by a foreign intelligence entity or other individual or group. Such conduct includes:

      (1) engaging in activities which, if known, could affect the person's personal, professional, or community standing;

      (2) while in another country, engaging in any activity that is illegal in that country; and

      (3) while in another country, engaging in any activity that, while legal there, is illegal in the United States;

(f) violation of a written or recorded commitment made by the individual to the employer as a condition of employment; and

(g) association with persons involved in criminal activity.

*Conditions that could mitigate security concerns include:*

(a) the individual made prompt, good-faith efforts to correct the omission, concealment, or falsification before being confronted with the facts;

(b) the refusal or failure to cooperate, omission, or concealment was caused or significantly contributed to by advice of legal counsel or of a person with professional responsibilities for advising or instructing the individual specifically concerning security processes. Upon being made aware of the requirement to cooperate or provide the information, the individual cooperated fully and truthfully;

(c) the offense is so minor, or so much time has passed, or the behavior is so infrequent, or it happened under such unique circumstances that it is unlikely to recur and does not cast doubt on the individual's reliability, trustworthiness, or good judgment;

(d) the individual has acknowledged the behavior and obtained counseling to change the behavior or taken other positive steps to alleviate the stressors, circumstances, or factors that contributed to untrustworthy, unreliable, or other inappropriate behavior, and such behavior is unlikely to recur;

(e) the individual has taken positive steps to reduce or eliminate vulnerability to exploitation, manipulation, or duress;

(f) the information was unsubstantiated or from a source of questionable reliability; and

(g) association with persons involved in criminal activities was unwitting, has ceased, or occurs under circumstances that do not cast doubt upon the individual's reliability, trustworthiness, judgment, or willingness to comply with rules and regulations.

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

**GUIDELINE K: HANDLING PROTECTED INFORMATION**

<u>*The Concern*</u>. Deliberate or negligent failure to comply with rules and regulations for handling protected information—which includes classified and other sensitive government information, and proprietary information—raises doubt about an individual 's trustworthiness, judgment, reliability, or willingness and ability to safeguard such information, and is a serious security concern.

*Conditions that could raise a security concern and may be disqualifying include:*
   (a) deliberate or negligent disclosure of protected information to unauthorized persons, including, but not limited to, personal or business contacts, the media, or persons present at seminars, meetings, or conferences;
   (b) collecting or storing protected information in any unauthorized location;
   (c) loading, drafting, editing, modifying, storing, transmitting, or otherwise handling protected information, including images, on any unauthorized equipment or medium;
   (d) inappropriate efforts to obtain or view protected information outside one's need to know;
   (e) copying or modifying protected information in an unauthorized manner designed to conceal or remove classification or other document control markings;
   (f) viewing or downloading information from a secure system when the information is beyond the individual's need-to-know;
   (g) any failure to comply with rules for the protection of classified or sensitive information;
   (h) negligence or lax security practices that persist despite counseling by management; and
   (i) failure to comply with rules or regulations that results in damage to the national security, regardless of whether it was deliberate or negligent.

*Conditions that could mitigate security concerns include:*
   (a) so much time has elapsed since the behavior, or it has happened so infrequently or under such unusual circumstances, that it is unlikely to recur and does not cast doubt on the individual's current reliability, trustworthiness, or good judgment;
   (b) the individual responded favorably to counseling or remedial security training and now demonstrates a positive attitude toward the discharge of security responsibilities;
   (c) the security violations were due to improper or inadequate training or unclear instructions; and
   (d) the violation was inadvertent, it was promptly reported, there is no evidence of compromise, and it does not suggest a pattern.

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

**GUIDELINE M: USE OF INFORMATION TECHNOLOGY**

_The Concern_. Failure to comply with rules, procedures, guidelines, or regulations pertaining to information technology systems may raise security concerns about an individual's reliability and trustworthiness, calling into question the willingness or ability to properly protect sensitive systems, networks, and information. Information Technology includes any computer-based, mobile, or wireless device used to create, store, access, process, manipulate, protect, or move information. This includes any component, whether integrated into a larger system or not, such as hardware, software, or firmware, used to enable or facilitate these operations.

_Conditions that could raise a security concern and may be disqualifying include:_
  (a) unauthorized entry into any information technology system;
  (b) unauthorized modification, destruction, or manipulation of, or denial of access to, an information technology system or any data in such a system;
  (c) use of any information technology system to gain unauthorized access to another system or to a compartmented area within the same system;
  (d) downloading, storing, or transmitting classified, sensitive, proprietary, or other protected information on or to any unauthorized information technology system;
  (e) unauthorized use of any information technology system;
  (f) introduction, removal, or duplication of hardware, firmware, software, or media to or from any information technology system when prohibited by rules, procedures, guidelines or regulations or when otherwise not authorized;
  (g) negligence or lax security practices in handling information technology that persist despite counseling by management; and
  (h) any misuse of information technology, whether deliberate or negligent, that results in damage to the national security.

_Conditions that could mitigate security concerns include:_
  (a) so much time has elapsed since the behavior happened, or it happened under such unusual circumstances, that it is unlikely to recur and does not cast doubt on the individual's reliability, trustworthiness, or good judgment;
  (b) the misuse was minor and done only in the interest of organizational efficiency and effectiveness;
  (c) the conduct was unintentional or inadvertent and was followed by a prompt, good-faith effort to correct the situation and by notification to appropriate personnel; and
  (d) the misuse was due to improper or inadequate training or unclear instructions.

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

# EXHIBIT 6



**DEPARTMENT OF DEFENSE**
**CONSOLIDATED ADJUDICATIONS FACILITY**
**BUILDING 600 10TH STREET**
**FORT GEORGE G. MEADE, MD 20755-5615**

January 8, 2021

MEMORANDUM FOR WHS HUMAN RESOURCES DIRECTORATE
(ATTN: SECURITY MANAGEMENT OFFICE)

SUBJECT:   Instructions for Handling Statement of Reasons Re: Mark Moyar, 

References:  (a) DoDM 5200.02, Procedures for the DoD Personnel Security Program
(PSP)              April 3, 2017
              (b) Security Executive Agent Directive 4, National Security Adjudicative
                   Guidelines, December 10, 2016 (Effective June 8, 2017)
              (c) ICD 704, Personnel Security Standards and Procedures Governing Eligibility
                   for Access to Sensitive Compartmented Information, and Other Controlled
                   Access Program Information, October 1, 2008
              (d) ICPG 704.3, Denial or Revocation of Access to Sensitive Compartmented
                   Information, Other Controlled Access Program Information, and Appeals
                   Processes, October 2, 2008

1.   After careful review of available pertinent information and in accordance with the references above, the Department of Defense (DoD) Consolidated Adjudications Facility (CAF) has made a preliminary decision to deny or revoke the Subject's eligibility for access to SCI. The DoD CAF's assessment of the applicable security concerns for this preliminary decision is documented in the attached Statement of Reasons (SOR) addressed to the Subject.

2.   The purpose of this memorandum is to provide instructions for actions required by your organization related to the Subject named in the attached SOR. Denial or revocation of eligibility for access to classified information, duties that have been designated national security sensitive, and SCI access can have a severe impact on Subjects and their careers. The procedures required by the above references must be closely followed to ensure that all elements of security and fairness are met.

3.   Your organization is responsible for determining whether to suspend access to classified information and/or assign the Subject to non-sensitive duties pending a final personnel security decision.  Failure to do so could result in an increased level of security risk to your organization and/or national security.

4.   Please ensure the following actions, as appropriate, are accomplished within the specified time frames:

    a.   Promptly deliver the attached Statement of Reasons package to the Subject. Under NO CIRCUMSTANCES can the SOR and/or its attachments be released to the Subject's contracting company.

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

b.  Establish a point of contact for the Subject. Advise the Subject that he/she should not attempt to communicate directly with the DoD CAF and all communication with the DoD CAF must be forwarded through the Security Management Office (SMO) or SCI SMO.

c.  Complete and forward the *Statement of Reasons Receipt and Statement of Intent* to the DoD CAF within ten (10) calendar days of the Subject's receipt of the SOR package. Ensure that the Subject and your office properly complete the form. This form notifies the DoD CAF whether the Subject intends to respond to the SOR. Should the subject refuse to complete the *Statement of Reasons Receipt and Statement of Intent,* the SMO or SCI SMO will complete the form verifying the date the package was delivered to the Subject and forward the completed form to the DoD CAF within ten (10) calendar days of the subject's refusal to sign. An additional witness is required to sign the form to verify the SOR package was delivered to the Subject.

d.  Also, ensure the Subject understands that he/she may choose to obtain legal counsel, or other assistance, in preparing a response to this preliminary decision. He/she may obtain civilian counsel, at personal expense, or, if eligible, from the staff of the Judge Advocate General. Advise the Subject that if he/she desires assistance from legal counsel that he/she should make those arrangements immediately.

e.  Ensure that the Subject understands the consequences of being found ineligible for access to Sensitive Compartmented Information (SCI), and the serious effect such a decision could have on his/her career.

f.  Take particular care to ensure that the Subject fully understands that the preliminary denial or revocation decision will become final based on the available information if:

- your organization notifies the DoD CAF via the *Statement of Reasons Receipt and Statement of Intent* that the Subject does not intend to respond to the SOR, or

- the Subject reports that he/she will respond to the SOR and the DoD CAF receives no response within the specified time period.

**Ensure the Subject understands that in either of these instances, the preliminary decision will become a final determination on the merits of the available information.**

g.  If the Subject chooses to respond to the SOR, inform him/her they have sixty (60) calendar days from the date of their acknowledgment on Attachment 2, Statement of Reason Receipt and Statement of Intent, of his/her memorandum, to submit the response in writing through the SMO or SCI SMO.  Ensure the Subject understands that requests for an extension beyond the established suspense date must be submitted in writing through the SMO or the SCI SMO prior to the SOR response due date, and approved by the DoD CAF. Exceptions to this policy may only be circumstances where the Subject's failure to respond to the SOR was due to factors beyond his or her control.

h.  Assist the Subject in obtaining the applicable references and copies of pertinent investigative files. The SOR is based on information obtained from investigative agencies and/or

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

other sources. If the Subject desires copies of releasable information pertinent to this SOR, advise him/her to follow the instructions in Attachment 3 of his/her memorandum.

i.  Advise the Subject that written comments from personal references may be included as part of the response to the SOR. Such written comments may include observations regarding the Subject's judgment, reliability and trustworthiness. Personal references may comment on the pending eligibility decision if knowledgeable of the security issues identified in the SOR. Whether or not comments from personal references are included, the Subject's response to the SOR must be received in your office by the suspense date.

j.  Ensure the response to the SOR is promptly endorsed by the appropriate authority, with a copy to the Subject, and immediately forwarded to the DoD CAF.

5.  Deployment/TDY. It is in the best interest of national security that this notice to the Subject be delivered as soon as possible. It is understood, however, that deployment or other operational circumstances may make it difficult for the Subject to provide an adequate response. If the Subject is currently deployed or other operational circumstances prevent your organization from initiating this due process action, immediately notify the DoD CAF in writing. Be sure to provide your SMO or SCI SMO contact information to the DoD CAF, and keep us apprised of the Subject's status. Upon the Subject's return from deployment, or the end of the operational circumstance, your office should deliver the SOR immediately and forward the signed *Statement of Reasons Receipt and Statement of Intent* to the DoD CAF as soon as possible.

6.  If you have any questions, please contact the DoD CAF Call Center at commercial (301) 833-3850 or DSN 733-3850 or send a message via the DISS Portal.

*Pamela Robinson*  by tf

Pamela Robinson
Division Chief
Adjudications Directorate

Attachment:
Subject's Memorandum (w/attachments)

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511



**DEPARTMENT OF DEFENSE**
**CONSOLIDATED ADJUDICATIONS FACILITY**
**BUILDING 600 10TH STREET**
**FORT GEORGE G. MEADE, MD 20755-5615**

January 8, 2021

MEMORANDUM FOR MARK MOYAR, ████████

THROUGH:  WHS HUMAN RESOURCES DIRECTORATE
(ATTN: SECURITY MANAGEMENT OFFICE)

SUBJECT:  Intent to Revoke Eligibility for Access to Sensitive Compartmented Information
(SCI)

References:  (a) DoDM 5200.02, Procedures for the DoD Personnel Security Program (PSP),
April 3, 2017
(b) Security Executive Agent Directive 4, National Security Adjudicative
Guidelines, December 10, 2016 (Effective June 8, 2017)
(c) ICD 704, Personnel Security Standards and Procedures Governing Eligibility
for Access to Sensitive Compartmented Information, and Other Controlled
Access Program Information, October 1, 2008
(d) ICPG 704.3, Denial or Revocation of Access to Sensitive Compartmented
Information, Other Controlled Access Program Information, and Appeals
Processes, October 2, 2008

1.   Per the above references, a preliminary decision has been made by the Department of
Defense (DoD) Consolidated Adjudications Facility (CAF) to revoke your eligibility for access
to Sensitive Compartmented Information (SCI).

2.   A decision on eligibility for access to Sensitive Compartmented Information (SCI) is a
discretionary security decision based on judgments by appropriately trained adjudicative
personnel. Pursuant to reference (a), eligibility shall be granted only where facts and
circumstances indicate eligibility for access to classified information is clearly consistent with
the national security interests of the United States, and any doubt shall be resolved in favor of the
national security. Information concerning your personal history has led to the security concern(s)
listed in Attachment 1, *Statement of Reasons (SOR)*, which prevent the DoD CAF from making
the affirmative decision that your eligibility is clearly consistent with the interests of national
security. If this preliminary decision becomes final, you will not be eligible for access to
Sensitive Compartmented Information (SCI) as defined by the above-cited references.

3.   If you currently have access to classified information, this access may be suspended by your
organization's Security Management Office.

4.   You must complete Attachment 2, *Statement of Reasons Receipt and Statement of Intent*, and
forward it to the DoD CAF, via your organization's Security Management Office (SMO) or SCI
SMO within ten (10) calendar days of receipt of this memorandum. Contact your SMO or SCI
SMO for help in preparing and forwarding this form. If the completed Attachment 2 is not
received at the DoD CAF, it will be presumed that you do not intend to submit a reply.

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

56

5.   You may request the records upon which the DoD CAF relied on to make the preliminary decision. Attachment 3 is provided to assist you in requesting your records. Use the Defense Counterintelligence and Security Agency (DCSA) investigation request if your SOR is based upon a DCSA Investigation (formally known as the Office of Personnel Management (OPM) investigation). Use the appropriate records request form(s) provided herein, if your SOR is based upon records other than, or in addition to, the DCSA investigation. Failure to request the record(s) in a timely manner, failure to provide an accurate mailing address, and/or failure to accept receipt of the record(s) upon delivery, will not serve as justification for an extension of time to respond to the SOR.

6.   You may challenge this preliminary decision by responding, in writing, with any information or explanation that you think should be considered in reaching a final decision. Attachment 4, *Instructions for Responding to a Statement of Reasons*, provides instructions to assist you if you choose to submit a response. Attachment 5, *National Security Adjudicative Guidelines*, provides information on the guidelines and Attachment 6, *Applicable National Security Adjudicative Guidelines*, provides the specific national security adjudicative guideline(s) from reference (b) used in this preliminary decision.

7.   You may choose to obtain legal counsel, or other assistance, in preparing your response to this preliminary decision. You may obtain civilian counsel, at your own expense, or, if you are eligible, from the staff of the Judge Advocate General. If you desire assistance from legal counsel, you should make those arrangements immediately.

8.   If you choose the option to respond, your written response must be submitted through your SMO or SCI SMO within sixty (60) calendar days from the date you acknowledge receipt of this memorandum.  Your SMO or SCI SMO will then forward it to the DoD CAF.  To request an extension, you must provide a written request, with justification, to your SMO or SCI SMO prior to the current deadline.  Your SMO or SCI SMO will then submit your request to the DoD CAF for review/approval.  Any request for extension of time to respond may be granted only by the DoD CAF.

9.   If you choose the option not to respond or if you chose to respond but your response is not received by your SMO or SCI SMO within the specified time, this preliminary decision will become a final security determination on the merits of the information available. Please direct questions regarding this memorandum to your SMO or SCI SMO.


*Pamela Robinson*   by tf

Pamela Robinson
Division Chief
Adjudications Directorate


Attachments:
1. Statement of Reasons
2. Statement of Reasons Receipt and Statement of Intent

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

3. Form(s) for Requesting Records
4. Instructions for Responding to a SOR
5. National Security Adjudicative Guidelines
6. Applicable National Security Adjudicative Guidelines

**STATEMENT OF REASONS (SOR) FOR MARK MOYAR,** ▮▮▮▮▮

The information listed below was derived from the documents listed at the end of this attachment (Attachment 1, Statement of Reasons). Each item of disqualifying information falls under one or more of the security guidelines listed below.

**GUIDELINE E: Personal Conduct**

Available information shows issues of Personal Conduct on your part.

Conduct involving questionable judgment, lack of candor, dishonesty, or unwillingness to comply with rules and regulations can raise questions about an individual's reliability, trustworthiness, and ability to protect classified or sensitive information. Of special interest is any failure to cooperate or provide truthful and candid answers during national security investigative or adjudicative processes.

