# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 23-5085                                              September Term, 2023

FILED ON: MAY 31, 2024

MARK MOYAR,
        APPELLANT

v.

UNITED STATES DEPARTMENT OF DEFENSE AND UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT,
        APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:22-cv-00478)

Before: MILLETT, KATSAS, and CHILDS, *Circuit Judges*.

### JUDGMENT

This appeal was considered on the briefs and the district-court record. The Court has fully considered the issues and determined that a published opinion is unwarranted. *See* Fed. R. App. P. 36; D.C. Cir. R. 36(d). It is

**ORDERED** that the district court's judgment be **VACATED** and the case **REMANDED** for further proceedings consistent with this opinion.

I

A

Executive Order 12,968 governs access to classified information by federal employees and contractors. It requires individualized eligibility determinations based on considerations such as "loyalty to the United States, strength of character, trustworthiness, honesty, reliability, discretion, and sound judgment." Exec. Order No. 12,968 § 3.1(b), 60 Fed. Reg. 40,245, 40,250 (Aug. 7, 1995). Section 5.2 of the Executive Order requires "review proceedings for denials or revocations of eligibility for access" to classified information. *Id.* § 5.2, 60 Fed. Reg. at 40,252 (cleaned up). Subsection (a)(2) of that provision states that applicants or employees "determined to not meet the standards for access to classified information" must be provided the "documents, records, and reports upon which a denial or revocation is based." *Id.* § 5.2(a)(2), 60 Fed. Reg. at 40,252.

Subsection (c) requires executive agencies to "promulgate regulations to implement" section 5.2, and it explains that these implementing regulations "may provide additional review proceedings beyond those required" by the Executive Order itself. *Id.* § 5.2(c), 60 Fed. Reg. at 40,252. It further states that section 5.2 "creates no procedural or substantive rights." *Id.* More generally, section 7.2 states that the Executive Order "is intended only to improve the internal management of the executive branch and is not intended to, and does not, create any right to administrative or judicial review, or any other right or benefit or trust responsibility, substantive or procedural, enforceable by a party against the United States, its agencies or instrumentalities, its officers or employees, or any other person." *Id.* § 7.2(e), 60 Fed. Reg. at 40,254.

B

Mark Moyar was the Director of the United States Agency for International Development Office of Civilian-Military Cooperation and held security clearances with both USAID and the Department of Defense. In 2019, DoD advised USAID that Moyar had published classified information and that, as a result, the Special Operations Command (SOCOM) had suspended his access to its facilities. In turn, USAID suspended Moyar's clearance pending its further investigation. Moyar then resigned from USAID.

In 2020, Moyar obtained another security clearance from DoD through a private contractor, and he was later appointed to a political position at the agency. The Defense Counterintelligence Security Agency (DCSA), which makes eligibility decisions for DoD, made a "preliminary decision" to revoke Moyar's eligibility for access to certain kinds of classified information. J.A. 31; *see also* J.A. 10–11, 131. The decision rested in part on the earlier charge that Moyar had published classified information and on USAID's ensuing suspension of his clearance. Because he was then a political appointee, Moyar left DoD in January 2021.

In February 2021, the private contractor again sponsored Moyar for a clearance. In December 2021, DCSA made a "preliminary determination" not to grant him access to classified information, for largely the same reasons supporting its preliminary revocation in 2020. J.A. 79. DCSA gave Moyar the opportunity to respond and to request a hearing before an administrative judge. DCSA stopped processing the renewed clearance request after learning that Moyar no longer worked for the contractor that had sponsored the request.

Throughout these proceedings, Moyar has sought records supporting the various clearance decisions. DCSA has provided Moyar with records that it created in connection with its 2020 and 2021 decisions. However, DCSA has declined to provide Moyar with records created by SOCOM, other DoD components, or USAID. Likewise, it has declined to request records from those other entities, assertedly because DCSA had not relied on those documents. USAID has declined to provide Moyar with the records underlying its 2019 decision. USAID claimed that, because Moyar had resigned from USAID, it never made a final decision to revoke Moyar's clearance, and that section 5.2 of Executive Order 12,968 therefore did not apply.