Per the Adjudicative Guidelines, conditions that could raise a security concern and may be disqualifying include:

During your Subject Interview conducted by United States Agency for International Development (USAID) on July 9, 2019, you disclosed you were placed on Administrative Leave on approximately June 13, 2019, after you were accused of Unauthorized Disclosure of protected United States Government Information. Your physical access to the USAID facilities was suspended; your Government Issued Equipment (GIE), Laptop computer, and issued cellular phone were confiscated; your Personal Identification Card (PIV) was confiscated; and your access to any Information Technology Systems was suspended.

You acknowledged signing a Standard Form 312 Nondisclosure Agreement while employed by Helios Global, working on MacDill AFB from 2013 to 2015. You were reminded of the content and intent of the Standard Form 312 and requirements to comply with the Nondisclosure Agreement. You further acknowledged your understanding of the requirements set forth in the agreement as well as the declassification process of classified information, and the requirements for republication reviews.

You submitted a signed statement dated July 11, 2019, stating on April 10, 2016, you submitted your *Oppose Any Foe* book manuscript to the Defense Office of Pre-publications and Security Review (DOPSR). You stated that you received notification that the Department of Defense (DoD) was still working on it. You authorized or permitted publication of your *Oppose Any Foe* book on or about April 25, 2017, without approval to release from the DOPSR.

You disclosed during your July 9, 2019, Subject Interview that you became very frustrated with the DOPSR, and you authorized your publisher to publish your book on or about April 25, 2017, without the final clearance by DOPSR. You state that you did not believe you included any protected information in the manuscript, and you needed to meet your publisher's, Basic Books, deadline. The last time you had correspondence with DOPSR was sometime in November 2016. You initiated no other inquiries or correspondence with DOPSR regarding the review status or the

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

publishing of your book until May 21, 2019, after you were informed of your suspension of access to United States Special Operations Command (USSOCOM) facilities and subsequent suspension.

You knowingly and willfully disclosed the information without official and formal approval by DOPSR. You violated DOPSR policy and your Nondisclosure Agreement made with the Federal Government. Your failure to comply with Federal Government Security Standards, which resulted in your suspension of access to facilities and equipment for Unauthorized Disclosure of protected United States Government Information, reflects questionable judgment and unwillingness to comply with rules and regulations, which raises questions about your reliability, trustworthiness, and ability to protect classified or sensitive information. Therefore, your personal conduct is a security concern. (Guideline E, Attachment 6)


## GUIDELINE K: Handling Protected Information

Available information shows issues of Handling Protected Information on your part.

Deliberate or negligent failure to comply with rules and regulations for handling protected information - which includes classified and other sensitive government information, and proprietary information - raises doubt about an individual's trustworthiness, judgment, reliability, or willingness and ability to safeguard such information, and is a serious security concern.

Per the Adjudicative Guidelines, conditions that could raise a security concern and may be disqualifying include:

During your Subject Interview conducted by United States Agency for International Development (USAID) on July 9, 2019, you stated that you turned over your personal computer containing defense information in the form of a book manuscript to your son for "scrubbing" of sensitive information along with data on another personal computer possibly containing related manuscript files. You stated you may have or made a copy of the original draft and possibly some related files on your current personal computer.

You disclosed you were placed on Administrative Leave on approximately June 13, 2019, after you were accused of Unauthorized Disclosure of Protected United States Government Information. Your physical access to the USAID facilities were suspended; your Government Issued Equipment (GIE), Laptop computer, and issued cellular phone were confiscated; your Personal Identification Card (PIV) was confiscated; and your access to any Information Technology Systems was suspended.

You stated you did not self-report your security violation to the United States Agency for International Development (USAID) Office of Security as required because you understood that your Security Liaison, having knowledge of the incident, would make the appropriate notifications.

Your decision to turn over your computers to your son for scrubbing raises doubt regarding your trustworthiness, judgment, reliability, or willingness and ability to safeguard protected information. Therefore, your mishandling of protected information is a security concern. (Guideline K, Attachment 6)


## GUIDELINE M: Use of Information Technology

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

Available information shows issues of Use of Information Technology on your part.

Failure to comply with rules, procedures, guidelines, or regulations pertaining to information technology systems may raise security concerns about an individual's reliability and trustworthiness, calling into question the willingness or ability to properly protect sensitive systems, networks, and information. Information Technology includes any computer-based, mobile, or wireless device used to create, store, access, process, manipulate, protect, or move information. This includes any component, whether integrated into a larger system or not, such as hardware, software, or firmware, used to enable or facilitate these operations.

Per the Adjudicative Guidelines, conditions that could raise a security concern and may be disqualifying include:

During your Subject Interview conducted by United States Agency for International Development (USAID) on July 9, 2019, you disclosed you were placed on Administrative Leave on approximately June 13, 2019, after you were accused of Unauthorized Disclosure of Protected United States Government Information. Your physical access to the USAID facilities were suspended; your Government Issued Equipment (GIE), Laptop computer, and issued cellular phone were confiscated; your Personal Identification Card (PIV) was confiscated; and your access to any Information Technology Systems was suspended.

During your Subject Interview conducted by United States Agency for International Development (USAID) on July 9, 2019, you stated that you turned over your computer to your son for scrubbing along with another personal computer possibly containing related manuscript files. You stated you may have or made a copy of the original draft and possibly some related files on your current personal computer. Therefore, you admitted that you downloaded, stored, or transmitted classified, sensitive, proprietary, or other protected information on to or to any unauthorized information technology system, i.e., your personal computer(s) and the IT system your son used to accomplish the "scrubbing" of data from your personal computer(s).

Your suspension of physical access to the USAID facilities raises security concerns about your reliability and trustworthiness, which calls into question yours willingness or ability to properly protect sensitive systems, networks, and information. Therefore, your misuse of information technology is a security concern. (Guideline M, Attachment 6)

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

61

## List of Pertinent Documents

United States Agency for International Development (USAID) Single Scope Background
Investigation Case Number 0052937-C, July 19, 2019

Mark Alexander Moyar Statement of Subject/Source

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

**Statement of Reasons Receipt and Statement of Intent (Subject)**

I, Mark Moyar, ▮▮▮▮▮▮▮, acknowledge that I have received the Statement of Reasons (SOR) notifying me of the Department of Defense Consolidated Adjudications Facility's preliminary decision to revoke my eligibility for access to Sensitive Compartmented Information (SCI). I understand that this form must be returned to my organization's Security Management Office (SMO) or SCI SMO within ten (10) calendar days.

I will (select one):

☐   NOT submit a reply to the SOR.  I understand that by making this choice, this preliminary decision will become a final determination based on the merits of the available information.

☐   Submit a response via my organization's SMO or SCI SMO within sixty (60) calendar days of the date I acknowledged receipt of the SOR.  I understand that if my response is not received by the SMO or SCI SMO within the sixty (60) calendar days, or later date as provided in a valid extension of time, this preliminary decision will become a final determination based on the merits of the available information.

_____        _____
(Signature)                                              (Date)

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

**<u>Statement of Reasons Receipt and Statement of Intent (SMO)</u>**

Mark Moyar: ███████████

TO BE COMPLETED BY THE ORGANIZATION'S SMO or SCI SMO


This organization verifies the Statement of Reasons (SOR) package was delivered to Subject on
_____/_____/_____.


The following action(s) will be taken (Select all that apply):

☐  Subject declared his/her intent NOT to sign the SOR Receipt and Statement of Intent form.

☐   Subject elected NOT to submit a reply to the SOR

☐  Subject will respond to the SOR.

    ☐     The organization has not granted an extension to the subject.

    ☐   The organization has granted an extension until _____/_____/_____ (not to exceed
       60 days from the date of receipt of the SOR)




_____     _____
Organization's SMO/SCI SMO (Print & Sign Name)                                                        (Date)



_____     _____
Witness (Print & Sign Name) (Required if Subject refuses to sign form)                  (Date)




THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.
64

»

# REQUEST for RECORDS
## DCSA – Investigations

**Please EXPEDITE to assist in responding to a DoD CAF Statement of Reasons (SOR).**

**Defense Counterintelligence and Security Agency (DCSA)**
**Attn: FOI/PA Office for Investigations**
**P.O. Box 618; 1137 Branchton Road**
**Boyers, PA 16018-0618**

Email: FOIPARequests@NBIB.gov

To request a copy of DCSA investigation records(formerly known as NBIB-OPM), **complete this form** and provide copies of **two (2) identity source documents**, to the DCSA Boyers FOI/PA office. You may submit your request via mail to the address above, or submit via e-mail to the e-mail address above using scanned attachments.

- Visit the DCSA FOI/PA Office for Investigations website ("Completed Investigations" tab) to view a list of acceptable forms of identity source documents at: https://www.dcsa.mil/mc/pv/mbi/mr/

- If submitting via e-mail, you should ensure that the security of your e-mail system is adequate for transmitting your sensitive personally identifiable information (PII) before choosing to transmit your request.

**Description of Records Being Sought:** *I request a copy of records pertaining to me, specified below, which are maintained by the DCSA. These documents are needed to assist in responding to a Statement of Reasons(SOR) issued by the DoD CAF.*

## Requested Records:

**List the Investigation Case # provided via the DoD CAF SOR Pertinent Documents page.**

*OPM or DCSA Case #:* _____

*OPM or DCSA Case #:* _____

## My Identifying Information:

Full Name: _____

Date of Birth: _____ Place of Birth: _____

Full Social Security Number: _____

**Page 1 of 2**

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

**Please send the requested records to me via (select one):**

**(   ) Hardcopy Mail (physical address required):**

_____

_____

_____

**(   ) E-Mail (e-mail address required):** _____

*"I declare under penalty of perjury under the laws of the United States of America that the foregoing information [concerning my identity] is true and correct."*

_____          _____

Handwritten Signature (required)                     Date

**Privacy Act Advisement:**  Requesting personal information which includes your Social Security  Number is authorized by 5 USC Sec.552a (*Privacy Act of 1974*).  Information provided herein is  used to identify and retrieve records pertaining to you.  Providing all or part of the information  is voluntary; however, without it, the above agency may not be able to identify your records.  This information may be retained and/or released to other agencies under Routine Use.

**Authority:**  E.O. 12968, Access to Classified Information, and the Department of Defense  (DoD) Manual 5200.02, *Procedures for the DoD Personnel Security Program.*

**Page 2 of 2**

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

# REQUEST for RECORDS

The U.S. Agency for International Development (USAID)

To request a copy of pertinent records from the above named agency, please provide a photocopy of <u>your picture ID</u>, along with this completed form and mail to the above address.

**Privacy Act Advisement:** Requesting personal information which includes your Social Security Number is authorized by 5 USC Sec. 552a (*Privacy Act of 1974*). Information provided herein is used to identify and retrieve records pertaining to you. Providing all or part of the information below is voluntary; however, without it, the above agency may not be able to identify your records. This information may be retained and/or released to other agencies under Routine Use.

**Authority:** E.O. 12968, Access to Classified Information; Department of Defense (DoD) Manual 5200.02, *Procedures for the DoD Personnel Security Program (PSP),* April 3, 2017.

**Description of Records:** Under the provisions of the Privacy Act, and to respond to a Statement of Reasons (SOR) issued by the Department of Defense Consolidated Adjudications Facility, **I hereby request a copy of the following records (<u>fill in pertinent records description below</u>):**

_____

_____

**Identifying information is provided as follows:**

Social Security Number:_____

Full Name:_____

Other Names Used:_____

Date of Birth:_____Place of Birth:_____

**Please mail my file to (<u>physical address required</u>):**

_____

_____

Government e-mail address (.mil or .gov): _____

*"I declare under penalty of perjury under the laws of the United States of America that the foregoing information [concerning my identity] is true and correct."*

_____     _____
**Handwritten or CAC eSignature (required)**                    **Date**

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

**Instructions for Responding to a Statement of Reasons**

1.   The Statement of Reasons (SOR) is based on unfavorable information revealed in investigation(s) into your personal history, and/or received through other means, such as your organization's security office. Specific security concerns about your conduct or background are listed in the SOR.

2.   These instructions are intended to help you provide the most accurate and relevant information as to why the preliminary decision should be reversed. However, it is only a guide. You should provide whatever information you wish to be considered by the DoD CAF in reaching a final decision.

3.   If you decide to challenge the preliminary decision, you should address each area of security concern listed in the SOR as completely as possible. It is in your best interest to provide a timely response, including complete and accurate information with pertinent details and supporting documentation.

a.   Preparing your response

(1) The SOR package and these instructions provide specific requirements and deadlines for compliance. You should carefully read the SOR to determine if the findings are accurate and whether there are circumstances that were not included which might have a favorable bearing in your case.

(2) On the *Statement of Reasons Receipt and* Statement of Intent attached to the SOR, you must notify the DoD CAF, via your organization's Security Management Office (SMO) and/or Sensitive Compartmented Information (SCI) SMO, within ten (10) calendar days as to whether you intend to respond.  If you choose to respond, your response must be submitted to your SMO and/or SCI SMO within thirty (30) calendar days from the date you received the SOR unless you requested and were granted an extension of time.

(3) If you choose to respond, you should gather any documentation that supports your case. Your response and supporting documentation should be organized in the same order as the security concerns presented in the SOR. The documents that have the most impact will be those that refute, correct, explain, extenuate, mitigate, or update the unfavorable information presented in the SOR. Examples of documentation include: copies of court records with details or dispositions of arrests and status of probation; transcripts of court testimony taken under oath; probation reports; copies of negotiated plea bargains; releases from judgment or wage attachment; statements of account or letters from creditors verifying the status of delinquent accounts; receipts or copies of canceled checks for payment on debts; certificates of completion for alcohol/drug abuse rehabilitation programs; etc. Mere statements such as "I didn't do it," "It wasn't my fault," or "I paid those bills" will not carry as much weight as supporting documentation. You may provide statements from co-workers, supervisors, your commander, friends, neighbors and others concerning your judgment, reliability and trustworthiness, and any other information that you think should be considered before a final decision is made.

(4) Seek assistance from your local security office on this matter. By separate memorandum, your SMO has been requested to provide any assistance you need in understanding this process. If they cannot answer your questions, they can request assistance from higher authority. The process is designed so Subjects can represent themselves. You may obtain legal counsel or other assistance in preparing your response; however, if you obtain private assistance, it must be obtained at your own expense. Remember it is up to you to decide

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

whether to respond or not. You are responsible for the substance of your response and it must be signed by you.

b.   Writing your response

(1)  Your response should be submitted in writing, via your SMO and/or Sensitive Compartmented Information (SCI) SMO, to the DoD CAF. It must be submitted before the expiration of the response deadline. You should address each item cited in the SOR separately. You should also admit or deny each item in the SOR and provide an explanation for each response.

(2)  Attach all supporting documentation, to include any available documentation that explains, refutes, corrects, extenuates, mitigates or updates each item cited in the SOR. Organize supporting documents in the order that they are cited in your response and enclose copies with your response. You may use dividers or tabs to help you assemble the supporting documentation in order.

(3)  The impact of your response will depend on the extent to which you can specifically refute, correct, extenuate, mitigate, or update security concerns cited in the SOR. If you believe that the unfavorable information in the SOR presents an incomplete picture of the situation or circumstances, you should provide information that explains your case. Bear in mind that the information you provide will be considered, but it also may be verified through additional investigation.

(4)  The National Security Adjudicative Guideline(s) pertinent to security concerns in your case are listed in Attachment 5. The guideline(s) provide a framework for weighing all available information, both favorable and unfavorable that is of security concern. The Guideline(s) aid in making a common-sense decision based upon all that is known about a Subject's personal history.

(5)  When you have completed your written response, ensure you sign and date it. Place your response and supporting documents in a single envelope or package and forward to the DoD CAF, via your organization's SMOand/or SCI SMO. Be sure to meet the time deadline for submission. When a final decision is made, you will be notified in writing, via your organization's SMO and/or SCI SMO. If the decision is favorable, your access eligibility will be granted or restored. If not, you may appeal the decision to higher authority.

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

**NATIONAL SECURITY ADJUDICATIVE GUIDELINES**
**FOR DETERMINING ELIGIBILITY FOR ACCESS TO CLASSIFIED INFORMATION**
**OR ELIGIBILITY TO HOLD A SENSITIVE POSITION**

1. Introduction.

(a) The following National Security Adjudicative Guidelines ("guidelines") are established as the single common criteria for all U.S. Government civilian and military personnel, consultants, contractors, licensees, certificate holders or grantees and their employees, and other individuals who require initial or continued eligibility for access to classified information or eligibility to hold a sensitive position, to include access to sensitive compartmented information, restricted data, and controlled or special access program information (hereafter referred to as "national security eligibility"). These guidelines shall be used by all Executive Branch Agencies when rendering any final national security eligibility determination.

(b) National security eligibility determinations take into account a person's stability, trustworthiness, reliability, discretion, character, honesty, and judgment. Individuals must be unquestionably loyal to the United States. No amount of oversight or security procedures can replace the self-discipline and integrity of an individual entrusted to protect the nation's secrets or occupying a sensitive position. When a person's life history shows evidence of unreliability or untrustworthiness, questions arise as to whether the individual can be relied upon and trusted to exercise the responsibility necessary for working in an environment where protecting the national security is paramount.