C

Moyar sued DoD and USAID to obtain the disputed records. The complaint invoked section 5.2 of the Executive Order as the source of his alleged entitlement to the documents. The complaint asserted claims under the Administrative Procedure Act and the Mandamus Act.

The government filed a motion to dismiss. It argued that the Executive Order is not judicially enforceable, that there was no final agency action reviewable through the APA, and that mandamus was not an appropriate vehicle for obtaining review. Opposing the motion, Moyar disputed these points. He further argued that, if the Executive Order were held not judicially enforceable, he should be granted leave to file an amended complaint invoking implementing regulations instead of the Executive Order.

To supplement its motion to dismiss, the government attached a declaration by Torrance Jones, who provided further information about how DCSA had made its relevant decisions. Moyar moved to strike this declaration.

The district court denied the motion to strike, granted the motion to dismiss, and made the dismissal with prejudice. On the merits, the court assumed that Executive Order 12,698 is judicially enforceable, despite "good reasons to think otherwise." J.A. 135 n.4. But it held that the decisions under review were too preliminary to qualify as "determin[ations]" under section 5.2(a)(2). *Id.* at 135. The court dismissed with prejudice based on its view that an amended complaint could not "cure the deficiencies" it had identified. *Id.* at 139. The court acknowledged Moyar's request to file an amended complaint invoking implementing regulations, but it faulted Moyar for failing to identify specific "regulations that would save his claim." *Id.* at 139 n.8.

Moyar appealed. We have jurisdiction under 28 U.S.C. § 1291.

II

We review *de novo* the dismissal of a complaint for failure to state a claim, *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023), and we review a decision to dismiss with prejudice for abuse of discretion, *Cohen v. Bd. of Trs.*, 819 F.3d 476, 479, 484 (D.C. Cir. 2016). When evaluating the merits of a dismissal, we may consider any ground preserved in the district court. *See United States ex rel. Heath v. AT&T, Inc.*, 791 F.3d 112, 123 (D.C. Cir. 2015). If a district court inadequately explains the decision to make a dismissal with prejudice, we may vacate the judgment and remand with instructions to further explain the decision or else to dismiss without prejudice. *See, e.g.*, *Belizan v. Hershon*, 434 F.3d 579, 583–84 (D.C. Cir. 2006); *Confederate Mem'l Ass'n v. Hines*, 995 F.2d 295, 300–01 (D.C. Cir. 1993).

III

A

Moyar contends that the district court erroneously (1) dismissed the complaint based on an argument not raised in the motion to dismiss and (2) failed to strike the Jones Declaration. The

government responds that dismissal was proper because the Executive Order creates no judicially enforceable rights. Taking the complaint as pleaded, we agree with the government.

The complaint rests entirely on section 5.2 of the Executive Order. But section 5.2 unambiguously says that "[t]his section … creates no procedural or substantive rights." Exec. Order No. 12,968 § 5.2(c), 60 Fed. Reg. at 40,252. Moreover, section 7.2(e) states that the entire Executive Order governs only "the internal management of the executive branch" and creates no "right to administrative or judicial review" enforceable against the government. *Id.* § 7.2(e), 60 Fed. Reg. at 40,254.

When an executive order states that "its purpose was only for internal management and that it created no private rights," agency compliance with the order is "not … subject to judicial review." *Meyer v. Bush*, 981 F.2d 1288, 1296 n.8 (D.C. Cir. 1993). "Such orders simply serve as presidential directives to agency officials to consider certain policies when making regulatory decisions. They do not create free-standing private rights to enforce such policies because an executive order is not 'law' within the meaning of the Constitution or the APA." *California v. EPA*, 72 F.4th 308, 318 (D.C. Cir. 2023). Under these principles, Executive Order 12,968 creates no judicially enforceable rights—as one of our sister circuits has summarily concluded. *Romero v. DoD*, 527 F.3d 1324, 1330 n.1 (Fed. Cir. 2008).