(c) The U.S. Government does not discriminate on the basis of race, color, religion, sex, national origin, disability, or sexual orientation in making a national security eligibility determination. No negative inference concerning eligibility under these guidelines may be raised solely on the basis of mental health counseling. No adverse action concerning these guidelines may be taken solely on the basis of polygraph examination technical calls in the absence of adjudicatively significant information.

(d) In accordance with EO 12968, as amended, eligibility for covered individuals shall be granted only when facts and circumstances indicate that eligibility is clearly consistent with the national security interests of the United States, and any doubt shall be resolved in favor of national security.

2. The Adjudicative Process.

(a) The adjudicative process is an examination of a sufficient period and careful weighing of a number of variables of an individual's life to make an affirmative determination that the individual is an acceptable security risk. This is known as the whole-person concept. All available, reliable information about the person, past and present, favorable and unfavorable, should be considered in reaching a national security eligibility determination.

(b) Each case must be judged on its own merits, and the final determination remains the responsibility of the authorized adjudicative agency. Any doubt concerning personnel being considered for national security eligibility will be resolved in favor of the national security.

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

(c) The ultimate determination of whether the granting or continuing of national security eligibility is clearly consistent with the interests of national security must be an overall common sense judgment based upon careful consideration of the following guidelines, each of which is to be evaluated in the context of the whole person.

    (1) GUIDELINE A: Allegiance to the United States
    (2) GUIDELINE B: Foreign Influence
    (3) GUIDELINE C: Foreign Preference
    (4) GUIDELINE D: Sexual Behavior
    (5) GUIDELINE E: Personal Conduct
    (6) GUIDELINE F: Financial Considerations
    (7) GUIDELINE G: Alcohol Consumption
    (8) GUIDELINE H: Drug Involvement and Substance Misuse
    (9) GUIDELINE I: Psychological Conditions
  (10) GUIDELINE J: Criminal Conduct
  (11) GUIDELINE K: Handling Protected Information
  (12) GUIDELINE L: Outside Activities
  (13) GUIDELINE M: Use of Information Technology

(d) In evaluating the relevance of an individual's conduct, the adjudicator should consider the following factors:

    (1) the nature, extent, and seriousness of the conduct;
    (2) the circumstances surrounding the conduct, to include knowledgeable participation;
    (3) the frequency and recency of the conduct;
    (4) the individual's age and maturity at the time of the conduct;
    (5) the extent to which participation is voluntary;
    (6) the presence or absence of rehabilitation and other permanent behavioral changes;
    (7) the motivation of the conduct;
    (8) the potential for pressure, coercion, exploitation, or duress; and
    (9) the likelihood of continuation or recurrence.

(e) Although adverse information concerning a single criterion may not be sufficient for an unfavorable eligibility determination, the individual may be found ineligible if available information reflects a recent or recurring pattern of questionable judgment, irresponsibility, or unstable behavior. However, a single criterion may be sufficient to make an unfavorable eligibility determination even in the absence of a recent occurrence or a recurring pattern. Notwithstanding the whole-person concept, pursuit of further investigation may be terminated by an appropriate adjudicative agency in the face of reliable, significant, disqualifying, adverse information.

(f) When information of security concern becomes known about an individual who is currently eligible for access to classified information or eligible to hold a sensitive position, the adjudicator should consider whether the individual:

    (1) voluntarily reported the information;
    (2) was truthful and complete in responding to questions;
    (3) sought assistance and followed professional guidance, where appropriate;
    (4) resolved or appears likely to favorably resolve the security concern;
    (5) has demonstrated positive changes in behavior; and

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

(6) should have his or her national security eligibility suspended pending final adjudication of the information.

(g) If after evaluating information of security concern, the adjudicator decides the information is serious enough to warrant a recommendation of denial or revocation of the national security eligibility, but the specific risk to national security can be managed with appropriate mitigation measures, an adjudicator may recommend approval to grant initial or continued eligibility for access to classified information or to hold a sensitive position with an exception as defined in Appendix C [of Security Executive Agent Directive 4, National Security Adjudicative Guidelines, signed December 10, 2016, effective June 8, 2017].

(h) If after evaluating information of security concern, the adjudicator decides that the information is not serious enough to warrant a recommendation of denial or revocation of the national security eligibility, an adjudicator may recommend approval with a warning that future incidents of a similar nature or other incidents of adjudicative concern may result in revocation of national security eligibility.

(i) It must be noted that the adjudicative process is predicated upon individuals providing relevant information pertaining to their background and character for use in investigating and adjudicating their national security eligibility. Any incident of intentional material falsification or purposeful non-cooperation with security processing is of significant concern. Such conduct raises questions about an individual's judgment, reliability, and trustworthiness and may be predictive of their willingness or ability to protect national security.

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

## Applicable National Security Adjudicative Guidelines

The relevant national security adjudicative guidelines as published in the *Security Executive Agent Directive 4, National Security Adjudicative Guidelines, December 10, 2016 (Effective June 8, 2017)* for each area of security concern are attached. Please be aware that each Guideline criteria may not be applicable to your case.

## GUIDELINE E: PERSONAL CONDUCT

*The Concern*. Conduct involving questionable judgment, lack of candor, dishonesty, or unwillingness to comply with rules and regulations can raise questions about an individual's reliability, trustworthiness, and ability to protect classified or sensitive information. Of special interest is any failure to cooperate or provide truthful and candid answers during national security investigative or adjudicative processes. The following will normally result in an unfavorable national security eligibility determination, security clearance action, or cancellation of further processing for national security eligibility:

    (a) refusal, or failure without reasonable cause, to undergo or cooperate with security processing, including but not limited to meeting with a security investigator for subject interview, completing security forms or releases, cooperation with medical and psychological evaluation, or polygraph examination, if authorized and required; and

    (b) refusal to provide full, frank, and truthful answers to lawful questions of investigators, security officials, or other official representatives in connection with a personnel security or trustworthiness determination.

*Conditions that could raise a security concern and may be disqualifying include:*

    (a) deliberate omission, concealment, or falsification of relevant facts from any personnel security questionnaire, personal history statement, or similar form used to conduct investigations, determine employment qualifications, award benefits or status, determine national security eligibility or trustworthiness, or award fiduciary responsibilities;

    (b) deliberately providing false or misleading information; or concealing or omitting information, concerning relevant facts to an employer, investigator, security official, competent medical or mental health professional involved in making a recommendation relevant to a national security eligibility determination, or other official government representative;

    (c) credible adverse information in several adjudicative issue areas that is not sufficient for an adverse determination under any other single guideline, but which, when considered as a whole, supports a whole-person assessment of questionable judgment, untrustworthiness, unreliability, lack of candor, unwillingness to comply with rules and regulations, or other characteristics indicating that the individual may not properly safeguard classified or sensitive information;

    (d) credible adverse information that is not explicitly covered under any other guideline and may not be sufficient by itself for an adverse determination, but which, when combined with all available information, supports a whole-person assessment of questionable judgment, untrustworthiness, unreliability, lack of candor, unwillingness to comply with rules and regulations, or other characteristics indicating that the individual may not properly safeguard classified or sensitive information. This includes, but is not limited to, consideration of:

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

(1) untrustworthy or unreliable behavior to include breach of client confidentiality, release of proprietary information, unauthorized release of sensitive corporate or government protected information;

(2) any disruptive, violent, or other inappropriate behavior;

(3) a pattern of dishonesty or rule violations; and

(4) evidence of significant misuse of Government or other employer's time or resources;

(e) personal conduct, or concealment of information about one's conduct, that creates a vulnerability to exploitation, manipulation, or duress by a foreign intelligence entity or other individual or group. Such conduct includes:

(1) engaging in activities which, if known, could affect the person's personal, professional, or community standing;

(2) while in another country, engaging in any activity that is illegal in that country; and

(3) while in another country, engaging in any activity that, while legal there, is illegal in the United States;

(f) violation of a written or recorded commitment made by the individual to the employer as a condition of employment; and

(g) association with persons involved in criminal activity.

*Conditions that could mitigate security concerns include:*

(a) the individual made prompt, good-faith efforts to correct the omission, concealment, or falsification before being confronted with the facts;

(b) the refusal or failure to cooperate, omission, or concealment was caused or significantly contributed to by advice of legal counsel or of a person with professional responsibilities for advising or instructing the individual specifically concerning security processes. Upon being made aware of the requirement to cooperate or provide the information, the individual cooperated fully and truthfully;

(c) the offense is so minor, or so much time has passed, or the behavior is so infrequent, or it happened under such unique circumstances that it is unlikely to recur and does not cast doubt on the individual's reliability, trustworthiness, or good judgment;

(d) the individual has acknowledged the behavior and obtained counseling to change the behavior or taken other positive steps to alleviate the stressors, circumstances, or factors that contributed to untrustworthy, unreliable, or other inappropriate behavior, and such behavior is unlikely to recur;

(e) the individual has taken positive steps to reduce or eliminate vulnerability to exploitation, manipulation, or duress;

(f) the information was unsubstantiated or from a source of questionable reliability; and

(g) association with persons involved in criminal activities was unwitting, has ceased, or occurs under circumstances that do not cast doubt upon the individual's reliability, trustworthiness, judgment, or willingness to comply with rules and regulations.

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

**GUIDELINE K: HANDLING PROTECTED INFORMATION**

_The Concern_. Deliberate or negligent failure to comply with rules and regulations for handling protected information—which includes classified and other sensitive government information, and proprietary information—raises doubt about an individual 's trustworthiness, judgment, reliability, or willingness and ability to safeguard such information, and is a serious security concern.

_Conditions that could raise a security concern and may be disqualifying include:_
- (a) deliberate or negligent disclosure of protected information to unauthorized persons, including, but not limited to, personal or business contacts, the media, or persons present at seminars, meetings, or conferences;
- (b) collecting or storing protected information in any unauthorized location;
- (c) loading, drafting, editing, modifying, storing, transmitting, or otherwise handling protected information, including images, on any unauthorized equipment or medium;
- (d) inappropriate efforts to obtain or view protected information outside one's need to know;
- (e) copying or modifying protected information in an unauthorized manner designed to conceal or remove classification or other document control markings;
- (f) viewing or downloading information from a secure system when the information is beyond the individual's need-to-know;
- (g) any failure to comply with rules for the protection of classified or sensitive information;
- (h) negligence or lax security practices that persist despite counseling by management; and
- (i) failure to comply with rules or regulations that results in damage to the national security, regardless of whether it was deliberate or negligent.

_Conditions that could mitigate security concerns include:_
- (a) so much time has elapsed since the behavior, or it has happened so infrequently or under such unusual circumstances, that it is unlikely to recur and does not cast doubt on the individual's current reliability, trustworthiness, or good judgment;
- (b) the individual responded favorably to counseling or remedial security training and now demonstrates a positive attitude toward the discharge of security responsibilities;
- (c) the security violations were due to improper or inadequate training or unclear instructions; and
- (d) the violation was inadvertent, it was promptly reported, there is no evidence of compromise, and it does not suggest a pattern.

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

**GUIDELINE M: USE OF INFORMATION TECHNOLOGY**

_The Concern_. Failure to comply with rules, procedures, guidelines, or regulations pertaining to information technology systems may raise security concerns about an individual's reliability and trustworthiness, calling into question the willingness or ability to properly protect sensitive systems, networks, and information. Information Technology includes any computer-based, mobile, or wireless device used to create, store, access, process, manipulate, protect, or move information. This includes any component, whether integrated into a larger system or not, such as hardware, software, or firmware, used to enable or facilitate these operations.

_Conditions that could raise a security concern and may be disqualifying include:_
  (a) unauthorized entry into any information technology system;
  (b) unauthorized modification, destruction, or manipulation of, or denial of access to, an information technology system or any data in such a system;
  (c) use of any information technology system to gain unauthorized access to another system or to a compartmented area within the same system;
  (d) downloading, storing, or transmitting classified, sensitive, proprietary, or other protected information on or to any unauthorized information technology system;
  (e) unauthorized use of any information technology system;
  (f) introduction, removal, or duplication of hardware, firmware, software, or media to or from any information technology system when prohibited by rules, procedures, guidelines or regulations or when otherwise not authorized;
  (g) negligence or lax security practices in handling information technology that persist despite counseling by management; and
  (h) any misuse of information technology, whether deliberate or negligent, that results in damage to the national security.

_Conditions that could mitigate security concerns include:_
  (a) so much time has elapsed since the behavior happened, or it happened under such unusual circumstances, that it is unlikely to recur and does not cast doubt on the individual's reliability, trustworthiness, or good judgment;
  (b) the misuse was minor and done only in the interest of organizational efficiency and effectiveness;
  (c) the conduct was unintentional or inadvertent and was followed by a prompt, good-faith effort to correct the situation and by notification to appropriate personnel; and
  (d) the misuse was due to improper or inadequate training or unclear instructions.

THE CONTENTS OF THIS DOCUMENT ARE PROTECTED UNDER THE PRIVACY ACT OF 1974.

Updated on: 20200511

# EXHIBIT 7

**DEFENSE COUNTERINTELLIGENCE AND SECURITY AGENCY**
CONSOLIDATED ADJUDICATIONS FACILITY
BUILDING 600 10TH STREET
FORT GEORGE G. MEADE, MD 20755-5615

December 20, 2021

Occam's Razor Technologies, LLC
Attention: Facility Security Officer
2100 Reston Parkway, suite 300
Reston, VA 20191

Re: MOYAR, Mark A.
SSN: ████████

     The matter of eligibility for security clearance / position of public trust for the above employee of your company has been referred to this office for consideration.

     To reach that determination, additional information from the employee is necessary. Please deliver the enclosed sealed envelope, unopened, personally to the employee, and have the employee complete the receipt at the bottom of this page. **Email the <u>entire</u> receipt page to Dcsa.meade.dcsa-dvd.mbx.dodcaf-industry-response@mail.mil**. We must have this proof that the employee received their envelope within (7) days of receipt.

     If the employee is no longer employed by your company or if the employee does not require a security clearance for access to any level of classified information, please update the Defense Information System for Security (DISS) to reflect the separation and return the enclosed envelope, unopened, directly to this office.

     Should you have questions or problems with this request, you may email them to **Dcsa.meade.dcsa-dvd.mbx.dodcaf-industry-response@mail.mil** for assistance. Your cooperation in this matter is appreciated.

Mark Smith
Branch Technical Lead
Adjudications Directorate

Enclosure

---

RECEIPT

PRINTED NAME _____

CURRENT HOME ADDRESS_____(HOUSE NUMBER & STREET)

_____(CITY/STATE/ZIP)

WORK TELEPHONE:_____ALTERNATE  TELEPHONE: _____

WORK EMAIL:_____ALTERNATE  EMAIL: _____

EMPLOYEE SIGNATURE_____DATE_____

PRIVACY ACT INFORMATION
In compliance with the Privacy Act of 1974, this information is Personal Data and must be protected from public disclosure.

**DEFENSE COUNTERINTELLIGENCE AND SECURITY AGENCY**
CONSOLIDATED ADJUDICATIONS FACILITY
BUILDING 600 10TH STREET
FORT GEORGE G. MEADE, MD 20755-5615

December 20, 2021

Mark Alexander Moyar
c/o Occam's Razor Technologies, LLC
2100 Reston Parkway, suite 300
Reston, VA 20191

Dear Mr. Moyar:

The matter of your eligibility for a security clearance /position of public trust has been referred to this office in accordance with Department of Defense (DOD) Directive 5220.6 (Copy Enclosed).

A preliminary determination has been made that it is not clearly consistent with the national interest for you to have access to classified information / position of public trust. As such, the enclosed Statement of Reasons sets forth why you should not be granted a security clearance or that any security clearance you currently hold should be revoked. Also enclosed, you will find the pertinent guideline(s) as it relates to the Statement of Reasons. The final determination will be made by an Administrative Judge.

**You MUST do the following:**

1.  Answer *each* subparagraph of the Statement of Reasons by stating "I admit" or "I deny." You may write directly on the Statement of Reasons or on a separate sheet of paper. You are encouraged to review the Mitigating Conditions in the Adjudicative Guidelines that are referenced in the Statement of Reasons, and provide additional information, including supporting documentation that takes into account those Mitigating Conditions. Providing an explanation that refutes, extenuates, or mitigates the matters raised in the Statement of Reasons may provide a basis for favorable resolution of your case without the need for further proceedings.

2.  State whether or not you wish to have a hearing before an Administrative Judge, or if you wish to have the Administrative Judge issue a decision based upon the administrative record, without a hearing. Even if you choose not to request a hearing, the Government may elect a hearing.

3.  Provide a telephone number, work email address, personal email address, home address, and Facility Security Officer's email address.

4.  Return your complete, signed answer within 20 days of receipt of this letter to the **Department of Defense Consolidated Adjudications Facility (DCSA CAF), 600 10th Street, Suite 160, Fort George G. Meade, MD 20755-5615**. Before submitting your answer, make sure to keep a copy for your records.

PRIVACY ACT INFORMATION
In compliance with the Privacy Act of 1974, this information is Personal Data and must be protected from public disclosure.

If you request a hearing before an Administrative Judge, it will be held at a location in the United States, near where you live or work. The Government will be represented by an attorney who will present evidence and arguments supporting the allegations made against you in the Statement of Reasons. You may be represented by counsel or a personal representative, or you may choose to represent yourself. You, or your counsel or representative, may cross-examine Government witnesses, and introduce your own witnesses and other evidence on your own behalf. Additional guidance about the hearing process is contained in the DoD Directive 5220.6.