Moyar's counterarguments are unavailing. He contends that the question of judicial enforceability is not properly before us because the district court did not reach it. But the government pressed that issue below and here, and we may affirm based on any ground preserved below and supported by the record. *See AT&T, Inc.*, 791 F.3d at 123. Moyar further invokes the APA and mandamus. We have already rejected attempts to enforce internal-management executive orders through the APA, *see Air Transp. Ass'n of Am. v. FAA*, 169 F.3d 1, 8–9 (D.C. Cir. 1999), and enforcement through mandamus is no different. The fundamental problem with Moyar's complaint is not the lack of a cause of action, which the APA or mandamus might provide—although we do not prejudge that question. *Cf. Haleem v. DoD*, 1:23-cv-1471, 2024 WL 230289, at *13–14 (D.D.C. Jan. 22, 2024) (holding that a similar claim could not be brought under the APA). The problem is that, on the merits, Moyar has failed to allege the violation of any judicially enforceable right.

Because the Executive Order creates no judicially enforceable rights, we need not address Moyar's principal arguments. In particular, we do not consider whether the clearance decisions under review were determinations within the meaning of section 5.2(a)(2) or whether the district court properly reached out to decide that unbriefed issue. Likewise, we do not decide whether the court permissibly declined to strike the Jones Declaration, which has no bearing on the question whether the Executive Order is judicially enforceable.

B

Moyar contends that the district court, rather than dismissing with prejudice, should have allowed him to amend his complaint to invoke agency regulations implementing the Executive Order. We hold that the court did not adequately explain its decision to make the dismissal with prejudice, so we remand for the court to further explain its decision or to dismiss without prejudice.

The standard for dismissal with prejudice "is high"—it is appropriate only if an amended pleading "'could not possibly cure the deficiency'" warranting dismissal in the first place. *Belizan*, 434 F.3d at 583 (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996)). By its terms, section 5.2 requires agencies to promulgate implementing regulations, which "may provide additional review proceedings beyond those required" by section 5.2 itself. Exec. Order 12,968 § 5.2(c), 60 Fed. Reg. at 40,252. So, the fact that the Executive Order itself is not judicially enforceable says nothing about whether agency implementing regulations are judicially enforceable. Likewise, the fact that the decisions under review may not be determinations within the meaning of the Executive Order (a question we do not reach) says nothing about whether implementing regulations may cover decisions like the ones under review and, if they do, whether there is some cause of action to redress any regulatory violations.

The district court stated that an amended complaint "cannot cure the deficiencies" in the current one, and it faulted Moyar for not identifying what specific implementing regulations an amended complaint might invoke. J.A. 139 & n.8. But the record identified a possibly relevant implementing regulation, DoD Directive 5220.6, which governs clearance reviews for employees of government contractors. And the district court itself cited to and quoted from that directive. *See id.* at 138 n.5. Section 6.1 of the DoD Directive references DoD Manual 5200.02, which governs clearance reviews for agency personnel.[1] And section 10.2(b)(2) of the DoD Manual states that individuals seeking clearances have a "right" to request the records "upon which the unfavorable national security determination was made." We do not prejudge the question whether this "right" extends to the decisions under review or, if it does, whether it is enforceable through the APA or mandamus. But because the district court failed to address that question, we hold that its futility analysis was incomplete, and its decision to dismiss the complaint with prejudice was premature.

For these reasons, we vacate the district court's judgment and remand the case for further proceedings or explanation. In particular, the district court should either elaborate on its reasons for dismissing this case with prejudice or else make the dismissal without prejudice. *See Belizan*, 434 F.3d at 584; *Confederate Mem'l*, 995 F.2d at 301. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**<u>Per Curiam</u>**

                                **FOR THE COURT:**
                                Mark J. Langer, Clerk

BY:   /s/
        Daniel J. Reidy
        Deputy Clerk

---

[1] Section 6.1 of the DoD Directive references a document titled "DoD 5200.2-R," which was superseded by DoD Manual 5200.02.