If you request to have the Administrative Judge issue a decision based upon the administrative record, without a hearing, you will be given a cop y of the documentary information that will be provided to the Administrative Judge. You will have 30 days to submit your written response to that evidence, after which time the Administrative Judge will make a decision in your case on the basis of all of the written materials provided.

If you would like a copy of the report of the investigation as compiled by the Defense Counterintelligence and Security Agency (aka DCSA), please submit a request to Defense Counterintelligence and Security Agency, ATTN: FOI/PA Office, P.O. Box 618, 1137 Branchton Road, Boyers, PA 16018-0618.

If your employer no longer requires that you have access to classified information at any level or you no longer require a trustworthiness determination, your employer's security officer must indicate the separation in the Joint Clearance and Access Verification System (JCAVS). Upon confirmation of the separation, these proceedings will be canceled and any existing security clearance or trustworthiness determination you have will be administratively withdrawn.

If you do not answer the Statement of Reasons, completely and properly, within twenty (20) days of receipt of this letter, you will be in default and processing of your case will be discontinued. Any security clearance or trustworthiness determination that you have been issued will be revoked and any pending security clearance / or trustworthiness determination requested for you will be denied.

Direct any questions you may have regarding procedures for answering the Statement of Reasons to **Dcsa.meade.dcsa-dvd.mbx.dodcaf-industry-response@mail.mil.**

Sincerely,

Mark Smith
Branch Technical Lead
Adjudications Directorate

Enclosures
1. Statement of Reasons
2. DOD Directive 5220.6
3. Privacy Act Notification

PRIVACY ACT INFORMATION
In compliance with the Privacy Act of 1974, this information is Personal Data and must be protected from public disclosure.



**DEFENSE COUNTERINTELLIGENCE AND SECURITY AGENCY**
CONSOLIDATED ADJUDICATIONS FACILITY
BUILDING 600 10TH STREET
FORT GEORGE G. MEADE, MD 20755-5615

December 20, 2021

| | |
|---|---|
| In Re: | ) |
| | ) |
| MOYAR, Mark A. | ) |
| | ) |
| | ) |
| Applicant for Security Clearance | ) |
| | ) |

ISCR Case No. 21-00859

## <u>STATEMENT OF REASONS</u>

A review of your eligibility for security clearance has been made pursuant to Executive Order 10865 (as amended) and as implemented by DoD Directive 5220.6, dated, January 2, 1992 (as amended). Because this office is unable to find that it is clearly consistent with the national interest to grant you access to classified information, your case will be submitted to an Administrative Judge for a determination as to whether or not to grant, deny, or revoke your security clearance. This determination is based on the following reasons:

1. Guideline E: Conduct involving questionable judgment, lack of candor, dishonesty, or unwillingness to comply with rules and regulations can raise questions about an individual's reliability, trustworthiness, and ability to protect classified or sensitive information. Of special interest is any failure to cooperate or provide truthful and candid answers during national security investigative or adjudicative processes. The following will normally result in an unfavorable national security eligibility determination, security clearance action, or cancellation of further processing for national security eligibility. Available information raising this concern shows that:

a. You submitted your book manuscript ("Talented and Unusual Men: The Rise of America's Special Operations Forces") to the Defense Office of Prepublication and Security Review (DOPSR) on or about April 10, 2016, for pre-publication review in accordance with DoD Instruction 5230.09 Clearance of DoD Information for Public Release and DoD Instruction 5230.29 Security and Policy Review of DoD Information for Public Release. You subsequently authorized publication of your manuscript under a different title ("Oppose Any Foe") on or about April 25, 2017, without approval to release from the DOPSR in violation of DoD Instructions 5230.09 and 5230.29.

**FOR OFFICIAL USE ONLY**
When unredacted this document contains information
**EXEMPT FROM MANDATORY DISCLOSURE under FOIA**
Exemption 6 applies

2.  Guideline K:  Deliberate or negligent failure to comply with rules and regulations for handling protected information—which includes classified and other sensitive government information, and proprietary information—raises doubt about an individual's trustworthiness, judgment, reliability, or willingness and ability to safeguard such information, and is a serious security concern. Available information raising this concern shows that:

 a.  In drafting, editing, and transmitting, and publishing the manuscript described in subparagraph 1.a., above, you downloaded, stored, or transmitted classified, sensitive, proprietary, or other protected information onto your personal computer(s), which were unauthorized information technology systems.

 b.  Information as set forth in subparagraph 1.a., above.

3.  Guideline M:  Failure to comply with rules, procedures, guidelines, or regulations pertaining to information technology systems may raise security concerns about an individual's reliability and trustworthiness, calling into question the willingness or ability to properly protect sensitive systems, networks, and information. Information Technology includes any computer-based, mobile, or wireless device used to create, store, access, process, manipulate, protect, or move information. This includes any component, whether integrated into a larger system or not, such as hardware, software, or firmware, used to enable or facilitate these operations. Available information raising this concern shows that:

 a.  Information as set forth in subparagraph 2.a., above.

 The Adjudicative Guidelines cited above were made applicable to all executive branch agencies by the Security Executive Agent on December 10, 2016, and are effective for all adjudications to determine eligibility for access to classified information or eligibility to hold a sensitive position, effective June 8, 2017.  A copy of DoD Directive 5220.6 is contained in this package and the Guidelines can be found at Enclosure 2 of the Directive.

Mark Smith
Branch Technical Lead
Adjudications Directorate

**FOR OFFICIAL USE ONLY**
When unredacted this document contains information
EXEMPT FROM MANDATORY DISCLOSURE under FOIA
Exemption 6 applies

# EXHIBIT 8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK MOYAR, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF DEFENSE, *et al.*, <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 22-0478 (TJK)

## **DECLARATION OF TORRANCE JONES**

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

I, TORRANCE JONES, am employed as a Supervisory Personnel Specialist, GG-14, at the Department of Defense Consolidated Adjudications Facility (DOD CAF), Defense Counterintelligence and Security Agency (DCSA), 600 Tenth Street, Fort Meade, Maryland 20755.  I have served in the role of Branch Chief for seven years and have been in the field of Adjudication for over fifteen years.

In this capacity, I supervise 27 Adjudicators and two supervisory Team Chiefs of the Adjudications Directorate, DOD CAF.  My duties include oversight of security adjudications activity in the DOD CAF, *i.e.*, DOD Civilian, Army, Navy, Air Force, and cleared Industry security clearance adjudications.  I ensure timely informative security determinations using the appropriate processes and ensure final determinations are consistent with all governing policies.

I make this declaration in support of Defendant's Memorandum in Support of Motion to Dismiss.

It is my understanding that Mark Moyar is the Plaintiff in this case.  I was directly involved in the adjudication of Mr Moyar's security clearance applications.

A "Statement of Reasons" (SOR) is a preliminary determination by the DOD CAF that it is not clearly consistent with the national security to approve a security clearance for the individual concerned.

When a SOR is issued, whether to a cleared contractor employee, military member or government civilian, the recipient is entitled to request copies of the documents the CAF relied upon in issuing the SOR, pursuant to Executive Order 12968 and implementing DoD regulations ("due process request" or "E.O. 12968 request").

1

DCSA's FOIA/PA office (FOIPA) processes E.O. 12968 requests (aka "due process" requests) with the same staff members and applies the same redaction rules as to requests under the FOIA and the Privacy Act of 1974.  Based upon my information and belief, the DCSA FOIPA staff prioritizes the processing of due process requests, in association with preliminary security determinations.

While due process document requests are pending with DCSA FOIPA, my Directorate grants extensions of time to respond to CAF issuances until the individual has received the documents on which the SOR was based.

In Mr Moyar's case, the DOD CAF granted an extension of time for him to respond to the SOR until July 29, 2022.  Further extensions of time may be granted depending on Mr. Moyar's circumstances.

When processing due process requests under E.O. 12968, the DCSA FOIPA office refers some requests or parts of requests to other agencies, if DCSA does not have release authority.  A copy of such a referral from Plaintiff's case is attached [Exhibit 1 - FOIPA's referral to USAID's FOIA/PA office.]

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on June 22, 2022.


TORRANCE JONES



**DEFENSE COUNTERINTELLIGENCE AND SECURITY AGENCY**
27130 TELEGRAPH ROAD
QUANTICO, VA 22134-2253

March 31, 2021

MEMORANDUM FOR THE U.S. AGENCY FOR INTERNATIONAL DEVELOPMENT
1300 Pennsylvania Avenue, NW, USAID Annex, M/MS/IRD, Room
2.4.0A, Washington, DC 20523
Email:  https://foiarequest.usaid.gov/

SUBJECT:  Freedom of Information/Privacy Act Request ICO Mr. Mark A. Moyar,
DCSA-M 21-FP-0309

    While processing Mr. Moyar's request, it was determined that the attached records
responsive to this request fall under the release authority of your agency.  We are referring a
copy of the request and responsive record(s) to your office for a release determination and direct
response to the requester.

    We have notified the requester of our referral action.  Should you have any questions
regarding this matter, please contact our FOIA and Privacy Office, via email, at
*dcsa.meade.dcsa-dvd.mbx.dodcaf-privacy-act@mail.mil.*

### Digitally signed by L. N. Turner

for/
Joy F. Greene
Chief, FOI/PA Office for Adjudications
Defense Counterintelligence and Security Agency

Attachments:
1. Request for Records
2. Record(s) for Release (234 pages)
3. Response to Requester (w/o attachments)

PRIVACY ACT INFORMATION
In compliance with the Privacy Act of 1974, this information is Personal Data and must be protected from public disclosure.

Exhibit 1
Torrance Jones Declaration

# EXHIBIT 9



TRANSMITTED VIA EMAIL                                      January 14, 2021
kel@nationalsecuritylaw.org


Mr. Kel McClanahan, Esq.
Executive Director
National Security Counselors

Re:     FOIA Request No. FP-00020-20
        First Interim Response

Dear Mr. McClanahan:

        The U. S. Agency for International Development (USAID) regrets the delay in
responding to your Freedom of Information Act (FOIA) request.  Unfortunately, USAID is
experiencing a backlog of FOIA requests.  Please know that USAID management is very
committed to providing responses to FOIA requests and remedying the FOIA backlog.

        This is the first interim response to your July 9, 2020, FOIA request on behalf of your
client, Mark Moyar to USAID. You requested the following:

        1) all information maintained by the Security Office pertaining to him. This includes all
information in his "security file" as well as all correspondence--including email--to or from that
office mentioning his name or a case associated with him.
        2) all email correspondence sent or received by the Office of the Administrator
mentioning his name, but not sent or received by Dr. Moyar
        3) all email correspondence exchanged with the White House Presidential Personnel
Office by the office responsible for corresponding with that office about political appointees (if
not the Office of the Administrator), but not sent or received by Dr. Moyar.
The Search Range is 7/1/18 through 7/9/2020.

        For your information, Congress excluded three (3) discrete categories of law enforcement
and national security records from the FOIA.  See 5 U.S.C. § 552(c) (2006 & Supp. IV
(2010)).  This response is limited to those records that are subject to the requirements of the
FOIA.  This is a standard notification that is given to all of our requesters and should not be
construed as an indication that excluded records do, or do not, exist.

        USAID conducted a comprehensive search of the Office of Security (SEC) for documents
responsive to your request. The search produced a total of 152 pages. Of those pages, we have
determined that 74 pages records of the records are releasable in their entirety, 77 pages

88

-2-

are partially releasable, and 1 page is withheld in its entirety pursuant to Title 5 U.S.C. § 552 (b)(3), (b)(5) and (b)(6) and (b)(7)(C).

FOIA Exemption 3 protects information specifically exempted from disclosure by another statute, if the statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) established particular criteria for withholding or refers to particular types of matters to be withheld.  The applicable statute is the Critical Infrastructure Information Act of 2002, Section 133 of Title 6, United States Code, which exempts from disclosure information that pertains to actual, potential, or threatened interference with, attack on, compromise of, or incapacitation of critical infrastructure or protected systems by either physical or computer-based attack or other similar conduct (including the misuse of or unauthorized access to all types of communications and data transmission systems) that violates federal, state, or local law, harms interstate commerce of the United States, or threatens public health or safety.

FOIA Exemption 5 permits agencies to withhold inter- or intra-agency memorandums, letters, or documents that would not be available by law to a party other than an agency in litigation with the agency.  Exemption 5 incorporates several civil discovery privileges, including the one pertinent to this request, the deliberative process privilege.  This privilege exempts from disclosure agency documents that are part of the agency's pre-decisional process.  The purpose of the privilege is to prevent injury to the quality of agency decisions by (1) encouraging frank and open discussions on matters of policy between subordinates and superiors; (2) protecting against premature disclosure of proposed policies before final adoption; and (3) protecting against public confusion that might result from disclosures of reasons and rationales that were not, in fact, ultimately the grounds for an agency's actions.  In this instance, we withheld an internal investigative guidance document.

We have determined that none of the information being withheld per FOIA Exemption 5 is appropriate for discretionary disclosure.

FOIA Exemption 6 exempts from disclosure information about individuals in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy.  The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.  Within the records, we withheld phone numbers, and email and home addresses.

FOIA Exemption 7(C) protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy.  This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged [wrongdoing/criminal activity].  That interest extends to persons who are not only the subjects of the investigation, but also to those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.  As such, we have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of

the information.  Please note that any private interest you may have in that information does not factor into this determination.

If you require any further assistance or would like to discuss any aspect of your request, you may contact Jalissa Spence, the assigned FOIA Specialist via email at jaspence@usaid.gov. You may also contact USAID's FOIA Public Liaison, Christopher Colbow, at foia@usaid.gov.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services offered:

> Office of Government Information Services
> National Records and Archives Administration
> 8601 Adelphi Road-OGIS
> College Park, Maryland 20740-6001
> E-mail: ogis@nara.gov
> Telephone: (202) 741-5770; toll free at 1-877-684-6448
> Fax: (202) 741-5769

You have the right to appeal this first interim response. Your appeal must be received by USAID no later than 90 days from the date of this letter. To protect its workforce from COVID-19, USAID is implementing maximum telework. Our FOIA professionals are therefore working from home and do not have access to postal mail and fax machine. Accordingly, if you would like to appeal this disclosure determination, please send your appeal to foia@usaid.gov, and address it to the Deputy Director of the Bureau for Management, Office of Management Services. In addition, please include your tracking number FP-00020-20 first interim response in your email.

Please be advised that this is not our final response as we are still reviewing records from the respective program.  We will continue to provide you with interim releases until such time all records have been processed.

There is no charge for this FOIA request.

Thank you for your interest in USAID.

Sincerely,

Antionette M
Robertson (affiliate)

Digitally signed by Antionette M
Robertson (affiliate)
Date: 2022.01.14 22:48:56 -05'00'

Christopher Colbow, Chief
FOIA Public Liaison
FOIA Officer/Agency Records Officer
Bureau for Management
Office of Management Services
Information and Records Division

Enclosures:  Responsive Records (151 pages)

# EXHIBIT 10



TRANSMITTED VIA EMAIL                                May 20, 2022
kel@nationalsecuritylaw.org


Mr. Kel McClanahan, Esq.
Executive Director
National Security Counselors

Re: FOIA Request No. FP-00005-21
        Final Response

Dear Mr. McClanahan:

        The United States Agency for International Development (USAID) regrets the delay in responding to your Freedom of Information (FOIA) request.  Unfortunately, USAID is experiencing a backlog of FOIA requests.  Please know that USAID management is very committed to providing responses to FOIA requests and remedying the FOIA backlog.

        This is the final response to your July 15, 2020, FOIA request to the Department of Defense (DoD).  We received your request and the referred documents from the Defense Counterintelligence and Security Agency (DCSA) on April 21, 2021.  You requested "all information including incident reports and inter-intra agency email or paper correspondence about Mr. Moyar located in systems maintained by DMDC, including but not limited to DISS, DCII, and JPAS."

        For your information, Congress excluded three (3) discrete categories of law enforcement and national security records from the FOIA.  See 5 U.S.C. § 552(c) (2006 & Supp. IV (2010)). This response is limited to those records that are subject to the requirements of the FOIA.  This is a standard notification that is given to all of our requesters and should not be construed as an indication that excluded records do, or do not, exist.

        USAID reviewed the referred DCSA documents containing 234 pages and determined 80 pages of the records are releasable in their entirety and 80 pages are partially releasable partially releasable pursuant to Title 5 U.S.C. § 552 (b)(3), (b)(6) and (b)(7)(C).  Please be advised that 74 pages consisting of an Equip Investigation on Request (No. 24464327) and a Report of Investigation (Case No. 0052937-C) was previously released to you in FP-00020-20; therefore, we have not included them in this response.

        FOIA Exemption 3 protects information specifically exempted from disclosure by another statute, if the statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) established particular criteria for withholding or refers to particular types of matters to be withheld.  The applicable statute is the

Critical Infrastructure Information Act of 2002, Section 133 of Title 6, United States Code, which exempts from disclosure information that pertains to actual, potential, or threatened interference with, attack on, compromise of, or incapacitation of critical infrastructure or protected systems by either physical or computer-based attack or other similar conduct (including the misuse of or unauthorized access to all types of communications and data transmission systems) that violates federal, state, or local law, harms interstate commerce of the United States, or threatens public health or safety.

FOIA Exemption 6 exempts from disclosure information about individuals in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy.  The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.  Within the records, we withheld the names of individuals mentioned a special agent, his initials and badge number.

FOIA Exemption 7(C) protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy.  This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged [wrongdoing/criminal activity].  That interest extends to persons who are not only the subjects of the investigation, but also to those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.   Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.  As such, we have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information.  Please note that any private interest you may have in that information does not factor into this determination.

If you require any further assistance or would like to discuss any aspect of your request, you may contact Jalissa Spence, the assigned FOIA Specialist via email at jaspence@usaid.gov.  You may also contact USAID's FOIA Public Liaison, Christopher Colbow, at foia@usaid.gov.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services offered:

Office of Government Information Services
National Records and Archives Administration
8601 Adelphi Road-OGIS
College Park, Maryland 20740-6001
E-mail: ogis@nara.gov
Telephone: (202) 741-5770; toll free at 1-877-684-6448
Fax (202) 741-5769

You have the right to appeal this final response. Your appeal must be received by USAID no later than 90 days from the date of this letter.   To protect its workforce from COVID-19, USAID is implementing maximum telework.  Our FOIA professionals are therefore working from home and do not have access to postal mail and fax machine.  Accordingly, if you would like to appeal this disclosure determination, please send your appeal to foia@usaid.gov, and address it to the Deputy Director of the Bureau for Management, Office of Management Services.  In addition, please include your tracking number FP-00005-21 final response in your email.

There is no charge for this FOIA request.  As this concludes the processing of your request, it will be closed.

Thank you for your interest in USAID.

Sincerely,

Antionette M Robertson (affiliate)

Digitally signed by Antionette M Robertson (affiliate)
Date: 2022.05.20 15:48:06 -04'00'

Christopher Colbow, Chief
FOIA Public Liaison
FOIA Officer/Agency Records Officer
Bureau for Management
Office of Management Services
Information and Records Division

Enclosures: Records Referred by DoD (160 pages)

# EXHIBIT 11



TRANSMITTED VIA EMAIL                                      May 18, 2022
kel@nationalsecuritylaw.org

Mr. Kel McClanahan, Esq.
Executive Director
National Security Counselors

Re: FOIA Request No. FP-00010-22
       Final Response

Dear Mr. McClanahan:

       The United States Agency for International Development (USAID) regrets the delay in responding to your Freedom of Information (FOIA) request.  Unfortunately, USAID is experiencing a backlog of FOIA requests.  Please know that USAID management is very committed to providing responses to FOIA requests and remedying the FOIA backlog.

       This is the final response to your May 7, 2020, FOIA request to the Department of Defense (DoD).  We received your request and the referred documents from DoD on March 24, 2022.  You requested "all information on behalf of your client, Mark Moyar, pertaining to a complaint he filed with the DoD OIG on 9/25/19, which was referred to the Whistleblower Retaliation Division and the Joint Staff Division, and any actions taken in response to that complaint. One of the relevant file numbers is 20190930-060615, but there may be others."

       For your information, Congress excluded three (3) discrete categories of law enforcement and national security records from the FOIA.  See 5 U.S.C. § 552(c) (2006 & Supp. IV (2010)).  This response is limited to those records that are subject to the requirements of the FOIA.  This is a standard notification that is given to all of our requesters and should not be construed as an indication that excluded records do, or do not, exist.

       USAID reviewed the referred 7-page statement provided by your client and determined the 7-pages of records are partially releasable pursuant to Title 5 U.S.C. § 552 (b)(6) and (b)(7)(C).

       FOIA Exemption 6 exempts from disclosure information about individuals in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy.  The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.  Within the records, we withheld the names of a special agent, his initials and badge number.

FOIA Exemption 7(C) protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged [wrongdoing/criminal activity]. That interest extends to persons who are not only the subjects of the investigation, but also to those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. As such, we have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information. Please note that any private interest you may have in that information does not factor into this determination.

If you require any further assistance or would like to discuss any aspect of your request, you may contact Jalissa Spence, the assigned FOIA Specialist via email at jaspence@usaid.gov. You may also contact USAID's FOIA Public Liaison, Christopher Colbow, at foia@usaid.gov.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services offered:

> Office of Government Information Services
> National Records and Archives Administration
> 8601 Adelphi Road-OGIS
> College Park, Maryland 20740-6001
> E-mail: ogis@nara.gov
> Telephone: (202) 741-5770; toll free at 1-877-684-6448
> Fax (202) 741-5769

You have the right to appeal this final response. Your appeal must be received by USAID no later than 90 days from the date of this letter. To protect its workforce from COVID-19, USAID is implementing maximum telework. Our FOIA professionals are therefore working from home and do not have access to postal mail and fax machine. Accordingly, if you would like to appeal this disclosure determination, please send your appeal to foia@usaid.gov, and address it to the Deputy Director of the Bureau for Management, Office of Management Services. In addition, please include your tracking number FP-00010-22 final response in your email.

There is no charge for this FOIA request. As this concludes the processing of your request, it will be closed.

Thank you for your interest in USAID.

Sincerely,

Antionette M
Robertson (affiliate)

Digitally signed by Antionette
M Robertson (affiliate)
Date: 2022.05.18 14:22:38
-04'00'

Christopher Colbow, Chief
FOIA Public Liaison
FOIA Officer/Agency Records Officer
Bureau for Management
Office of Management Services
Information and Records Division

Enclosures: Responsive Records (7 pages)

# EXHIBIT 12



TRANSMITTED VIA EMAIL                                    May 18, 2022
kel@nationalsecuritylaw.org


Mr. Kel McClanahan, Esq.
Executive Director
National Security Counselors


Re:  FOIA Request No. FP-00018-20
       Final Response

Dear Mr. McClanahan:

        The United States Agency for International Development (USAID) regrets the delay in
responding to your Freedom of Information (FOIA) request.  Unfortunately, USAID is
experiencing a backlog of FOIA requests.  Please know that USAID management is very
committed to providing responses to FOIA requests and remedying the FOIA backlog.

        This is the final response to your May 7, 2020, FOIA request to the Department of
Defense (DoD).  We received your request and the referred documents from DoD on May 28,
2020.  You requested "all information on behalf of your client, Mark Moyar, pertaining to a
complaint he filed with the DoD OIG on 9/25/19, which was referred to the Whistleblower
Retaliation Division and the Joint Staff Division, and any actions taken in response to that
complaint. One of the relevant file numbers is 20190930-060615, but there may be others."

        For your information, Congress excluded three (3) discrete categories of law enforcement
and national security records from the FOIA.  See 5 U.S.C. § 552(c) (2006 & Supp. IV (2010)).
This response is limited to those records that are subject to the requirements of the FOIA.  This is
a standard notification that is given to all of our requesters and should not be construed as an
indication that excluded records do, or do not, exist.

        USAID reviewed the referred 10-page statement provided by your client and determined
the 10 pages of records are partially releasable pursuant to Title 5 U.S.C. § 552 (b)(6) and
(b)(7)(C).

        FOIA Exemption 6 exempts from disclosure information about individuals in personnel
or medical files and similar files the release of which would cause a clearly unwarranted invasion
of personal privacy.  This requires a balancing of the public's right to disclosure against the
individual's right to privacy.  The privacy interests of the individuals in the records you have
requested outweigh any minimal public interest in disclosure of the information.  Any private
interest you may have in that information does not factor into the aforementioned balancing test.
Within the records, we withheld the names of individuals mentioned a special agent, his initials
and badge number.

FOIA Exemption 7(C) protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy.  This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged [wrongdoing/criminal activity].  That interest extends to persons who are not only the subjects of the investigation, but also to those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.  As such, we have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information.  Please note that any private interest you may have in that information does not factor into this determination.

If you require any further assistance or would like to discuss any aspect of your request, you may contact Jalissa Spence, the assigned FOIA Specialist via email at jaspence@usaid.gov.  You may also contact USAID's FOIA Public Liaison, Christopher Colbow, at foia@usaid.gov.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services offered:

> Office of Government Information Services
> National Records and Archives Administration
> 8601 Adelphi Road-OGIS
> College Park, Maryland 20740-6001
> E-mail: ogis@nara.gov
> Telephone: (202) 741-5770; toll free at 1-877-684-6448
> Fax (202) 741-5769

You have the right to appeal this final response. Your appeal must be received by USAID no later than 90 days from the date of this letter.   To protect its workforce from COVID-19, USAID is implementing maximum telework.  Our FOIA professionals are therefore working from home and do not have access to postal mail and fax machine.  Accordingly, if you would like to appeal this disclosure determination, please send your appeal to foia@usaid.gov, and address it to the Deputy Director of the Bureau for Management, Office of Management Services.  In addition, please include your tracking number FP-00018-20 final response in your email.

There is no charge for this FOIA request.  As this concludes the processing of your request, it will be closed.

Thank you for your interest in USAID.

Sincerely,

Antionette M
Robertson (affiliate)

Digitally signed by Antionette M
Robertson (affiliate)
Date: 2022.05.18 14:10:32 -04'00'

Christopher Colbow, Chief
FOIA Public Liaison
FOIA Officer/Agency Records Officer
Bureau for Management
Office of Management Services
Information and Records Division

Enclosures: Records Referred by DoD (10 pages)

# EXHIBIT 13

**Richey, Jessica C.**

| | |
|---|---|
| **From:** | Richey, Jessica C. |
| **Sent:** | Monday, November 18, 2019 6:16 PM |
| **To:** | 'markmoyar@gmail.com' |
| **Subject:** | RE: (SEND SECURE) Privacy Act request 2019-22615 |

Mr. Moyar,

DCSA conducts background investigations at the request of our customer agencies.  DCSA forwards these completed investigations to the requesting federal agency for adjudication, hiring decision and/or clearance decision. For information regarding your clearance, we suggest you contact the security office of the federal agency that granted you the clearance.

Regards,

*Jessica C. Richey*
Government Information Specialist
Freedom of Information and Privacy Act Office
Defense Counterintelligence and Security Agency
1137 Branchton Road
Boyers, PA 16018
724-794-5612 Ext. 5282
NBIB email: Jessica.Richey@nbib.gov
DoD Webmail: jessica.c.richey2.civ@mail.mil



*Disclaimer:  On September 30, 2019, as authorized by Executive Order 13869, the missions, records, and personnel of the OPM, National Background Investigations Bureau, transfer(red) to the Department of Defense, Defense Counterintelligence and Security Agency (DCSA).  During our transition period, we will still be using e-mail addresses ending with NBIB.gov.  If you have reservations about this e-mail message, please contact our office at: (724)794-5612 extension 7000.*

---

**From:** markmoyar@gmail.com [mailto:markmoyar@gmail.com]
**Sent:** Monday, November 18, 2019 5:53 PM
**To:** Richey, Jessica C. <Jessica.Richey@nbib.gov>
**Subject:** RE: (SEND SECURE) Privacy Act request 2019-22615

Dear Ms. Richey:
I confirm receipt. I do have a question- I was hoping to receive the records concerning the administrative withdrawal of my clearance when I left the government in August. Are you able to send any documentation pertaining to that withdrawal?

Thanks,
Mark Moyar

**Richey, Jessica C.**

**From:** Richey, Jessica C.
**Sent:** Monday, November 18, 2019 5:42 PM
**To:** 'markmoyar@gmail.com'
**Subject:** (SEND SECURE) Privacy Act request 2019-22615
**Attachments:** Moyar email copy.pdf

(SEND SECURE)

Per your request, your background investigation records are attached.  Please confirm receipt of your documents.

Thank you,

*Jessica C. Richey*
Government Information Specialist
Freedom of Information and Privacy Act Office
Defense Counterintelligence and Security Agency
1137 Branchton Road
Boyers, PA 16018
724-794-5612 Ext. 5282
NBIB email: Jessica.Richey@nbib.gov
DoD Webmail: jessica.c.richey2.civ@mail.mil



*Disclaimer:  On September 30, 2019, as authorized by Executive Order 13869, the missions, records, and personnel of the OPM, National Background Investigations Bureau, transfer(red) to the Department of Defense, Defense Counterintelligence and Security Agency (DCSA).  During our transition period, we will still be using e-mail addresses ending with NBIB.gov.  If you have reservations about this e-mail message, please contact our office at: (724)794-5612 extension 7000.*

---

**From:** Richey, Jessica C.
**Sent:** Monday, November 18, 2019 12:15 PM
**To:** 'markmoyar@gmail.com' <markmoyar@gmail.com>
**Subject:** Privacy Act request 2019-22615

Mr. Moyar,

This is in reference to your request for a copy of your background investigation records.  You requested to receive this material by secure email.  I will be transmitting your requested records within the next one to two business days.  Your records will be sent using a secure email protocol which will encrypt the PDF attachment.  If your email provider prohibits secure emails then you will be prompted to register with the OPM server.  This registration process will authenticate your identity and will allow the email to be delivered directly to you.  If you do not receive the email containing the attachment please check your Junk Email as it may be recognized as spam by some servers.  Additionally, if your browser is not TLS 1.2 enabled, you will be unable to access the file.



**DEFENSE COUNTERINTELLIGENCE AND SECURITY AGENCY**
27130 TELEGRAPH ROAD
QUANTICO, VA 22134-2253

November 18, 2019

Mr. Mark Alexander Moyar
3211 Winter Sun Terrace
Oak Hill, VA 20171

Dear Mr. Moyar:

This is in reference to your request for a copy of your investigations and standard forms. Your request was received by the Office of Personnel Management, National Background Investigations Bureau (NBIB), Freedom of Information and Privacy Act (FOI/PA) office on September 25, 2019.

On September 30, 2019, as authorized by Executive Order 13869, the missions, records, and personnel of the NBIB transferred to the Department of Defense, Defense Counterintelligence and Security Agency (DCSA). Enclosed are records responsive to your request.

We reviewed the enclosed documents in accordance with the Freedom of Information Act (FOIA) and the Privacy Act of 1974, as amended. We withheld information from document(s) 180 in accordance with FOIA exemption (b)(3) and Privacy Act exemption (j)(1). Exemption (b)(3) protects those records specifically exempt from release by statute, which in this case is section 102(d)(3) of the National Security Act of 1947. Exemption (j)(1) applies to systems of records maintained by the Central Intelligence Agency.

You have the right to appeal this response by submitting a written request to the Defense Counterintelligence and Security Agency, ATTN: Office of General Counsel, 27130 Telegraph Road, Quantico, VA 22134. Clearly mark the outside of the envelope and your written appeal letter: "Privacy/FOIA Appeal". Your appeal must be received by DCSA within ninety (90) calendar days from the date of this letter to be considered timely. Your written appeal letter should include the reasons why the requested information should be released and why this action may be in error. Include with your appeal letter a copy of your original request and this response letter. Please reference tracking number DCSA-B 2019-22615.

Our records indicate an investigation was initiated by the United States Agency for International Development on January 10, 2018, and its file should be maintained at the following address. You may contact that office for a copy of the investigation.

      USAID FOIA Office
      Bureau for Management
      Office of Management Services
      Information and Records Division
      Room 2.07B – RRB
      Washington, DC 20523-2701

Mr. Mark Alexander Moyar                                                                    2

On behalf of the Federal Bureau of Investigation (FBI), we withheld information on document(s) 5, 97, 99, 179, and 209 in accordance with Privacy Act exemption (j)(2) and FOIA exemption (b)(7)(E).  Exemption (j)(2) allows for withholding information maintained by an agency or agency component whose main function pertains to enforcing criminal laws. Exemption (b)(7)(E) protects information that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."

You may appeal the FBI's (j)(2), (b)(7)(E) redactions directly to the Department of Justice by submitting a written request to the Office of Information Policy, Sixth Floor, 441 G Street, NW, Washington, DC  20530-0001, or you may submit an appeal through OIP's eFOIA portal at https://www.justice.gov/oip/submit-and-track-request-or-appeal.  Your appeal must be received by OIP within ninety (90) days from the date of this letter to be considered timely.  The envelope and letter should be marked "Freedom of Information Appeal."

The Office of Government Information Services (OGIS) was created to offer mediation services to resolve disputes between FOIA requesters and federal agencies as a non-exclusive alternative to litigation.  You may contact OGIS in any of the following ways:

| | |
|---|---|
| U.S. National Archives and Records Administration | Phone: 202-741-5770 |
| Office of Government Information Services | Toll-Free: 1-877-684-6448 |
| 8601 Adelphi Road - OGIS | Fax: 202-741-5769 |
| College Park, MD 20740-6001 | Email:  ogis@nara.gov |

If you have any questions regarding this response, contact the Freedom of Information and Privacy office at 724-794-5612 ext. 7000 and reference tracking number DCSA-B 2019-22615.

Sincerely,

*Jessica C. Richey*

Jessica C. Richey
Government Information Specialist

Enclosures

# EXHIBIT 14



**DEFENSE COUNTERINTELLIGENCE AND SECURITY AGENCY**
27130 TELEGRAPH ROAD
QUANTICO, VA  22134-2253

July 14, 2020

Kel McClanahan, Esq.
kel@nationalsecuritylaw.org

Re: Moyar, Mark A.

Dear Mr. McClanahan:

This is in reference to Mark A. Moyar's request that a copy of all his investigative and clearance records be provided to you, or any other authorized attorney associated with the NSC.  His perfected request was received by the Department of Defense, Defense Counterintelligence and Security Agency (DCSA), Freedom of Information and Privacy Act (FOI/PA) Office for Investigations on July 10, 2020.

On September 30, 2019, as authorized by Executive Order 13869, the missions, records, and personnel of the Office of Personnel Management, National Background Investigations Bureau (NBIB) transferred to DCSA.

Our records indicate that on November 18, 2019, we provided and Mr. Moyar confirmed receipt of an electronic .pdf copy of all his maintained previous investigations.  His investigative file contains no subsequent information; therefore, we consider his request as being satisfied.  If Mr. Moyar no longer possesses this previously furnished material for his dissemination, please direct him to submit a new INV100 request to our office referencing this letter and the tracking number as provided below.

The INV100 form can be retrieved on the dcsa.mil website. https://www.dcsa.mil/Portals/91/Documents/pv/mbi/inv100-freedomofinfo.pdf

Mr. Moyar's request was submitted to the DCSA FOIP Office for Investigations.  Adjudication and clearance records are not maintained as part of the investigative file.  In order to obtain these records, a request must be submitted to the Privacy Act office of the federal agency that considered him for employment and/or granted/denied him a clearance.

We referred Mr. Moyar's request to the Department of Defense Consolidated Adjudications Facility (DoD CAF) Privacy Act Office for an access decision pertaining to any records under

Kel McClanahan, Esq.
Re: Moyar, Mark A.                                                                2

their purview, and they will respond directly to you.  You may contact them in lieu of a response
at the following address:

Defense Counterintelligence and Security Agency
Attn: Privacy Act Office
Building 600 10th Street, Suite 120
Fort George G. Meade, MD 20755-5131

If you or Mr. Moyar should have any questions regarding this response, please contact the DCSA
Freedom of Information and Privacy Office for Investigations by either responding directly to
the provided email or 724-794-5612 ext. 7000 referencing the tracking number DCSA-B 2020-
12353.

Sincerely,

Jamie Baughman
Government Information Specialist



**DEFENSE COUNTERINTELLIGENCE AND SECURITY AGENCY**
27130 TELEGRAPH ROAD
QUANTICO, VA 22134-2253

July 14, 2020
DCSA-M 20-FP-0640

Kel McClanahan, Esquire
Executive Director
National Security Counselors
Email:  Kel@NationalSecurityLaw.org

RE:  Moyar, Mark A.

Dear Mr. McClanahan:

This is in response to your Freedom of Information/Privacy Act request (FOI/PA) dated May 8, 2020, to the Defense Counterintelligence and Security Agency (DCSA), FOIA and Privacy Office for Investigations, on behalf of your client, Mr. Mark A. Moyar, wherein you requested all information about him in DCSA records, pertaining to clearances and background investigations.  Your request, including Mr. Moyar's Authorization and Privacy Waiver, was received in the DCSA Freedom of Information and Privacy Office for Adjudications on July 14, 2020.  We conducted a search for records pertaining to Mr. Moyar.

☒  Our search revealed records pertaining to your client, which we have withheld under the provisions of the *Privacy Act of 1974*, Title 5 U.S.C. §  552(a), exemption (d)(5), and the *Freedom of Information Act* (FOIA), Title 5 U.S.C. § 552, exemptions (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E).  Privacy Act exemption (d)(5) protects disclosure of information that is compiled in reasonable anticipation of civil action or proceedings, court proceedings or quasi-judicial administrative hearings.  FOIA exemption (b)(5) protects inter- and intra-agency documents which are deliberative in nature, and part of the decision making process.  Portion(s) of the record(s) contain privacy-related information about a party other than your client.  Thus, Mr. Moyar is not entitled to third party information under the provisions of the Privacy Act.  This information is also withheld per the Freedom of Information Act, Title 5 U.S.C. § 552, exemptions (b)(6) and (b)(7)(C), as disclosure of the information would constitute a clearly unwarranted invasion of the personal privacy of the individual(s) involved.  FOIA exemption (b)(7)(E) applies to records or information which could disclose investigative techniques and procedures.

☒  Our search revealed background investigation records responsive to your request, which fall under the release authority of another component of our agency, the DCSA FOIA and Privacy Office for Investigations, located in Boyers, Pennsylvania.  As you have submitted your request to their office, we have taken no additional action.

☒  Our search also revealed Joint Personnel Adjudication System (JPAS) record(s) potentially responsive to your request, which fall under the release authority of the Defense Manpower Data Center (DMDC).  In an effort to assist you, we have referred your request and responsive record

PRIVACY ACT INFORMATION
In compliance with the Privacy Act of 1974, this information is Personal Data and must be protected from public disclosure.

Attachment 3

to the Defense Manpower Data Center, 1600 Spearhead Division Avenue, Department 548, AHRC-PSI-DMD, Fort Knox, KY 40122-5504, for their action and direct response to you.

Mr. Moyar has the right to appeal this response by submitting a written request to the: Defense Counterintelligence and Security Agency, ATTN: Office of General Counsel, 27130 Telegraph Road, Quantico, VA 22134-2253. Clearly mark the outside of the envelope and the written appeal letter: *"Privacy/FOIA Appeal."* The appeal must be received by DCSA within ninety (90) calendar days from the date of this letter to be considered timely. The written appeal letter should include the reasons why the requested information should be released and why this action may be in error. Include with the appeal letter a copy of the original request and this response letter. Please reference FOI/PA tracking number DCSA-M 20-FP-0640 in all communication(s).

Your client may seek dispute resolution services from the DCSA FOIA Public Liaison or the Office of Government Information Services (OGIS). The FOIA Public Liaison may be contacted by calling (571) 305-6749 or emailing dcsa.quantico.dcsa-hq.mbx.foia@mail.mil. OGIS was created to offer mediation services to resolve disputes between FOIA requesters and federal agencies as a non-exclusive alternative to litigation. OGIS may be contacted in any of the following ways:

U.S. National Archives and Records Administration
Office of Government Information Services
8601 Adelphi Road - OGIS
College Park, MD 20740-6001
Phone: 202-741-5770
Toll-Free: 1-877-684-6448
Fax: 202-741-5769
Email: ogis@nara.gov

No other records were located responsive to your request. We hope this information is helpful, and appreciate the opportunity to assist you in this matter.

Sincerely,

/// Signed ///

for/
Thomas E. Rice, III
Acting Chief, FOI/PA Office for Adjudications
Defense Counterintelligence and Security Agency

PRIVACY ACT INFORMATION
In compliance with the Privacy Act of 1974, this information is Personal Data and must be protected from public disclosure.

# EXHIBIT 15



**DEFENSE COUNTERINTELLIGENCE AND SECURITY AGENCY**
27130 TELEGRAPH ROAD
QUANTICO, VA 22134-2253

March 31, 2021
DCSA-M 21-FP-0309

Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853
Email:  KEL@NationalSecurityLaw.org

RE:   Moyar, Mark A.

Dear Mr. McClanahan:

This is in response to your July 15, 2020 request to the Department of Defense Freedom of Information Division, on behalf of your client, Mr. Mark A. Moyar.  You requested all information – including incident reports and inter- or intra-agency email or paper correspondence -- about him located in systems maintained by DMDC, including, but not limited to, DISS, DCII, and JPAS.  The Department of Defense Freedom of Information Division referred your request to our office for a search of records responsive to your request.  The referral was received in the DCSA Freedom of Information and Privacy Office for Adjudications on January 26, 2021.  We conducted a search for records pertaining to Mr. Moyar.

Our search revealed the attached documents, which we are authorized to release to you.  We also identified a responsive record or records, consisting of seven page(s) total, which we have withheld under the provisions of the *Privacy Act of 1974*, Title 5 U.S.C. § 552(a), exemption (d)(5), and the *Freedom of Information Act* (FOIA), Title 5 U.S.C. § 552, exemptions (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E).  Privacy Act exemption (d)(5) protects disclosure of information that is compiled in reasonable anticipation of civil action or proceedings, court proceedings or quasi-judicial administrative hearings.  FOIA exemption (b)(5) protects inter-and intra-agency documents which are deliberative in nature, and part of the decision making process.  We determined the information is also protected under the attorney work-product privilege, and/or attorney-client privilege.  Portion(s) of the record(s) contain privacy-related information about a party other than your client.  Thus, Mr. Moyar is not entitled to third party information under the provisions of the Privacy Act.  This information is also withheld per the Freedom of Information Act, Title 5 U.S.C. § 552, exemptions (b)(6) and (b)(7)(C), as disclosure of the information would constitute a clearly unwarranted invasion of the personal privacy of the individual(s) involved.  FOIA exemption (b)(7)(E) applies to records or information which could disclose investigative techniques and procedures.

Records potentially responsive to your request, which fall under the release authority of the U.S. Agency for International Development and the DCSA Headquarters, FOIA and Privacy Office, were located.  We do not have release authority for those record(s); thus, we are referring your request and responsive record(s) to their Privacy Office(s), for action and direct response to you.

PRIVACY ACT INFORMATION
In compliance with the Privacy Act of 1974, this information is Personal Data and must be protected from public disclosure.

ATTACHMENT 2

Our search revealed background investigation records potentially responsive to your request, which fall under the release authority of another component of our agency located in Boyers, Pennsylvania. Should your client wish to submit a request for a copy of their background investigation(s), their Privacy Office may be contacted at: Defense Counterintelligence and Security Agency, Attn: FOIA and Privacy Office for Investigations, P.O. Box 618, 1137 Branchton Road, Boyers, PA 16018-0618, or via their website at: https://www.dcsa.mil/mc/pv/mbi/mr/.

Mr. Moyar has the right to appeal this response by submitting a written request to the: Defense Counterintelligence and Security Agency, ATTN: Office of General Counsel, 27130 Telegraph Road, Quantico, VA 22134-2253. Clearly mark the outside of the envelope and the written appeal letter: *"Privacy/FOIA Appeal."* The appeal must be received by DCSA within ninety (90) calendar days from the date of this letter to be considered timely. The written appeal letter should include the reasons why the requested information should be released and why this action may be in error. Include with the appeal letter a copy of the original request and this response letter. Please reference FOI/PA tracking number DCSA-M 21-FP-0309 in all communication(s).

Your client may seek dispute resolution services from the HQ DCSA FOIA Office or the Office of Government Information Services (OGIS). The HQ DCSA FOIA Office may be contacted by emailing dcsa.quantico.dcsa-hq.mbx.foia@mail.mil. OGIS was created to offer mediation services to resolve disputes between FOIA requesters and federal agencies as a non-exclusive alternative to litigation. OGIS may be contacted in any of the following ways:

| | |
|---|---|
| U.S. National Archives and Records Administration | Phone: 202-741-5770 |
| Office of Government Information Services | Toll-Free: 1-877-684-6448 |
| 8601 Adelphi Road – OGIS | Fax: 202-741-5769 |
| College Park, MD 20740-6001 | Email: ogis@nara.gov |

The DCSA conducts background investigations and determines eligibility in accordance with the Office of the Director of National Intelligence (ODNI) Security Executive Agent Directive (SEAD) 4 "National Security Adjudicative Guidelines. The adjudicative process is governed by Executive Order 12968, DoDM 5200.02, and DoDD 5220.6 for individuals employed by a Department of Defense (DoD) contractor.

A review of the Defense Information System for Security revealed that the DoD Consolidated Adjudications Facility, a component of DCSA, displays a Loss of Jurisdiction status, pertaining to your security clearance, as of January 22, 2021.

This information is accurate as of the date of this letter, and is subject to change based upon receipt of future adverse information, cessation of employment, or break in access exceeding 24 months. Please be advised that security clearance information is considered sensitive information and should be protected, as such. It is recommended that you restrict access and/or ensure appropriate measures have been taken to only release this information to

2
PRIVACY ACT INFORMATION
In compliance with the Privacy Act of 1974, this information is Personal Data and must be protected from public disclosure.

those entities requesting your clearance status for official purposes.  We hope this information is helpful and appreciate the opportunity to assist you in this matter.

Sincerely,

*/// Signed ///*

for/
Joy F. Greene
Chief, FOI/PA Office for Adjudications
Defense Counterintelligence and Security Agency

Attachment(s):
As stated

PRIVACY ACT INFORMATION
In compliance with the Privacy Act of 1974, this information is Personal Data and must be protected from public disclosure.

DoD SAFE                                                                                    Page 1 of 2

**Case 1:22-cv-00478-TJK   Document 7-16   Filed 06/23/22   Page 5 of 7**
**USCA Case #23-5085   Document #2017915   Filed: 09/20/2023   Page 121 of 145**

UNCLASSIFIED

 **DoD SAFE**

Logged on a

Home      Drop-Off      Pick-up      Help

## Drop-Off Summary

Click on a filename to download that file

| Filename | Size | SHA-256 Checksum | Description |
|---|---|---|---|
| ⬇ 0 MOYAR REFERRAL BOYERS.pdf | 985 7 KB | 47F5E62D7D6EFD7E2774880D726B1754 52EC566BA29CCD06361E75CBE203410E | -0309 |

1 file

**From:**

TURNER LAMAR NEVILLE  <lamar n turner civ@mail mil>  DCSA  on 2021-04-02 12:41 UTC

**Comments:**



**DEFENSE COUNTERINTELLIGENCE AND SECURITY AGENCY**
27130 TELEGRAPH ROAD
QUANTICO, VA 22134-2253

March 31, 2021

MEMORANDUM FOR THE U.S. AGENCY FOR INTERNATIONAL DEVELOPMENT
1300 Pennsylvania Avenue, NW, USAID Annex, M/MS/IRD, Room
2.4.0A, Washington, DC 20523
Email:  https://foiarequest.usaid.gov/

SUBJECT:  Freedom of Information/Privacy Act Request ICO Mr. Mark A. Moyar,
DCSA-M 21-FP-0309

    While processing Mr. Moyar's request, it was determined that the attached records
responsive to this request fall under the release authority of your agency.  We are referring a
copy of the request and responsive record(s) to your office for a release determination and direct
response to the requester.

    We have notified the requester of our referral action.  Should you have any questions
regarding this matter, please contact our FOIA and Privacy Office, via email, at
*dcsa.meade.dcsa-dvd.mbx.dodcaf-privacy-act@mail.mil.*

Digitally signed by L. N. Turner

for/
Joy F. Greene
Chief, FOI/PA Office for Adjudications
Defense Counterintelligence and Security Agency

Attachments:
1. Request for Records
2. Record(s) for Release (234 pages)
3. Response to Requester (w/o attachments)

PRIVACY ACT INFORMATION
In compliance with the Privacy Act of 1974, this information is Personal Data and must be protected from public disclosure.



**DEFENSE COUNTERINTELLIGENCE AND SECURITY AGENCY**
27130 TELEGRAPH ROAD
QUANTICO, VA 22134-2253

March 31, 2021

MEMORANDUM FOR THE DCSA HEADQUARTERS, FOIA AND PRIVACY OFFICE
27130 Telegraph Road, Quantico, VA  22134
Email:  stephanie.j.courtney.civ@mail.mil

SUBJECT:  Freedom of Information/Privacy Act Request ICO Mr. Mark A. Moyar,
DCSA-M 21-FP-0309

While processing Mr. Moyar's request for records, it was determined that the attached record(s) responsive to this request fall(s) under the release authority of your agency.  We are referring a copy of the request and responsive record(s) to your office for a release determination and direct response to the requester.

We have notified the requester of our referral action.  Should you have any questions regarding this matter, please contact our FOIA and Privacy Office, via email, at *dcsa.meade.caf.mbx.dodcaf-privacy-act@mail.mil.*

## Digitally signed by L. N. Turner

for/
Joy F. Greene
Chief, FOI/PA Office for Adjudications
Defense Counterintelligence and Security Agency

Attachments:
1. Request for Records
2. Record(s) for Release (sent via smil)
3. Response to Requester (w/o attachments)

PRIVACY ACT INFORMATION
In compliance with the Privacy Act of 1974, this information is Personal Data and must be protected from public disclosure.

This document is part of a Department of Defense Inspector General (DoD IG)
file and may contain information that could identify an IG source.



~~FOR OFFICIAL USE ONLY~~

**UNITED STATES SPECIAL OPERATIONS COMMAND**
7701 TAMPA POINT BLVD
MACDILL AIR FORCE BASE  FLORIDA 33621-5323

SOCS-Z-SM

21 May 2019

MEMORANDUM FOR U.S. AGENCY FOR INTERNATIONAL DEVELOPMENT,
OFFICE OF SECURITY, PERSONNEL SECURITY DIVISION, RONALD REAGAN
BUILDING, WASHINGTON, DC 20523-1000

SUBJECT:  Continuous Evaluation Referral (Mr. Mark A. Moyar, SSN LAST 4:  )

1.  U.S. Special Operations Command (USSOCOM) is providing this memorandum in
accordance with DoDM 5200.02, to report derogatory personnel security information on
Mr. Mark Moyer, presently in your employ.

2.  Mr. Moyar authored a publication that contains numerous instances of classified
information under the original classification authority of USSOCOM and sub-unified
commands.  This fact was established through post-publication review and results have
been forwarded to the Department of Defense Insider Threat Management and Analysis
Center-Unauthorized Disclosure Program Management Office.  As the details are
classified, they are excluded from this notice.  Mr. Moyar's cleared visit access to
USSOCOM facilities has been suspended.

3.
(b)(3) (10 U.S.C. § 130b), (b)(6), (b)(7)(C)

(b)(3) (10 U.S.C. § 130b), (b)(6), (b)(7)(C)

The identity of an IG source must be protected. Access to this document is limited to persons with the need to know for the purpose of providing a
response to the DoD IG. Do not release, reproduce, or disseminate this document (in whole or in part) outside DoD without the prior written
approval of the DoD IG or designee. Do not permit subjects, witnesses, or others to receive, review, or make copies of this document.

Ex. A

**Kel McClanahan, Esq.**

| | |
|---|---|
| **From:** | USSOCOM FOIA <FOIA@socom.mil> |
| **Sent:** | Thursday, June 23, 2022 10:53 AM |
| **To:** | 'kel@nationalsecuritylaw.org' |
| **Subject:** | USSOCOM FOIA 2022-184 - Final Response |
| **Attachments:** | 2022-184 - FOIA Request.pdf |

Mr. McClanahan,

My apologies in the delay of replying to you.  We have received the Freedom of Information Act (FOIA)/Privacy Act (PA) request (copy attached) submitted to U.S. Special Operations Command (USSOCOM) on behalf of your client, Dr. Mark Moyar.  It was assigned USSOCOM FOIA 2022-184.  Please refer to this number should you have any questions concerning your request.

Upon review, it has been determined that this request does not fall under the purview of USSOCOM.  Please be advised that the organization having cognizance over the subject matter of your request is the Defense Counterintelligence and Security Agency Consolidated Adjudication Services (DCSA CAS), formerly known as the Department of Defense Consolidated Adjudications Facility (DoD CAF).

You may wish to submit your request directly to them by email at: dcsa.meade.caf.mbx.privacy-act@mail.mil or by mailing your request to:

Defense Counterintelligence and Security Agency
ATTN: FOI/P Office for Adjudications
600 10th Street
Fort Meade, MD  20755-5131

We are closing your request with no further action required by this office. If you have any questions, please contact the USSOCOM FOIA Team at FOIA@socom.mil.  Thank you.

Regards,

Ryan M. Aceituno
Chief, FOIA/PA/CL Branch
U.S. Special Operations Command
Commercial: (813) 826-3212
NIPR: ryan.m.aceituno.civ@socom.mil
SIPR: ryan.m.aceituno.civ@socom.smil.mil
Organizational: FOIA@socom.mil

Ex. B



**DEPARTMENT OF DEFENSE**
**FREEDOM OF INFORMATION DIVISION**
**1155 DEFENSE PENTAGON**
**WASHINGTON, DC 20301-1155**

Ref:  20-FP-0205
July 13, 2020

Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853

Dear Mr. McClanahan:

This is an interim response to your July 9, 2020 Privacy Act / Freedom of Information Act (FOIA) request, a copy of which is enclosed for your convenience.  We received your request on July 9, 2020, and assigned it case number 20-FP-0205.  We ask that you use this number when referring to your request.

Although we have already begun processing your request, we will not be able to respond within the FOIA's 20-day statutory time period as there are unusual circumstances which impact our ability to quickly process your request.  The FOIA defines unusual circumstances as (a) the need to search for and collect records from a facility geographically separated from this office; (b) the potential volume of records responsive to your request; and (c) the need for consultation with one or more other agencies or DoD components having a substantial interest in either the determination or the subject matter of the records.  At least one, if not more of these scenarios applies or would likely apply to your request.  While this office handles FOIA requests for the Office of the Secretary of Defense (OSD), the Joint Staff (JS) and other component offices, we do not actually hold their records and our office is not geographically located with these organizations.  As we do not hold the records, until the required records searches are complete, we are unable to estimate the potential volume of records or the number of consultations that will be required to make a release determination.

Your request has been placed in our complex processing queue and is being worked based on the order in which the request was received.  Our current administrative workload is approximately 3,460 open requests.

In some instances, we have found that requesters who narrow the scope of their requests experience a reduction in the time needed to process their requests.  If you wish to narrow the scope of your request or have questions about the foregoing, please do not hesitate to contact your Action Officer, Raymond Hartwick, at Raymond.j.hartwick.ctr@mail.mil or 571-372-0432.

Additionally, if you have concerns about service received by our office, please contact a member of our Leadership Team at 571-372-0498 or Toll Free at 866-574-4970.

Should you wish to inquire about mediation services, you may contact the OSD/JS FOIA Public Liaison, Melissa S. Walker, at 571-372-0462 or by email at OSD.FOIALiaison@mail.mil, or the Office of Government Information Services (OGIS) at the National Archives and Records Administration.  The contact information for OGIS is as follows:

122                                        Ex. C

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road-OGIS
College Park, MD 20740
E-mail: ogis@nara.gov
Telephone: 202-741-5770
Fax: 202-741-5769
Toll-free: 1-877-684-6448

We regret the delay in responding to your request and appreciate your patience.  As previously stated, please contact your Action Officer, Mr. Hartwick, and reference FOIA case number 20-FP-0205 if you have any questions or concerns.

Sincerely,

*Stephen L. Fisher*

*For* Stephanie L. Carr
Chief

Enclosure:
As stated



**DEPARTMENT OF DEFENSE**
**DEFENSE OFFICE OF PREPUBLICATION AND SECURITY REVIEW**
**1155 DEFENSE PENTAGON**
**WASHINGTON, DC 20301-1155**

June 2, 2022

Mr. Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853

Dear Mr. McClanahan:

This is in response to your March 27, 2022, letter on behalf of your client, Mark Moyar, requesting "all information created or maintained by your agency about Dr. Moyar, his book— alternatively entitled *Talented and Unusual Men* and *Oppose Any Foe*, or allegations that he improperly published any information," in accordance with Executive Order 12968 § 5.2(a)(2). The Defense Office of Prepublication and Security Review (DOPSR) does not have the authority to release records directly to the public under Executive Order 12968 or any other release statute. This office is aware that you have filed a Freedom of Information Act request and a civil litigation case to obtain the same records. Any responsive records held by DOPSR will be provided to you and your client through one of those channels.

Sincerely,

STURGIS.GEO   Digitally signed by
RGE.R JR.1045   STURGIS.GEORGE.R.JR.1
275236   045275236
Date: 2022.06.02
16:27:07 -04'00'

George R. Sturgis, Jr.
Chief

124                                                                Ex. D



**DEFENSE COUNTERINTELLIGENCE AND SECURITY AGENCY**
27130 TELEGRAPH ROAD
QUANTICO, VA  22134-2253

July 31, 2020

Mr. Kel McClanahan, Esq.
Kel@NationalSecurityLaw.org

Dear Mr.  McClanahan:

This is in further reference to your request for records pertaining to Mark Alexander Moyar.  On July 30, 2020, we informed you that we required additional description of the type of email and correspondence you seek so we could locate the records.

In your July 30, 2020, reply, you specified that you sought emails and correspondence sent by "investigators and support staff" who worked on Mr. Moyar's investigation.  With this information we are able to conduct a search of our records.

We searched our system by Mr. Moyar's identifying information. The most recent investigation completed on Mr. Moyar by DCSA closed on February 1, 2018.   Therefore, we do not maintain emails or correspondence sent by investigators and support staff within the timeframe you specified (created since January 1, 2019).

You have the right to appeal this response by submitting a written request to the Defense Counterintelligence and Security Agency, ATTN: Office of General Counsel, 27130 Telegraph Road, Quantico, VA  22134.  Clearly mark the outside of the envelope and your written appeal letter: "Privacy/FOIA Appeal".  Your appeal must be received by DCSA within ninety (90) calendar days from the date of this letter to be considered timely.  Your written appeal letter should include the reasons why the requested information should be released and why this action may be in error.  Include with your appeal letter a copy of your original request and this response letter.  Please reference tracking number DCSA-B 2020-12607.

If you have any questions regarding this response, contact the Freedom of Information and Privacy office at 724-794-5612 ext. 7000 and reference tracking number DCSA-B 2020-12607.

Sincerely,

Thomas E. Rice, III
Chief, Records Dissemination
DCSA Freedom of Information and
Privacy Office for Investigations

125                                                                          Ex. E



**DEFENSE COUNTERINTELLIGENCE AND SECURITY AGENCY**
27130 TELEGRAPH ROAD
QUANTICO, VA  22134-2253

July 30, 2020

Mr. Kel McClanahan, Esq.
Kel@NationalSecurityLaw.org

Dear Mr. McClanahan:

This is in reference to your Freedom of Information Act (FOIA) request for records pertaining to Mark Alexander Moyar.  On September 30, 2019, as authorized by Executive Order 13869, the missions, records, and personnel of the Office of Personnel Management, National Background Investigations Bureau transferred to the Department of Defense, Defense Counterintelligence and Security Agency (DCSA).  We received your request in our office in July 15, 2020

Specifically, you requested "all DCSA records" pertaining to Mr. Moyer, which includes DODCAF, DITMAC, our office, the DCSA FOI and Privacy (FOI/P) office for Investigations, and "any other DCSA Components" which would have records, including emails or other pieces of correspondence discussing him, created since January 1, 2019.

On July 17, 2020, Government Information Specialist James Baughman provided you a copy of Mr. Moyar's investigative file (2020-12353).  If you seek emails or other correspondence related to the investigative process, we require additional information to search our records, such as the nature of the emails/correspondence, or if known the individual(s) or office that generated or received the emails/correspondence.  You may send this request to our office at the following address, or electronically to: FOIPARequests@NBIB.gov.

> Defense Counterintelligence and Security Agency
> ATTN: FOIA and Privacy Office for Investigations
> 1137 Branchton Road, P.O. Box 618
> Boyers, PA 16018

Our office forwarded your request for DODCAF records to the DCSA FOI/P Office for Adjudications on July 10, 2020.  If you seek emails/correspondence related to DODCAF or adjudicative records, you may submit your request to the following address, or electronically to: dcsa.meade.dcsa-dvd.mbx.dodcaf-privacy-act@mail.mil.  The FOI/P Adjudications office may also require additional description of the emails/correspondence you seek.

> Defense Counterintelligence and Security Agency
> ATTN: FOIA and Privacy Office for Adjudications
> 600 10th Street
> Fort George Meade, MD 20755

Records pertaining to DITMAC are under the purview of the DCSA FOI/P Headquarters Office.  You may submit your request for these records and email/correspondence to them at the following address or electronically to DCSA.Quantico.dcsa-hq.mbx.foia@mail.mil.  The FOI/P

Mr. Kel McClanahan, Esq.                                                                     2
Office for Adjudications may also require additional description of the emails/correspondence
you seek.

       Defense Counterintelligence and Security Agency
       ATTN: FOIA and Privacy Office
       27130 Telegraph Road
       Quantico, VA 22134

Alternatively, you may submit your request for DCSA records to a single component office;
however, to assist with coordination, please describe the records so that the recipient may
determine which component(s) your request pertains to.

Regarding your request for records at "any other DCSA component," our FOI/P Program is
additional information about our records may be found online at https://www.dcsa.mil/contact
/foia/foip/ and https://www.dcsa.mil/contact/foia/fr/.  We require additional description in order
to determine which component office maintains the responsive records.

You also requested information pertaining to Mr. Moyar stored in JPAS and DISS.  These
records are under the purview of the Defense Manpower Data Center. You may request
information by submitting a request to the following address, or by following their procedures
online at: https://www.dcsa.mil/contact/FOIA/public/.

       US Army Human Resource Command
       Department of the Army
       Defense Manpower Data Center
       ATTN: (AHRC-PSI-DMDC), Privacy Act Team
       Department 548
       1600 Spearhead Division Avenue
       Fort Knox, KY 40122-5504

If you have any questions regarding this response, contact the Freedom of Information and
Privacy office at 724-794-5612 ext. 7000 and reference tracking number DCSA-B 2020-12607.

       Sincerely,

       Thomas E. Rice, III
       Chief, Records Dissemination
       DCSA Freedom of Information and
       Privacy Office for Investigations

Enclosures

**Kel McClanahan, Esq.**

| | |
|---|---|
| **From:** | Clark, James M CIV DCSA DCSA HQ (USA) <james.m.clark194.civ@mail.mil> |
| **Sent:** | Wednesday, January 26, 2022 1:01 PM |
| **To:** | 'kel@nationalsecuritylaw.org' |
| **Cc:** | Robison, Jeffrey J CIV DCSA ADJ (USA); Robinson, Pamela F CIV DCSA ADJ (USA) |
| **Subject:** | RE: [Non-DoD Source] Mark Moyar receipt of SOR |

Kel:  Here is what I have learned about the several records you are seeking:

1. DCSA FOIA/PA office completed Mr Moyar's request to DCSA for records on March 31, 2021.  That office referred the request for USAID records to USAID on March 31, 2021 via DoD SAFE system, as per standard practice.  USAID picked up the referral of Mr Moyar's request on March 31, 2021.  DCSA FOIA/PA also made a referral to DITMAC through SIPR, which will likely have to go through a declassification review before any release.

   DCSA Adjudications never sent your client due process documentation request forms or "PA request forms" with the appropriate addresses for SOCOM and DOPSR.  That is because SOCOM and DOPSR records were not used by the DoD CAF in preparing the SOR. That may be why you received the response that "I am not the POC for this."

   DCSA understands that you believe SOCOM and DOPSR records are relevant for your Response to SOR, but you will have to use the ordinary Privacy Act request process at those entities. Those records were not "relied upon" by the DoD CAF for adjudication.  DCSA does not have those records in its files for this case.  Please note that the DOPSR (Defense Office of Prepublication and Security Review) records are under the release authority of Washington Headquarters Services (WHS).

2. I have referred your request for an additional extension of time to respond to the SOR to the DCSA Adjudications Directorate (cc'd)

V/r,

Jim Clark
Office of General Counsel
Defense Counterintelligence and Security Agency
301-833-3776 (office)
571-752-8471 (mobile)
James.M.Clark194.civ@mail.mil

FOR OFFICIAL USE ONLY (FOUO)

---

**From:** Clark, James M CIV DCSA DCSA HQ (USA)
**Sent:** Tuesday, January 25, 2022 11:01 PM
**To:** Kel McClanahan, Esq. <kel@nationalsecuritylaw.org>
**Subject:** Re: [Non-DoD Source] Mark Moyar receipt of SOR

Kel I'll respond tomorrow with what info I have been able to gather. Jim Clark

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARK MOYAR,

     *Plaintiff*,

    v.

DEPARTMENT OF DEFENSE, et al.,

     *Defendants*.

Civil Action No. 22-478 (TJK)

## ORDER

For the reasons set forth in the Court's accompanying Memorandum Opinion, it is hereby

**ORDERED** that Defendants' Motion to Dismiss and Motion for Relief from Local Civil

Rule 7(n), ECF No. 7, is **GRANTED**.  Plaintiff's Complaint, ECF No. 1, is hereby **DISMISSED**

**WITH PREJUDICE**.  This is a final, appealable Order.  The Clerk of Court is directed to close

the case.

    **SO ORDERED.**

                /s/ Timothy J. Kelly
                TIMOTHY J. KELLY
                United States District Judge

Date: March 28, 2023

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARK MOYAR,

        *Plaintiff*,

    v.

DEPARTMENT OF DEFENSE, et al.,

        *Defendants*.

Civil Action No. 22-478 (TJK)

## <u>MEMORANDUM OPINION</u>

Mark Moyar sues his former employers, the Department of Defense and the United States Agency for International Development, for violating Executive Order 12,968 by failing to turn over certain documents related to the suspension of his security clearance. Defendants move both to dismiss and for relief from Local Civil Rule 7(n). For the reasons explained below, the Court will grant both motions and dismiss the case.

## I.    Background

In April 2016, Moyar, who held a security clearance through the Department of Defense ("DOD"), submitted a book manuscript for prepublication review to the Defense Office of Prepublication and Security Review ("DOPSR") within DOD. ECF No. 1 ("Compl.") ¶¶ 5, 11. In April 2017, before that review was complete, Moyar published the book. *Id.* ¶ 12.

In February 2018, Moyar joined the United States Agency for International Development ("USAID"). Compl. ¶ 13. He began as a senior advisor and held a DOD-granted security clearance in connection with that position. *Id.* ¶¶ 13, 15. He was then appointed as Director of USAID's Office of Civilian-Military Cooperation. *Id.* ¶ 14. A year into his tenure, however, DOD's Special Operations Command ("SOCOM") informed USAID that Moyar's book contained

classified information, as revealed by a post-publication review.  *Id.* ¶¶ 5, 16.  USAID therefore "suspended" his clearance in June 2019.  *Id.* ¶ 18; ECF No. 7-3 (USAID's suspension letter).[1] USAID told Moyar that his political appointment would be terminated too, but to avoid that outcome, USAID permitted him to resign instead.  Compl. ¶ 19.

Moyar obtained another security clearance in July 2020 through a private-contractor sponsorship.  Compl. ¶¶ 21–22.  In December 2020, he was appointed as a deputy assistant secretary of defense—but then the Defense Counterintelligence Security Agency ("DCSA") "immediately" revoked his clearance based on the earlier allegations that he had published classified information.  *Id.* ¶¶ 23–27; *see* ECF No. 7-6 at 2 & ECF No. 7-7 at 2 (DCSA's revocation letters noting this was only a "preliminary decision").  Once President Biden took office, and before Moyar could challenge that revocation, Moyar's political appointment as a deputy assistant secretary was terminated.  Compl. ¶¶ 28–29.  Shortly after he left DOD, the same private contractor sponsored Moyar for a security clearance once more.  *Id.* ¶ 30.  This time, DCSA denied his application based on the earlier allegations that Moyar had published classified information.  *Id.* ¶ 33; ECF No. 7-8 at 3, 5 (DCSA's application-denial letter noting this was only a "preliminary determination").  In the December 2021 denial letter, DCSA provided instructions to Moyar for requesting a "copy of the report of the investigation compiled by the [DCSA]."  Compl. ¶ 34; *see* ECF No. 7-8 at 4.

---

[1] The complaint quotes or incorporates by reference USAID's June 2019 suspension letter, Compl. ¶ 18, as well as the below-mentioned Defense Counterintelligence Security Agency's two "revocation letter[s]," *id.* ¶¶ 23–25, its "December 2021 [application-denial] letter," *id.* ¶ 34, and USAID's January 2022 request-denial letter, *id.* ¶ 39.  *See* ECF Nos. 7-3, 7-6, 7-7, 7-8, 7-5.  Thus, the Court may consider these materials at this stage.  *See Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002).

Moyar then requested relevant documents from DCSA as well as USAID.  Compl. ¶ 35.
DCSA provided only the information it had "created" but not information created by other DOD
components or USAID.  *Id.* ¶ 38.  And USAID refused, explaining to him that his resignation at
USAID precluded him from requesting the documents at issue.  *See id.* ¶ 39; *see* ECF No. 7-5
(USAID's January 2022 request-denial letter).  Moyar also sought documentation-request forms
from DCSA that would allow him to request documents from DOD components that he suspects
had been involved with the post-publication review: SOCOM, DOPSR, and the DOD Insider
Threat Management and Analysis Center. *Id.* ¶¶ 36, 37.  DCSA refused these requests.  *Id.*  And
separately, Moyar pursued various requests under the Freedom of Information Act and Privacy
Act.  *Id.* ¶ 40.  Still, he has not received the information sought: "information identifying the
classified information he is alleged to have published or the post-publication review which is
alleged to have been performed."  *Id.* ¶ 40.

After Moyar was rebuffed by the agencies, he sued.  All three claims in his complaint turn
on his view that Executive Order 12,968, 60 Fed. Reg. 40,245 (1998), entitles him to the
information he seeks.  The first two claims, against DOD and USAID, allege that those agencies
failed to provide the documents at issue in violation of the Executive Order, an action "contrary to
law" under the Administrative Procedure Act ("APA").  *See* Compl. ¶¶ 43–56.  The third claim
against DOD alleges that it failed to "authorize documentation requests" in violation of the
Executive Order, which he also maintains is "contrary to law."  *See id.* ¶¶ 57–67.[2]  For relief, he
seeks an order that DOD and USAID turn over the documents and issue the request paperwork to
which he believes he is entitled under Executive Order 12,968.  *Id.* ¶¶ 49, 56, 67.

---

[2] Moyar does not challenge USAID's suspension of his security clearance, DCSA's revocation of
his security clearance, or DCSA's later denial of his security-clearance application.

3

Defendants move to dismiss Moyar's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and for relief under Local Civil Rule 7(n).

## II.    Legal Standards

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) "presents a threshold challenge to the court's jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). As federal courts are courts of limited jurisdiction, it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Thus, when faced with a motion to dismiss under Rule 12(b)(1), "the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence." *Moran v. U.S. Capitol Police Bd.*, 820 F.Supp.2d 48, 53 (D.D.C. 2011) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). In reviewing such a motion, the Court is not limited to the allegations in the complaint and may consider materials outside the pleadings but must "accept all of the factual allegations in [the] complaint as true." *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253–55 (D.C. Cir. 2005) (alteration in original) (quoting *United States v. Gaubert*, 499 U.S. 315, 327 (1991)).

A complaint must be dismissed under Rule 12(b)(6) when it "fail[s] to state a claim upon which relief can be granted." "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Though "a court must accept as true all of the allegations contained in a complaint," "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). A court may "consider the facts alleged in the complaint, documents attached as exhibits or

incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt*, 226 F. Supp. 2d at 196.

## III.   Analysis

The Court has subject-matter jurisdiction over this matter, but Moyar has failed to state a claim. Although Defendants seek dismissal on jurisdictional grounds because the agencies have purportedly not taken final agency action, that does not implicate the Court's subject-matter jurisdiction. But for Moyar to have stated a claim, even accepting as true all the allegations in the complaint, he must plausibly allege entitlement to the documents he seeks under Executive Order 12,968. The problem for Moyar is that neither USAID nor DCSA "determined" that he did "not meet the standards for access to classified information" under the order, a necessary predicate for his claim to the documents. *See* 60 Fed. Reg. at 40,252. Thus, the Court will grant Defendants' motion to dismiss for failure to state a claim.[3]

### A.   The Court has Subject-Matter Jurisdiction

Defendants argue that the Court lacks subject-matter jurisdiction "because [Moyar] has not identified a final agency action for review." *See* ECF No. 22 at 6. Defendants are wrong. True, the Court's "authority to review the conduct of an administrative agency is limited to cases challenging 'final agency action.'" *Reliable Automatic Sprinkler Co. v. Consumer Prod. Safety Comm'n*, 324 F.3d 726, 731 (D.C. Cir. 2003) (quoting 5 U.S.C. § 704). But the D.C. Circuit has held that "where 'judicial review is sought under the APA rather than a particular statute prescribing judicial review, the requirement of final agency action is not jurisdictional.'" *Trudeau v. FTC*, 456 F.3d 178, 184

---

[3] The Court will also grant Defendants' motion for relief from Local Civil Rule 7(n) because the "administrative record is not necessary for the [Court's] decision regarding [the] motion to dismiss." *Connecticut v. U.S. Dep't of the Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018) (cleaned up).

(D.C. Cir. 2006) (citation omitted).  Thus, the Court has subject-matter jurisdiction over Moyar's

claims, and it will assume, without deciding, that he has alleged reviewable final agency action in

the form of USAID's and DCSA's decisions that he is not entitled to documents or documentation-

request paperwork under Executive Order 12,968.  *See e.g.*, *id.* at 191 ("assuming [the agency's

action] satisfied the requirement of § 704" because "[w]hether a cause of action exists is not a

question of jurisdiction, and may be assumed without being decided" (quoting *Air Courier Conf.*

*of Am. v. Am. Postal Workers Union AFL-CIO*, 498 U.S. 517, 523 n.3 (1991)); *see also Impro*

*Prod., Inc. v. Block*, 722 F.2d 845, 846 (D.C. Cir. 1983) (similar).[4]

### B.        Moyar Has Failed to State a Claim

With the Court's subject-matter jurisdiction resolved, it can turn to the issue of whether

Moyar has stated a claim.  All his claims turn on his allegation that Defendants' actions were

"arbitrary, capricious, an abuse of discretion, or otherwise contrary to law" because they violated

Section 5.2(a)(2) of Executive Order 12,968.  Compl. ¶¶ 46, 52–53, 60; *see* 5 U.S.C. § 706(2)(A).

But even accepting his claims as true, he has not plausibly alleged that Defendants violated

Section 5.2(a)(2) because they did not "determine[]" that he did "not meet the standards for access

to classified information."  *See* 60 Fed. Reg. at 40,252.

---

[4] The Court also assumes that the APA is an appropriate vehicle to seek judicial review over
alleged violations of Executive Order 12,968—although there are good reasons to think otherwise.
For one thing, the order itself states that it does not "create any right to administrative or judicial
review."  60 Fed. Reg. at 40,254.  For another, the order is "intended only to improve the internal
management of the executive branch," *id.*, leading courts to read it to "bar[] a court from reviewing
agency compliance with" it, *Romero v. DOD*, 527 F.3d 1324, 1330 n.1 (Fed. Cir. 2008); *cf. Meyer
v. Bush*, 981 F.2d 1288, 1296 n.8 (D.C. Cir. 1993) ("An Executive Order devoted solely to the
internal management of the executive branch—and one which does not create any private rights—
is not . . . subject to judicial review.").

Section 5.2(a)(2) provides that "[a]pplicants and employees who are determined to not meet the standards for access to classified information established in section 3.1 of this order shall be" provided, if requested, the documentation "upon which a denial or revocation is based."  60 Fed. Reg. at 40,252.  Thus, for Moyar to be entitled to the information he requested, USAID or DCSA needed to have "determined" that he did "not meet the standards for access to classified information." *See id.*  As explained below, Defendants' actions do not fit the bill because they were only initial or preliminary steps toward that possible result.

First, Executive Order 12,968 provides some clues as to what it means to "determine[]" that an individual does "not meet the standards for access to classified information." Section 3.1(b) states that a "determination of eligibility" is a "decision based on judgments by . . . adjudicative personnel."  60 Fed. Reg. at 40,250.  And under that section, "eligibility for access to classified information shall be granted only to employees . . . for whom an appropriate investigation has been completed and whose personal and professional history affirmatively indicates loyalty to the United States, strength of character, trustworthiness, honesty, reliability, discretion, and sound judgment, as well as freedom from conflicting allegiances and potential for coercion, and willingness and ability to abide by regulations governing the use, handling, and protection of classified information." *Id.*; *see also, e.g.*, ECF No. 7-6 at 16 & ECF No. 7-7 at 19 (outlining the "National Security Adjudicative Guidelines for Determining Eligibility for Access to Classified Information or Eligibility to Hold a Sensitive Position," which are the guidelines that "shall be used by all Executive Branch Agencies when rendering a final national security eligibility determination").  And, under Section 5.2(a)(6), when an individual's eligibility is so "determined," that person must be "provided an opportunity to appeal in writing to a high level panel."  60 Fed. Reg. at 40,252.  Thus, for an individual's eligibility for access to classified information to be

"determined," it must derive from an investigation and adjudication, and the individual must be offered a chance to appeal.  And all of *that* suggests that such a determination is final, rather than initial or preliminary.

Second, the plain meaning of the words "determination" and "determine" reinforce that conclusion.  Both standard and legal dictionaries make clear that the words mean a final decision, not an initial or preliminary one.  *See* Webster's Third New International Dictionary 616 (2002) (defining "determination" as "the settling and *ending* of a controversy"; "conclusion"; "the act of deciding *definitely* and firmly" (emphases added)); *id.* (defining "determine" as "to fix conclusively or authoritatively" or "to come to a decision concerning as the result of investigation or reasoning"); *Determination*, Black's Law Dictionary (11th ed. 2019) (defining as the "act of deciding something officially; esp. a *final* decision by a court or administrative agency," and distinguishing "determination" from an "initial determination" (emphasis added)).

Thus, Moyar has failed to state a claim because his security-clearance status was never "determined" by either USAID or DCSA.  In the case of USAID, Moyar resigned before any investigation and adjudication were completed.  *See* Compl. ¶ 19.  USAID only "suspended" Moyar's clearance.  *Id.* ¶ 18.  And in an accompanying letter, USAID clarified that it "*will* initiate a background investigation" and the resulting information "*will* be adjudicated" according to the National Security Adjudicative Guidelines and other sources "to assess [Moyar's] *continued* eligibility to hold a security clearance."  ECF No. 7-3 at 2 (emphases added); *see* Compl. ¶ 18.  But Moyar resigned, and so USAID's investigation and adjudication never happened.  Compl. ¶ 19.  As USAID later explained to Moyar's counsel:

> As you are aware, your client resigned from USAID before a final determination was made regarding his access to classified information.  Accordingly, the Agency never made a final decision regarding denial or revocation.  Therefore the provisions of section 5.2 of EO 12968 do not apply.

8

Compl. ¶ 39; ECF No. 7-5 at 2.

Nor did DCSA "determine[]" Moyar's eligibility for access classified information.  In December 2020 and January 2021, DCSA made only a "preliminary decision" on the matter, stating its "[i]ntent" to revoke Moyar's access to classified information.  *See* ECF No. 7-6 at 2 & ECF No. 7-7 at 2 (emphasis added).  Pending Moyar's response and further process, that decision could have "*become a* final security determination," ECF No. 7-6 at 3 & ECF No. 7-7 at 6 (emphasis added), but it never did, because Moyar's job ended with the change in administrations, Compl. ¶¶ 28–29, 31.  Then, in December 2021, DCSA made a "preliminary determination" to deny Moyar's new security-clearance application, informing him that his case "will be submitted to an Administrative Judge for a determination as to whether or not to grant, deny, or revoke [his] security clearance," which would be the "final determination."  ECF No. 7-8 at 3, 5.[5]  As of the complaint's filing, that process remained ongoing.  Compl. ¶ 42; ECF No. 7 at 11.[6]

Because Moyar has failed to allege that his eligibility for access to classified information was ever determined under Executive Order 12,968, he has failed to allege he is entitled to any documents or documentation requests "upon which a denial or revocation is based" under Executive Order 12,968.  *See* 60 Fed. Reg. at 40,252.  And as a result, Defendants could not have acted contrary to law in declining to provide Moyar with such documentation.  Thus, Moyar has

---

[5] *See also* DOD Directive 5220.6, Encl. 3 ¶¶ E3.1.7, E3.1.8 (Jan. 2, 1992) ("If the applicant has not requested a hearing . . . , the case shall be assigned to the Administrative Judge for a clearance decision based on the written record."; "If a hearing is requested by the applicant or Department Counsel, the case shall be assigned to the Administrative Judge for a clearance decision based on the hearing record.").

[6] SOCOM's finding, in the post-publication review context, that Moyar's book contained classified information, Compl. ¶ 16, has nothing to do with whether USAID or DCSA later determined Moyar's eligibility to access classified information under Executive Order 12,968.

failed to state a claim under the APA.  His failure to allege any violation of Executive Order 12,968 also means he is not entitled to the relief he seeks under the Mandamus Act, Declaratory Judgment Act, or All Writs Act.[7]  *See* Compl. ¶¶ 49, 56, 67.

Thus, the Court will grant Defendants' motion to dismiss.  Further, because new factual allegations cannot cure the deficiencies in his complaint, the Court's dismissal will be with prejudice.  *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996).[8]

---

[7] "To show entitlement to mandamus, plaintiffs must demonstrate (1) a clear and indisputable right to relief, (2) that the government agency or official is violating a clear duty to act, and (3) that no adequate alternative remedy exists."  *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016); *see* 28 U.S.C. § 1361.  That Moyar has failed to allege any agency action contrary to law, necessarily means he also fails to allege Defendants violated a clear duty to act as required for mandamus relief.  As for the Declaratory Judgment Act and All Writs Act, Moyar concedes that they do not save his claims if the "Court agree[s] with [Defendants] on the APA and mandamus issues," as the Court does.  ECF No. 19 at 12 n.9; *see also C&E Servs., Inc. of Washington v. D.C. Water & Sewer Auth.*, 310 F.3d 197, 201 (D.C. Cir. 2002) (The "availability of [declaratory] relief presupposes the existence of a judicially remediable right." (quoting *Schilling v. Rogers*, 363 U.S. 666, 677 (1960))); *Fresno Cmty. Hosp. & Med. Ctr. v. Cochran*, 987 F.3d 158, 163 (D.C. Cir. 2021) ("[M]andamus [under the All Writs Act] is proper only when there is . . . a 'clear and indisputable' right to relief." (citation omitted)).

[8] Moyar's filings do not suggest that any amendment to the complaint could cure the deficiencies identified by the Court.  Indeed, he concedes that he "never alleged" that USAID or DSCSA "[made] a final decision regarding [his] clearance."  ECF No. 19 at 8.  He also acknowledges that his resignation at USAID "indefinitely delay[ed] a final adjudication of his clearance issues."  *Id.* at 3.  He instead asks the Court to give him leave to "file an amended complaint citing to agency regulations" instead of Executive Order 12,968.  ECF No. 19 at 8 n.5.  But he has identified no regulations that would save his claim, nor is it clear how they could do so.

**IV.   Conclusion**

For the above reasons, the Court will grant Defendants' motion to dismiss for failure to state a claim and for relief from Local Civil Rule 7(n).  A separate order will issue.


/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: March 28, 2023

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

**333 Constitution Avenue, NW**
**Washington, DC 20001-2866**
**Phone: 202-216-7000 | Facsimile: 202-219-8530**

Plaintiff:                    **Moyar**

                vs.                              Civil Action No. **22-478 (TJK)**

Defendant:                    **DOD**

## CIVIL NOTICE OF APPEAL

Notice is hereby given this  21  day of   April   20 23 , that

Mark Moyar

hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from the

judgement of this court entered on the  28  day of   March  , 20 23 , in

favor of Defendants

against said Plaintiff

                                        Kelly B. McClanahan

                                        Attorney or Pro Se Litigant

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be filed within 30 days after the date of entry of judgment or 60 days if the United States or officer or agency is a party)

USCA Form 13
August 2009 (REVISED)